**JUDGE'S COPY**



### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES ISELEY, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | No. 1:00-CV-00577 |
| | : | (Judge Kane) |
| W. CONWAY BUSHEY, et al., | : | |
| | : | |
| Defendants | : | |



## DEFENDANTS' ANSWER

Defendants, Conway Bushey, Robert Myers, Terry Whitman, Gregory Gaertner, Sam Mazzotta, Sara Craig, Charles Mitchell, Gregory Tressler, David Wakefield, Martin Horn and Robert Bitner, Martin Dragovich, Carol Dotter, Kermit Breon, Robert Novotney J. Kevin Kane, Kerry Dennison, Thomas Chesney, Marva Cerullo, Richard Spaide, Robert Yarnell, Sally Gennarini, James Unell, John Corbacio, Thomas Hornung, Brenda Wildenstein, Michael Youron, John Eichenberger, Jerome Fryzel, Gerald Gavin, Lawrence Mahally, Bernie Birosaki, Steve Peek, Robert Mackreth, Brian Dropinsky, Jason Grow, by their attorneys, hereby answer the complaint as follows:

### FIRST DEFENSE

**JURISDICTION**

1. This paragraph contains conclusions of law to which no response is required. To the extent it is deemed factual, it is **DENIED**.

**PLAINTIFF**

2.  **DENIED.** It is **ADMITTED** that plaintiff is in the custody of the Pennsylvania Department of Corrections ("DOC") and that at all times relevant to the complaint was incarcerated in the State Correctional Institution at Rockview ("SCI-Rockview") or the State Correctional Institution Mahanoy.("SCI-Mahanoy"). Plaintiff is currently incarcerated at SCI-Coal Township.

**DEFENDANTS**

3.  **DENIED.** It is **ADMITTED** that at the time of the events alleged in the complaint, Conway Bushey was the secretary of the Pennsylvania Board of Probation and Parole. It is DENIED that Conway Bushey currently holds the position of Board Secretary. Mr. Bushey currently is the Director of Grants and Standards Division of the Pennsylvania Board of Probation and Parole.

4-6. After a reasonable investigation, defendants are without sufficient knowledge or information to form a belief as to who at the Pennsylvania Board of Probation and Parole plaintiff is referring to as Jane Doe or Mike Moe or where they can be located; therefore, these paragraphs are **DENIED**.

7.  **DENIED. ADMITTED** that Robert Myers is the Superintendent of the State Correctional Institution at Rockview.

8.  **DENIED. ADMITTED** that Terry Whitman is the Deputy Superintendent for Centralized Services at SCI-Rockview.

9.  **DENIED. ADMITTED** that all times relevant to the complaint Gregory Gaertner was employed at SCI-Mahanoy. Mr. Gaertner is currently the Correction Classification Program Manager at SCI-Rockview.

10.     **DENIED**. **ADMITTED** that at all times relevant to the allegations in the complaint, Samuel Mazzotta was the grievance coordinator. Mr. Mazzotta is no longer the grievance coordinator at SCI-Rockview.

11-13. **ADMITTED**.

14.     **DENIED**. **ADMITTED** that David Wakefield is the Deputy Superintendent for Management Services at the SCI- at Rockview.

15.     **ADMITTED**.

16-17- 17(a).[1] **ADMITTED**.

18.     **DENIED**.  **ADMITTED** that at all times relevant to the allegations in the complaint, Martin Dragovich was the Superintendent at SCI-Mahanoy, and that he is currently the Superintendent at the State Correctional Institution at Camp Hill.

19. -21. **ADMITTED**.

22.     **DENIED**. **ADMITTED** that at all times relevant to the allegations in the complaint, Robert Novotney was a Deputy Superintendent at SCI-Mahanoy. And that he is currently the Deputy Superintendent at SCI- Camp Hill.

23. -26. **ADMITTED**.

27.     **ADMITTED**. By way of further response, Mr. Yarnell is the Food Services Manager at SCI-Mahanoy.

28.     **ADMITTED**.

---

[1] Plaintiff has two paragraphs number 17. For the purposes of clarity, defendants will address the second paragraph numbered 17 as 17 (a).

