JUDGE'S COPY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,                    :
                                   :
    Plaintiff               :
                                   :
    v.                      :     No. 1:00-CV-00577
                                   :     (Judge Kane)
W. CONWAY BUSHEY, et al.,          :
                                   :
    Defendants               :

FILED
HARRISBURG, PA

JUN 0 9 2000

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## DOCUMENTS IN SUPPORT OF
## MOTION FOR ENLARGEMENT OF TIME

Respectfully submitted,

D. MICHAEL FISHER
**Attorney General**

By:   MARYANNE M. LEWIS
      **Deputy Attorney General**

      SUSAN J. FORNEY
      **Chief Deputy Attorney General**
      **Chief, Litigation Section**

Office of Attorney General
15th Flr., Strawberry Sq.
Harrisburg, PA 17120
FAX: (717) 772-4526
Direct Dial: (717) 787-9719
DATE: June 9, 2000

# TABLE OF CONTENTS

Exhibit  A  -  Iseley letter date May 8, 2000

Exhibit B  -  Carol Dotter's Declaration, dated June 8, 2000

Exhibit C  -  Deputy Attorney General Lewis' letter to Iseley dated May 9, 2000

Exhibit D  -  Iseley's letter dated May 16, 2000

Exhibit E  -  Motion for Adequate Access to Courts, and Supporting Brief

Exhibit F  _  Deputy Attorney General Lewis' Letter to Iseley dated June 9, 2000

**Exhibit "A"**

Re: Iseley v Bushey
    1:00-CV-00577

Charles Iseley
AM-9320, 1 Kelley Dr.
Coal Twshp., PA 17866

Maryanne Lewis, dep atty. gen.
Office of Atty. Gen.
15th Floor, Strawberry Sq
Harrisburg, PA 17120

20000504

Dear Ms. Lewis:

Please be aware of my new address, as noted above, and dispatch any and all future communications/documents to same.

Moreover, I was transferred from Mahanoy prison to Coal prison nearly two months ago but have yet to receive my property, which includes all of my legal material, among other things. Property is usually mailed within two or three days but some of your clients utterly refuse to send my property in retaliation for my exercising my constitutional rights.

Consequently, I would greatly appreciate it if you would be kind enough to contact Mahanoy prison or any of the upper echelon DOC employees and arrange for my property to be sent to me forthwith and cease such petty retaliation.

Thank you for your anticipated cooperation.

Sincerely,

Charles Iseley

**Exhibit "B"**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,          :

                  :

     Plaintiff        :

                  :

     v.             :     No. 1:00-CV-00577

                  :     (Judge Kane)

W. CONWAY BUSHEY, et al.,   :

                  :

     Defendants     :

### UNSWORN DECLARATION OF CAROL DOTTER

I, **Carol Dotter**, hereby declare under the penalty of perjury that the following statements are true and correct and based upon my personal knowledge.

1.    I have been employed by the Pennsylvania Department of Corrections (hereinafter the "Department" ) since August 1987.

2.    I have been employed in the capacity of Assistant to the Superintendent at the State Correctional Institution at Mahanoy, ("SCI-Mahanoy") since March 1993. In that capacity, I have access to all records maintained by the institution in the course of regularly conducted business.

3.    As Assistant to the Superintendent, I am familiar with the standard operating policies and procedures followed at SCI-Mahanoy and the Department. I also serve as the litigation coordinator between the institution and the Pennsylvania Office of Attorney General.

4.    Under the Department policy, an inmate may ship two boxes on the bus/van. These boxes are transported along with the inmate on the bus/van that is transporting the inmate to the receiving institution. The inmate has the responsibility to select the property he wishes to be shipped with him. The two boxes limit is because of the limited space available on the bus/van. Inmates are permitted one additional box beyond the two box limit to transport a television set.

5.    Exceptions to the number of boxes is not permitted. The inmate is permitted to ship the additional boxes of his excess property by the least expensive common carrier available to the receiving institution or to an address outside the prison system chosen by the inmate at the inmate's expense.

6.    Inmates are required to be financially responsible for the costs incurred for shipping excess property from one institution to another by common carrier. It would be financially burdensome to require SCI-Mahanoy to incur the cost of shipping excess property of 2000 inmates incarcerated at the institution each time an inmate is transferred from the institution.

7.    I am familiar with Charles Iseley, AM 9320 ("Iseley").

8.    On March 14, 2000. Iseley was transferred from SCI-Mahanoy to the State Correctional Institution at Coal Township ("SCI-Coal Township").

