IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
Plaintiff,

v.

W. CONWAY BUSHEY, et al.,
Defendants.

Civil Action No.
1:00-CV-00577

FILED
HARRISBURG, PA
JUN 28 2000
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

BRIEF IN SUPPORT OF MOTION FOR JUDGEMENT/SANCTIONS AGAINST DEFENDANT

Statement of the Facts

On May 22, 2000, plaintiff filed a Motion for Adequate Access To Courts which is currently pending before the court and which pertained to the unconstitutional retaliation against plaintiff by the defendants. Because of the illegal retaliation by the defendants, plaintiff has filed the instant motion.

Statement of the Question

Should the court issue an order for judgement/sanctions against defendants?

Argument

The court should issue an order for judgement/sanctions against defendants.

1

Retaliation such as witholding property is a violation of plaintiff's rights. DeTomaso v. McGinnis, 970 F.2d 211, 214 (7th Cir. 1992). The deprivation of plaintiff's legal papers is a violation of his rights. Brownlee v. Conine, 957 F.2d 353, 354 (7th Cir. 1992); Roman v. Jeffes, 904 F.2d 192, 198 (3d Cir. 1990).

The deliberate deprivation of plaintiff's property (including all his legal material) has utterly barred him from performing any litigation exercises for the current action as well as many others.

The facts that the defendants intentionally denied plaintiff his property in retaliation for his filing the current legal action are:

1. The defendants claim that plaintiff's property was not sent to him because he had insufficient funds in his prison account at the time of his transfer. However, it is DOC policy to place plaintiff's account in negative balance for such postage costs as has occurred a number of his prior transfers where he had insufficient funds in his account including his transfer to Mahanoy prison from Rockview prison and others.

2. The defendants claim that it would be financially burdensome to incur the costs of shipping property. However, that is exactly what they do and is their policy and they even do so for other costs such as cable costs as illustrated in another legal action (Iseley v. Horn, M.D. Pa. Civ. No. 98-CV-00743).

3. The defendants claim that plaintiff's property was not sent because he did not fill out a cash slip. However, that is not true as the cash slip, dated the day before his transfer, was magically

2

"found" after plaintiff's Motion for Adequate Access to Courts was filed. Moreover, it is DOC policy that prisoners fill out cash slips prior to transfer. In addition, the defendants were clearly aware of the cash slip since they had to possess it to check plaintiff's account at the time of his transfer.

4. The defendants claim that plaintiff's property was not sent because he did not until recently have sufficient funds in his account. However, it is a fact that plaintiff has had sufficient funds in his account for months.

5. As stated in plaintiff's affidavit attached to his Motion for Adequate Access to Courts, defendants Birosak and Peek informed him that he would be lucky if he received any of his property at all.

6. Plaintiff had DOC employees at Coal state prison contact DOC employees at Mahanoy state prison who informed the former that the property would be sent in a few days. However, that did not occur.

7. The defendants filed a declaration with the court in support of their motion for enlargement of time which they knowingly and intentionally contained false statements in.

8. Plaintiff sent letters, complaints and appeals concerning the denial of his property to defendants Dotter, Birosak, Bitner, Horn and others but they all refused to respond.

9. On May 9, 2000, plaintiff dispatched a communication to defendants attorney, Lewis, regarding the deliberate and retaliatory deprivation of his property and another communication on May 12, 2000, which informed the defendants that he would petition

3

the court to intervene if his property was not received by May 2[0] 2000, but nothing was done until after plaintiff filed a motion with the court for adequate access to courts.

10. According to state law plaintiff was supposed to be review[ed] for parole by March of 2000 but he has yet to be reviewed or find o[ut] when he will be reviewed and no one will respond to his communica[tions] or help him.

## Conclusion

Wherefore, the court should issue an order directing that judgement/sanctions be entered against the defendants.

Date: June 26, 2000

Respectfully submitted,

Charles Isley

Charles Isley
AM-9320, 1 Kelley Dr.
Coal Twshp., PA 17866