

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY, :
:
      Plaintiff :
:
    v. : CIVIL NO. 1:CV-00-0577
:
W. CONWAY BUSHEY, ET AL., : (Judge Kane)
:
      Defendants :

**ORDER**

FILED
HARRISBURG, PA
JUL 12 2000
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## Background

Plaintiff Charles Iseley, an inmate at the State Correctional Institution, Coal Township, Pennsylvania, filed this civil rights action under 42 U.S.C. § 1983. On June 12, 2000, the court received from the Plaintiff a motion for appointment of counsel (Doc. 13).

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The Court of Appeals for the Third Circuit

has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

Iseley's motion fails to set forth sufficient special circumstances or factors that would warrant appointment of counsel. Tabron, supra, at 155-56. In the pleadings submitted by plaintiff to date, he has demonstrated that he is capable of presenting comprehensible arguments. Furthermore, this court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action pro se, mitigate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, and the court cannot say, at least at this point, that Iseley will suffer substantial prejudice if he is forced to prosecute this case on his own.

Therefore, Iseley's motion for appointment of counsel will be denied. In the event, however, that future proceedings

demonstrate the need for counsel, the matter may be reconsidered either <u>sua</u> <u>sponte</u> or upon a motion properly filed by the Plaintiff.

AND NOW, THEREFORE, THIS 11th DAY OF JULY, 2000, IT IS HEREBY ORDERED THAT:

> Plaintiff's motion for appointment of counsel (Doc. 13) is denied.

_____
YVETTE KANE
United States District Judge

YK:jvw