IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
    Plaintiff,

v.

W. CONWAY BUSHEY, et al.,
    Defendants.

Civil Action No.
1:00-CV-00577

Kane/Vanwie

FILED
HARRISBURG, PA
JUL 17 2000
MARY E. D'ANDREA, CLERK
Per ___ Deputy Clerk

## PLAINTIFF'S REPLY TO DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR ADEQUATE ACCESS TO COURTS

### Argument

**I. Plaintiff was denied access to courts and retaliated against.**

In their argument the defendants claim that Lewis v. Casey 518 US 343, 351-52 (1996), is applicable to the facts of the instant motion. This is only partially true.

Firstly, as noted in the attached declaration, plaintiff clearly demonstrates that the defendants caused him actual injury by barring him from filing a motion, brief and appeal which resulted in his complaint being dismissed and barring him from serving any documents or an appeal. Consequently, if Lewis is applicable then the defendants are in clear violation and plaintiff has met and surpassed the requisite criteria of proof.

Secondly, Lewis is distinguished from this instance because it involved prisoners alleging inadequate research

1

facilities. However, instantly, plaintiff is asserting that the defendants intentionally withheld his legal material/property in retaliation for his legal activities and such retaliation is a constitutional violation. DeTomaso v. McGinnis, 970 F.2d 211, 214 (7th Cir. 1992); Williams v. Meese, 926 F.2d 994, 998 (10th Cir. 1991); Thomas v. Evans, 880 F.2d 1235, 1241-4 (11th Cir. 1989). Moreover, the defendants' actions against plaintiff are akin to committing fraud, misrepresentation and/or other misconduct during an action which is a violation Rule 60(b)(3), F.R.C.P.

Thirdly, the defendants falsely claim that plaintiff never submitted which is untrue as noted in the attached declaration and in the defendants' opposition brief on page six wherein they specifically state that they allegedly "found" the First cash slip. Also, what good is having access to a law library when plaintiff had no access to his legal research or even a copy of the complaint!

Lastly, as noted in the attached declaration, despite all attempts by plaintiff to resolve the matter prior to filing a motion with the court the defendants refused to do anything.

II. The Matter is Not Moot

As noted in the attached declaration plaintiff has still not received all of his property and ergo the matter

2

cannot be moot.

Conclusion

Wherefore the court should grant plaintiff's motion.

Date: July 12, 2000

Respectfully submitted,

Charles Iseley
Charles Iseley
AM-9320, 1 Kelley Dr.
Coal Twshp, PA 17866

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
 Plaintiff,
  v.
W. CONWAY BUSHEY, et al.,
 Defendants.

Civil Action No.
1:00-CV-00577

FILED
HARRISBURG, PA
JUL 17 2000
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## DECLARATION

I, Charles Iseley, hereby declare under the penalty of perjury that the following is true and correct to the best of my knowledge and information:

1. On April 27, 2000, the court issued an order wrongfully dismissing my lawsuit (Iseley v. Dragovich, M.D. 1:CV-00-0426) allegedly for failure to exhaust administrative remedies.

2. However, since I did exhaust my administrative remedies and there was no evidence to the contrary I subsequently filed a timely motion and brief for the court to reconsider its order.

3. I was unable to serve the documents because I did not have access to any of my legal material and as a result did not have the names/addresses to the defendants/attorneys to serve them.

4. Approximately three weeks later, after receiving no response I sent a letter to the clerk requesting the status of my motion but received no response. I later sent two more letters to the clerk regarding same but have yet to receive any response