IN THE [U.S.] DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
   Plaintiff,

v.

W. CONWAY BUSHEY, et al.,
   Defendants

: Civil Action No.
: 1:00-CV-00577
:
:
:

FILED
HARRISBURG, PA
AUG 2 2000
MARY E. D'ANDREA, CLERK
Per _____

## REPLY TO DEFENDANTS' BRIEF IN OPPOSITION TO MOTION FOR JUDGEMENT/SANCTIONS AGAINST DEFENDANTS

   Sanctions/judgement should be made against the defendants for retaliating against plaintiff for filing the instant civil action and for deliberately withholding the true identities of defendants Moe and Doe and for filing intentionally false declarations with the court.

   All of plaintiff's property has yet to be received including ten dollars ($10.00).

   Plaintiff was told by defendants Peck and Birosak that he would be lucky to get any property because he filed a lawsuit against them. Plaintiff's property, food items, was intentionally destroyed.

   As a result of the denial of property plaintiff had a federal civil action dismissed, was barred from filing a motion/brief and unable to file an appeal in the Third Circuit Court of Appeals and ergo the filing fee he paid is gone and wasted for nothing.

   Moreover, the continued denial of the remainder of plaintiff's legal property will have a decidedly influential adverse impact on the resolution of plaintiff federal habeas corpus petition

1

in the eastern district which is set for a hearing on August 22, 2000. All of the documents plaintiff intended to use as evidence/exhibits is still being held by the defendants.

The defendants' claim of property denial because of alleged loss of a cash slip is utterly farcical. The declaration by defendant Potter regarding the alleged Mahanoy prison policy is deliberately false. The DOC policy (Mahanoy prison is a part of the DOC) for prisoner property shipping for transfer is in one of the DOC manuals and is not what the defendants claim. That is why the defendants did not include a copy of their alleged policy or indicate its location — because it does not exist. The defendants, including their attorney, did nothing whatsoever to return any of plaintiff's property, despite plaintiff's numerous communications to do so, until after plaintiff filed a motion with the court.

The defendants claimed that after a "reasonable investigation" they were unable to determine the true identities of defendants Moe and Doe, parole board employees. However, that is utterly unbelievable and impossible since parole reports have signatures and the board and Mahanoy prison documents parole interviewers' identities and there are a plethora of other documents indicating the relevant defendants' true identities.

In essence, the defendants did not perform any reasonable investigation and ergo deliberately and blatantly prevaricated despite their legal obligation not to do so.

The court should note that the defendants have still yet to perform a "reasonable investigation" and provide the true

2

identities of the relevant defendants.

Plaintiff was deliberately denied a timely parole review. Pursuant to state statute plaintiff should have been reviewed in February of 2000 but, despite his numerous communications to obtain a timely review, he was not reviewed until five months after the statutory limitation provision. This was done in retaliation for filing the instant legal action. There is no reason other than that for the defendants to deliberately violate state law and plaintiff's rights under state law.

Conclusion

Wherefore, the court should grant plaintiff's motion for judgement/sanctions against defendants.

Date: July 30, 2000

Respectfully submitted,

Charles Isely
Charles Isely
AM-9320, 1 Kelley Dr.
Coal Twshp, PA 17866

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
  Plaintiff,
    v.                                  : Civil Action No.
W. CONWAY BUSHEY, et al.,               : 1:00-CV-00577
  Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing Reply to Defendants' Brief in Opposition To Motion for Judgement/Sanctions Against Defendants by mailing copy of same to:

Maryanne Lewis, dep atty gen
Office of Atty. Gen.
15th Floor, Strawberry Sq.
Harrisburg, PA 17120

Date: July 30, 2000

Charles Iseley