IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

AUG 7 2000

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

Law Clerk's Copy

CHARLES ISELEY

Plaintiff,

v.

W. Conway Bushey, et al.,
Defendants.

Civil Action No.
1:00-CV-00577

J. Kane

PRSLC Van Wie

REPLY TO DEFENDANTS' BRIEF IN RESPONSE TO
PLAINTIFF'S MOTION TO CEASE RETALIATION
AGAINST PLAINTIFF

A party must show three things to prove a retaliation claim
1) That he engaged in a protected activity; 2) That he was adversely
affected by a state actor; 3) That the protected activity was a
primary factor in the action against him. Mt. v. Doyle, 429 U.S.
274 (1997).

In the instant case the protected activity was the filing of
legal actions and prison grievances. Because of this plaintiff has
been and continues to be denied parole, timely parole reviews, the
legal number of parole reviews, property, discovery, true names
of defendants, legal material, money, et cetera. Such adverse
actions would not have occured if not for plaintiff's exercise
of his protected activity.

The defendants claim in their answer that after a
"reasonable investigation" they were unable to ascertain the
identities of defendants Moe and Doe. Pursuant to FRCP
and 8(b) they had an affirmative duty to conduct a

reasonable investigation. Nevertheless, they deliberately did not in order to sabotage plaintiff's case by intentionally withholding the relevant true identities in retaliation for his exercising his rights.

The defendants would have the court believe that it is reasonable to assume that the DOC and PBPP have absolutely no idea who reviewed plaintiff for parole or who created any of the requisite documents concerning same or who made any reports/decisions pertaining to same after a "reasonable investigation" They also claim that plaintiff may get the data via discovery (however, they recently denied plaintiff's discovery request) but that does not alter the fact that they intentionally did not perform their affirmative duty, in order to retaliate against plaintiff and sabotage his case.

Plaintiff was denied parole by defendant Moe who informed plaintiff to cease filing legal actions and prison grievances if he ever wished to be paroled and refused to investigate any of plaintiff's issues concerning the false data in his file stating that plaintiff has no right to have accurate data in his files.

Moreover, the board members who refused plaintiff parole did so while never seeing or speaking to plaintiff. Their decision was based solely on defendants' Doe and Moes false and retaliatory reports/recommendations and records with false and inaccurate data. The reason placed on the green sheet (ie, public safety) is placed on everyone's green sheet.

2

The state may not deny plaintiff a privilege in order to coerce him to refrain from exercising his rights. Frost v. Railroad, 271 U.S. 583 (1926); Elrod v. Burns, 427 U.S. 347, (1976) 356-61; Perry v. Sinderman, 408 US 593 ; Speiser v. Randall, 357 U.S. 513, 526 . The Supreme Court has noted that punishment of a person for doing what the law permits is a due process violation of the most basic sort and a person cannot be punished for exercising his rights and a presumption of vindictiveness or retaliatory motive is assumed when detrimental action against a person is taken after the exercise of his legal rights. Borden - Kirchner v Hayes, 434 US 357, 363 (1978); U.S. v. Goodwin, 457 U.S. 368, 372-73 (1982).

It is axiomatic that due process proscribes more than unfair procedures. It also protects individuals from arbitrary action by the government. Schware v. Board, 353 U.S. 232 (1956). Prisoners partake of that protection and their treatment must be free from capricious and arbitrary government action. Pugh v. Locke, 442 F.2d 178, 198 (2nd Cir 1971) (en banc).

Prison officials may not obstruct or restrict a prisoner's efforts to obtain judicial relief. Johnson v. Avery, 393 U.S. 483 (1969). Nor may he be intimidated or threatened to dissuade or frustrate him from exercising his rights. Ex Parte Hull, 31 U.S. 546 (1941); Christman v Skinner, 468 F.2d 723 (2d Cir 1972)

Interference or diminishment of parole opportuniti

3

illegal. *Morales v. Romero*, 672 F.Supp. 951, 606.07 (D.P.R. 1986) *Williams v. Lane*, 646 F.Supp. 1379, 1408-09 (N.D. Ill. 1986).

Conclusion

Wherefore, the court should grant plaintiff's motion.

Respectfully submitted,

Date: August 2, 2000

Charles Iseley

Charles Iseley
AM-9320, 1 Kelley Dr.
Coal Twshp., PA 17866

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY
    Plaintiff,
      Vs
W. CONWAY BUSHEY,
    Defendants

:
:   Civil Action No.
:    1:00-00577
:
:
:

## CERTIFICATE OF SERVICE

    I hereby certify that I caused to be served the foregoing Reply to Defendants' Brief in Response to Plaintiff's Motion to Cease Retaliation Against Plaintiff, by mailing a copy of same to:

Maryanne Lewis, dep. atty. gen.
Office of Atty. Gen.
15th Floor, Strawberry Sq.
Harrisburg, PA 17120

Date: August 7, 2000

                                Charles Iseley
                                Charles Iseley