29.   **ADMITTED.** By way of further response, Mr. Unell is the Correction Classification Manger at SCI-Mahanoy.

30.   **DENIED.** John Corbacio is the Activities Manager at SCI-Mahanoy.

31.-32. **ADMITTED.**

33.   **ADMITTED.** By way of further response, Michael Youron is the Psychologist Services Supervisor.

34.   **DENIED. ADMITTED** that at all times relevant to the allegations in the complaint, John Eichenberg was employed at SCI-Mahanoy and that he is currently employed at the State Correctional Institution at Graterford.

35.   **DENIED. ADMITTED** that at all times relevant to the allegations in the complaint, Jerome Fryzel was employed at SCI-Mahanoy. and that he is currently employed at the State Correctional Institution at Graterford.

36.-37. **ADMITTED.**

38.   After a reasonable investigation, defendants are without sufficient knowledge or information to form a belief as to who at SCI-Mahanoy plaintiff is referring to as Fred Foe, prison guard of the rank of lieutenant; therefore, this paragraph is **DENIED**.

39.   **ADMITTED.**

40.   After a reasonable investigation, defendants are without sufficient knowledge or information to form a belief as to who at SCI-Mahanoy plaintiff is referring to as Harry Hoe, prison guard of the rank of sergeant; therefore, this paragraph is **DENIED**.

41.   **ADMITTED.**

42. **DENIED. ADMITTED** that at all times relevant to the allegations in the complaint, Robert MacKreth was employed at SCI-Mahanoy.and that he is currently employed at the State Correctional Institution at Waymart.

43. **ADMITTED.**

44-45. **DENIED.**

46.-47. **ADMITTED.**

48. This paragraph contains a conclusion of law to which no response is required. To the extent that is deemed factual, it is **DENIED.**

**FACTS**

49. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that plaintiff has filed legal actions against numerous DOC employees including those at Green, Graterford, Camp Hill and Rockview. After a reasonable investigation, defendants are without sufficient knowledge or information to form a belief as to the remaining allegation in this paragraph; therefore it is **DENIED**.

50. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that plaintiff was transferred to SCI-Rockview on July 2, 1997. The remaining allegations contained in this paragraph are **DENIED.**

51-53. **DENIED.**

54. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that while at Rockview, plaintiff's prescriptive program plan recommended educational and vocational programming, drug and alcohol programming and therapeutic community unit programming. The plans also recommended that plaintiff remain misconduct free and maintain contact with his counselor.

55. After a reasonable investigation, defendants are without sufficient knowledge or information to form a belief as to the time period plaintiff is referring to in this paragraph; therefore, the paragraph is **DENIED**.

56. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that plaintiff had not received a misconduct for controlled substances during the time relevant to the complaint. After a reasonable investigation, defendants are without sufficient knowledge or information to form a belief as to the nature plaintiff's criminal charges or if he has ever tested positive for drugs; therefore, the remaining allegations in this paragraph are **DENIED**.

57. After a reasonable investigation, defendants are without sufficient knowledge or information to form a belief as to the time period plaintiff is referring to in this paragraph; therefore, the paragraph is **DENIED**.

58. After a reasonable investigation, defendants are without sufficient knowledge or information to form a belief as to what institution or time period plaintiff is referring to in this paragraph; therefore, the paragraph is **DENIED**.

59. This paragraph contains conclusions of law to which no response is required. To the extent it is deemed factual, it is **DENIED**.

60. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that on August 26, 1998, at approximately 6:00 p.m., plaintiff was placed in Administrative Custody pending an investigation pf possible involvement of a fight and that the two other inmates who were placed in administrative custody were black. The remaining allegations contained in this paragraph are **DENIED**.

61. After a reasonable investigation, defendants are without sufficient knowledge or information to form a belief as to who plaintiff is referring to in this paragraph; therefore, this paragraph is **DENIED**.

62. After a reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph; therefore, it is **DENIED**.

63. **ADMITTED**.