9.    Iseley's property which exceeded the permitted amount was inventoried and packaged for storage in the storage room at SCI-Mahanoy because Iseley had insufficient funds to pay for shipping the property to SCI-Coal Township at the time of his transfer.

10.    Because of complaints Iseley made in his federal litigation regarding his excess property, on May 8, 2000, Deputy Attorney General, Maryanne Lewis, contacted me and requested that I verify the status of Iseley's property held in storage at SCI-Mahanoy and whether Iseley completed a cash slip to send the property to SCI-Coal Township.

11.    I contacted the property room on May 8, 2000 and spoke to Sgt. McGrady, who informed me that Iseley had approximately 10 boxes in storage, and that the boxes were not shipped because he had not paid to have them shipped. Sgt. McGrady informed me that a cash slip would be

-2-

needed to ship the boxes to Iseley at SCI-Mahanoy.  No cash slip was located among the boxes at that time.

12.    I then checked the inmate accounting system and learned that Iseley's boxes were not shipped to him because at the time of his transfer his account contained insufficient funds. I also verified that no deduction for the boxes had been made to Iseley's account for the boxes.

13.    I contacted Ms. Lewis and informed her that Iseley's account did not reflect that he was charged for the shipment of his boxes. Although Iseley claimed he had previously submitted a cash slip, I suggested that if he would reissue another cash slip and send it to my attention, I would personally make certain that the boxes would be sent to him.

14.    Ms. Lewis informed me that she would notify Iseley in writing that he needed to submit a cash slip to pay for the shipment of the boxes.  (See letter dated May 9, 2000 address to Iseley , attached as Exhibit "A" ).

15.    Since the date of her letter, Ms. Lewis has called me numerous times to inquire if I had received a cash slip from Iseley. To date, I have not received a cash slip from Iseley.

16.    On June 6, 2000. Ms. Lewis contacted me concerning receipt of Iseley cash slip. She also requested that I again check with the property room to see if any cash slips of Iseley could be located.

17.    On June 7, 2000, I was informed by Sgt. Arthur Meyers that a cash slip signed by Iseley dated March 13, 2000 was found under the third box of his eleven boxes of excess property. Apparently, the cash slip was not visible nor kept in the ordinary course and prevented its initial detection by prison officials.

18.     I immediately informed Ms. Lewis that a cash slip dated March 13, 2000 had been located, and that Iseley's inmate account currently had sufficient funds to pay for the postage of the boxes.

19.     Ms. Lewis directed that Iseley's property be sent to him at SCI-Coal Township as soon as possible.

20.     Thereafter, I contacted the property room and directed that they prepare Iseley's boxes for shipment and notified the mail room that the boxes were to be sent to Iseley at SCI-Coal Township and that the shipping amount should be deducted from his inmate account.

21.     Iseley property was mailed to him at SCI-Coal from SCI-Mahanoy on June 8, 2000.

6/8/00
**DATE**

*Carol Dotter*
**CAROL DOTTER**
**Assistant to the Superintendent**

**Exhibit "C"**



COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

**May 9, 2000**

MIKE FISHER
ATTORNEY GENERAL

15th Floor, Strawberry Sq.
Harrisburg, PA 17120
DIRECT DIAL: (717) 787-9719
FAX: (717) 772-4526

Charles Iseley, #AM-9320
SCI-Coal Township
1 Kelley Drive
Coal Township, PA 17866

Re:   <u>Iseley v. Bushey</u>,
      No. 1:00-CV-00577

Dear Mr. Iseley:

Please be advised that I spoke with the assistant to the superintendent at SCI-Mahanoy concerning your property. Accordingly to their records, 10 boxes of property were not mailed to you at SCI-Coal Township because at the time of your transfer you had inadequate funds in your inmate account. To date, no payment has been made to mail these boxes.

If you wish to have the boxes mailed to you at SCI-Coal Township, you must send a cash slip to SCI-Mahanoy in the amount of $58.59. This cash slip may be sent directly to Carol Dotter, Assistant to the Superintendent, SCI-Mahanoy, 301 Morea Road, Fackville, PA 17932.