64. After a reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph; therefore, it is **DENIED**.

65. **DENIED**. It is **ADMITTED** that plaintiff received the misconduct report at 10:30 a.m. and that hearing examiner Mitchell held a Reliability Hearing, in camera, at 11:20 a.m. on August 31, 1999.

66. This paragraph contains conclusions of law to which no response is required. To the extent it is deemed factual, it is **DENIED**.

67. It is **ADMITTED** that the plaintiff was not present at the Reliability Hearing held, in camera, on August 31, 1998. After a reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to when plaintiff was aware of the Reliability Hearing; therefore, the remaining allegations are **DENIED**.

68. **DENIED**.

69. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that plaintiff had a misconduct hearing on September 2, 1998. The remaining allegations contained in this paragraph are **DENIED**.

70. After a reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph; therefore, it is **DENIED.**

71. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that plaintiff's misconduct hearing was continued to September 3, 1998. The remaining allegations contained in this paragraph are **DENIED**.

72. **DENIED**.

73. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that plaintiff was found guilty and sanctioned to 90 days in the Restricted Housing Unit. The remaining allegations in this paragraph are **DENIED**.

74-76. **DENIED**.

77. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that the victim did not receive a misconduct. The remaining allegations in this paragraph are **DENIED**.

78. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that defendant Mitchell was once a correctional officer. The remaining allegations in this paragraph are **DENIED**.

79.-80. **DENIED**.

81. **DENIED**. Varner is not a named defendant in this lawsuit; therefore, no response is required. In the event that plaintiff is alleging that the transfer to SCI-Rockview was retaliatory for plaintiff filing legal actions and prison grievances, it is **DENIED**.

82. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that plaintiff was transferred from SCI- Rockview to SCI- Mahanoy in December of 1998. The remaining allegations in this paragraph are **DENIED**.

83-86. **DENIED**.

87. After a reasonable investigation, answering defendants are without sufficient knowledge or information sufficient to answer whether plaintiff did nor did not work on December 11, 12, 13, 1998. By way of further response, plaintiff was not authorized to work during this period. Therefore, the allegations in this paragraph are **DENIED**.

88. **DENIED**.

89. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that plaintiff filed a grievance with Carol Dotter regarding a job. The remaining allegations in this paragraph are **DENIED**.

90.-91. **DENIED**.

92. **ADMITTED**.

93.-94. **DENIED**.

95. **DENIED**. **ADMITTED** that plaintiff received a misconduct on December 14, 1998 for Refusing to Obey and Order and Using Abusive or Obscene Language to an Employee. The remaining allegations in this paragraph are **DENIED**.

96. **DENIED**.

97. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that plaintiff had a disciplinary hearing on December 16, 1998 before hearing examiner Breon. The remaining allegations contained in this paragraph are **DENIED**.

98-101. **DENIED.**

102. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that plaintiff was sanctioned to thirty days in disciplinary custody for Refusing to Obey an Order. The remaining allegations contained in this paragraph are **DENIED.**

103.-108. **DENIED.**

109. After a reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph; therefore, it is **DENIED.**

110.-112. **DENIED.**

113. **ADMITTED.**

114. **DENIED.**

115. **ADMITTED** in part and **DENIED** in part. **ADMITTED** that in January, 1999, plaintiff was placed on grievance restriction. The remaining allegations contained in the is paragraph are **DENIED.**

116. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that on December 17, 1998, Mr. Dennison presented a mental health informed consent document to plaintiff for his signature. The remaining allegations contained in this paragraph are **DENIED.**

117. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that pursuant to the Austin Litigation, inmates are required to sign a mental health informed consent document before psychological evaluation. The remaining allegations contained this paragraph are **DENIED.**

118.- 119. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that plaintiff signed the consent form. After a reasonable investigation, answering defendants are without

sufficient knowledge or information to form a belief as to why the plaintiff signed the form; therefore, the remaining allegations contained in this paragraph are it is **DENIED.**

120.-125.   **DENIED.**

126.   After a reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph; therefore, it is **DENIED.**

127.   **DENIED.**

128.   This paragraph contains conclusions of law to which no response is required. In the event it is deemed factual, it is **DENIED.**