Sincerely yours,

Maryanne M. Lewis
Deputy Attorney General

MML/ld

cc:   Charles Iseley, Sr.
      Carol Dotter

**Exhibit "D"**

Re: Iseley v. Bushey                          Charles Iseley
    1:00-CV-00577                             AM-9320, 1 Kelly Drive
                                              Coal Twshp., PA 17866


Maryanne Lewis, dep. atty. gen.
Off. of Atty. Gen.                            2C000512
15th Floor, Strawberry Sq.
Harrisburg, PA 17120


Dear Ms. Lewis:

        I am in receipt of your letter to me concerning the
withholding of my property and advising me to send a cash slip
to your client, Dotter, for my property, and am responding to same.
        Firstly, I believe that you should be made aware that you
were lied to, which is quite clear when you take into consider-
ation the following <u>facts</u>:

        1. I filled out a cash slip <u>prior</u> to my transfer and which
they could still utilize <u>now</u> as was illustrated during trial in the
western district court where your office represented the DOC defendants
and they testified that it is their policy to take up to a year before
acting on a cash slip (almost a year was actually taken on the facts of
that case where SCI-Greene deleted funds from my account many months
<u>after</u> my transfer). However, my property was mailed a few days later.
        2. DOC policy is to place my account in the red for transfer
shipping costs if I had insufficient funds on my prison account.
This is what occurred when I was transferred to Mahanoy <u>from</u>
Rockview and easily verified via my account records. You may
easily verify the correct/truthful/honest ~~~~ statement of said
policy by contacting my counselor here at SCI-Coal, Mr. Hughes,
who personally spoke to SCI-Mahanoy and was told a month ago that
my property would be sent in a few days. Of course, he was lied to.

3. Other SCI-Coal personnel have contacted Mahanoy and told my property would be sent. Again, you may contact my counselor, Hughes, to verify the utter veracity of my words.

4. I have already sent several grievances/communications to the warden at Mahanoy and your clients Dotter, Birosak, Horn and Bitner but have yet to receive any response.

Secondly, despite the above, I am sending another cash slip this date as advised by you to your client, Dotter. I do this to so as not to give you an excuse to blame me for the denial of my property.

Lastly, in light of the above, you are now cognizant of the fact that your clients are actively and intentionally withholding my legal material and ergo blatantly violating my allegedly established constitutional rights and I wish to know whether you will now arrange to have my property forwarded to me forthwith since you are utterly barring me from adequate access to the courts by supporting your clients if you do nothing.

If I do not receive my property by the twenty-second I will petition the court to intervene.

Please notify me of your decision.

Sincerely,

Charlie Clasey

**Exhibit "E"**

In the United States District Court
for the Middle District of Pennsylvania

CHARLES ISELEY,
    Plaintiff,

    v.

R. CONWAY BUSHEY, et al.,
    Defendants.

:
:
:  Civil Action No.
:  1:CV-00-0577
:
:

MOTION FOR ADEQUATE ACCESS TO COURTS

Plaintiff, Charles Iseley, respectfully requests the court for an order directing defendants Horn, Bitner, Dittes, Brueck and Park to permit him access to his legal material for the reasons set forth in the accompanying brief in support of this motion.

Date: May 22, 2000

Respectfully submitted,

Charles Iseley
Charles Iseley
AM-9310, 1 Kelley Dr
Coal Twp PA 17866

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT PENNSYLVANIA

CHARLES L--Y
Plaintiff,

v.

Th CONWAY BUSHEY, et al,
Defendants.

: Civil Action No.
: 1:00-CV-00577

TITLE IN SUPPORT OF MOTION OF ADEQUATE ACCESS TO COURT

As documented in plaintiff's attached affidavit, the
defendants have been deliberately withholding his personal
property in order to bar him access to his legal material,
despite the fact that he allegedly has a right to access to
his legal material and to not be retaliated against for exercising
his rights.

The withholding of plaintiff's property in retaliation
to his filing the instant action and others has been going
on for months now and plaintiff has done everything in his
power to resolve the problem, to no avail.

Plaintiff is proceeding pro se and obviously has been utterly
barred from prosecuting this case because of the defendants' actions
against him and has further been barred from doing any research
or self-representation in numerous other legal actions, as well
as the instant action.

## Conclusion

Wherefore, the court should grant plaintiff's motion and issue an order directing the pertinent defendants to send him his property, including his legal material, forthwith.

Date: May 31, 2000

Respectfully submitted,

Charles Insley
Charles Insley
inm-9330, 1 Kelly Dr
Coal Twshp., PA 17866

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISBEY,
    Plaintiff
      v.