129.   **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that plaintiff was interviewed by Jason Grow in February, 1999. The remaining allegations contained this paragraph are **DENIED**

130.-134.   After a reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are **DENIED.**

135.-139.   **DENIED.**

140.-141.   Answering defendants are without sufficient knowledge or information to form a belief as to what plaintiff believed was missing from his personal property when he was released from the Restricted Housing Unit; therefore, this paragraph is **DENIED.**

142-143.   **DENIED.**

144.   **ADMITTED.**

145.-146.   **DENIED.**

147.    After a reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph; therefore, it is **DENIED.**

148.    **DENIED.**

149.    **ADMITTED.**

150.    **DENIED.**

151.    After a reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph; therefore, it is **DENIED.**

152.    **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that in February, 1999, plaintiff ordered a pair of prescriptive eyeglasses. The remaining allegations contained in this paragraph are **DENIED.**

153.    **DENIED.**

154.    After a reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph; therefore, it is **DENIED.**

155.    **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that on April 15, 1999, plaintiff's guitar bag was confiscated. The remaining allegations contained in this paragraph are **DENIED.**

156-157.   **DENIED.**

158.    **ADMITTED** that in January, 1999, plaintiff purchased a radio from the institution's store.

159. Answering defendants are without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph concerning the what type of radio plaintiff wanted; therefore, it is **DENIED.**

160.-161. **DENIED.**

162. **DENIED.**

163. **ADMITTED.**

164. **DENIED.**

165. **ADMITTED**

166. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that a safety and security check was conducted on plaintiff's cell was searched on August 27, 1999, by officer Dropinsky. The remaining allegations contained in this paragraph are **DENIED.**

167.-168. **DENIED.**

169. After a reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph; therefore, it is **DENIED.**

170. **DENIED.**

171. **DENIED.**

172. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that on August 30, 1999, plaintiff had a disciplinary hearing before hearing examiner Kane. The remaining allegations contained in this paragraph are **DENIED.**

173-174. **DENIED.**

175. Answering defendants are without sufficient knowledge or information to form a belief as to what plaintiff believed was missing from his personal property when he was released from the Restricted Housing Unit; therefore, this paragraph is **DENIED.**

176. **DENIED.**

177-178. Answering defendants are without sufficient knowledge or information to form a belief as to what plaintiff believed was missing from his personal property when he was released from the Restricted Housing Unit; therefore, this paragraph is **DENIED.**

179. **DENIED.**

180.-182. These numbered paragraphs contain conclusion of law to which no response is required. In the event they are deemed factual, they are **DENIED.**

183. **ADMITTED.**

184-192. These numbered paragraphs contain conclusion of law to which no response is required. In the even t they are deemed factual, they are **DENIED.**

## SECOND DEFENSE

The complaint fails to state a claim for which relief can be granted.

## THIRD DEFENSE

This action is barred in part by the statute of limitations.

## FOURTH DEFENSE

At no time have the defendants, either individually or in concert with other, deprived or sought to deprive plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

## FIFTH DEFENSE

At all material times, defendants acted with a reasonable good faith belief in the lawfulness of their actions and are entitled to immunity.

## SIXTH DEFENSE

Plaintiff is entitled to no relief, whether compensatory, declarative, injunctive, punitive or otherwise.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

By: /s/ Maryanne M. Lewis

MARYANNE M. LEWIS
Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

Office of Attorney General
15th Flr., Strawberry Sq.
Harrisburg, PA  17120
FAX:  (717) 772-4526
Direct Dial:  (717) 787-9719
DATE:  May 30, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES ISELEY, | : |
| Plaintiff | : |
| v. | : No. 1:00-CV-00577 |
| | : (Judge Kane) |
| W. CONWAY BUSHEY, et al., | : |
| Defendants | : |

### CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Answer, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Charles Iseley, #AM-9320
SCI-Coal Township
1 Kelley Drive
Coal Township, PA  17866-1020

MARYANNE M. LEWIS
DEPUTY ATTORNEY GENERAL

DATE:  May 30, 2000