W. Gregory DICKEY, et al,
    Defendants

: Civil Action No.
: 1:00-CV-00577

## AFFIDAVIT

I, Charles Isbey, hereby state under the penalty of perjury that the following is true and correct:

1. Approximately on ~~Oct. 14~~ March 14, 2000, I was transferred from Mahanoy prison to Coal prison. Prior to the transfer I filled out a cash slip to have my personal property (including legal material) sent to Coal via mail.

2. The processing of my property was done by defendants Buresak and Peck who informed me that I would be lucky if I ever got any of my property at all.

3. The shipping of property for a transfer of a prisoner usually takes a few days. However, it has now been a few months and I have yet to receive my property.

4. During the interim, while at Coal prison, I sent a prison grievance to defendant Dittles and when the grievance was received I sent a letter to the warden at Mahanoy prison concerning the issuing of my grievance but I never received a response from him.

5. I subsequently sent grievances to defendants Bitner and Horn who had authority to resolve the problem but they refused to assist ~~———~~ me.

6. I also had my family call Mahoney prison that my property and they were told it would be sent but it was not.

7. I also had local prison employees call up Mahoney about my property and they were told it would be sent but it was not.

8. I also contacted the defendants' attorney, Lewis, who informed me that she was told that my property wasn't sent because I had insufficient funds on my account at the time of my transfer and that I must send a cash slip to defendant Bitner to get my property.

9. Of course, Lewis lied because it is a fact that if a prisoner has insufficient funds on his account at the time of transfer his account is simply placed into a negative balance.

10. This has occurred to me several times. Specifically, it occurred when I was transferred from Greene prison to Albion prison and from Albion to Rockview prison and from Rockview to Mahoney prison. In each instance my account had insufficient funds at the time of my transfer and yet my property was sent.

11. In addition, I had already filled out a cash slip to have my property sent and should not need to fill out another one.

12. Nevertheless, in an attempt to resolve the matter I filled out <u>another</u> cash slip and sent it to defendant Bitner, and informed the defendants' attorney, Lewis, that if I did

not receive my property by May 22, 2000, I would petition the court to attempt to obtain my property and cease their alleged illegal actions against me.

13. Nevertheless, I have yet to receive my property. I have been absolutely barred from access to any of my legal material and from performing any research or to file documents with any citations/case law or to serve documents on opposing parties.

Date: May 22, 2000

Charles Isely
Charles Isely

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY
    Plaintiff,
    v.
W. Conway BAILEY,
    Defendants.

        Civil Action No.
        1:00-CV-00577

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing Motion for Adequate Access to Courts, brief in Support of Motion for Adequate Access to Courts and Affidavit by mailing copies of same to:

Maryanne Lewis, dep. atty. gen.
Office of Atty. Gen.
15th Floor, Strawberry Sq.
Harrisburg, PA 17120

Date: May 28, 1000

Charles Iseley
Charles Iseley

**Exhibit "F"**



COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

**June 9, 2000**

MIKE FISHER
ATTORNEY GENERAL

15th Floor, Strawberry Sq.
Harrisburg, PA 17120
DIRECT DIAL: (717) 787-9719
FAX: (717) 772-4526

Charles Iseley, #AM-9320
SCI-Coal Township
1 Kelley Drive
Coal Township, PA 17866

    Re:   Iseley v. Bushey,
          No. 1:00-CV-00577

Dear Mr. Iseley:

     Please be advised that the boxes of your excess property that were in storage at SCI-Mahanoy were shipped to SCI-Coal Township on June 8, 2000. The boxes should arrive at the institution within the next few days. Your inmate account has been charged accordingly.

     In light of the fact that your boxes of excess property have been shipped to you, I am requesting that you withdraw your Motion for Adequate Access to the Court, since the matter is now moot.

     Enclosed please find Defendants' Motion for an Enlargement to respond to that motion, pending your withdrawal of the motion.

                                        Very truly yours,

                                        Maryanne M. Lewis
                                        Deputy Attorney General

MML/ld
enclosure

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,             :

         :

    Plaintiff           :

         :

    v.               :     No. 1:00-CV-00577

         :     (Judge Kane)

W. CONWAY BUSHEY, et al.,    :

         :

    Defendants       :

## CERTIFICATE OF SERVICE

    I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this date

I caused to be served the foregoing Documents in Support of Motion for Enlargement of Time,

by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA.,

addressed to the following:

**Charles Iseley, #AM-9320
SCI-Coal Township
1 Kelley Drive
Coal Township, PA 17866**

 

 

                                _____

                                **MARYANNE M. LEWIS
                                DEPUTY ATTORNEY GENERAL**

**DATE: June 9, 2000**