IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
   Plaintiff,
   v.
W. CONWAY BUSHEY, et al.,
   Defendants.

Civil Action No. 1:00-CV-00577

FILED AUG 16 2000 HARRISBURG, PA. PER ___ DEPUTY CLERK

## MOTION TO COMPEL DISCOVERY

Comes the plaintiff, Charles Iseley, and respectfully moves the court for an order compelling the defendants to respond to his discovery requests for the reasons set forth in the accompanying brief in support of this motion.

Date: August 13, 2000

Respectfully submitted,

Charles Iseley
Charles Iseley
AM-9320, 1 Kelley Dr.
Coal Twshp., PA 17866

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
   Plaintiff,
      v.
W. CONWAY BUSHEY, et al.,
   Defendants.

Civil Action No.
1:00-CV-00577

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing Declaration, Motion to Compel Discovery and brief in support of same by mailing a copy of same to:

Maryanne Lewis, dep. atty. gen.
Office of Atty Gen
15th Floor, Strawberry Sq.
Harrisburg, PA 17120

Date: August 13, 2000

Charles Iseley
Charles Iseley

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES ISELEY, | : |
| Plaintiff | : |
| v. | : No. 1:00-CV-00577 |
| | : (Judge Kane) |
| W. CONWAY BUSHEY, et al., | : |
| Defendants | : |

DEFENDANTS' RESPONSE TO REQUEST
FOR PRODUCTION OF DOCUMENTS

Defendants hereby respond to plaintiff's request for production of documents. Plaintiff may inspect and photocopy the documents upon written request to the Assistant to the Superintendent at SCI-Coal Township. Plaintiff may photocopy the produced documents at his own expense at the institution rate.

1. **The job description of all of the defendants and each of them.**

**RESPONSE: OBJECTION.** Defendants object to this request as privileged and containing information that if released could cause a threat to the security of the institution. Job descriptions contain information unique to each individual's position including the hours that employees work, their shift and schedule rotation, and duties that pertain to specific security measures of numerous work assignment. Without waiving this objection, plaintiff may inspect copies of the specifications for the job classifications of the defendants, which include their basic duties and responsibilities.

2. **Any and all policies, directives, memorandums, rules, manuals or instructions concerning the procedures for a prisoner to obtain assess/copies of his prison/medical/parole/dental records.**

RESPONSE: Department of Corrections Administrative Directive (hereinafter referred to as "DOC-ADM") 003 governs the procedures for a prisoner to obtain access/copies of his prison, medical and dental records. DOC-ADM 003 is found in the Inmate Handbook which is issued to all inmates. In addition, page 18 of the handbook, under the heading "Request Slips," states the procedure for requests of this nature. Title 37 of the Pennsylvania Code, § 61.2, governs the access/copies of parole records. Because these records are considered confidential, no formal policy can be located concerning the procedure for an inmate to obtain access/copies of his parole file. Plaintiff may inspect copies of the DOC Administrative Directives and §61.2 of the Pa Code.

3. **The plaintiff's complete prison file to the date of your response.**

RESPONSE: **OBJECTION.** Defendants object to this request as privileged and containing information that if released could cause a threat to the security of the institution, as well as compromise the staff's ability to carry out the rehabilitation of the plaintiff. Included in plaintiff's file are reports of a confidential nature, such as pre-sentence reports, classification and diagnostic information and psychological information. Documents that reflect inmate behavior encourage staff to write freely their opinion concerning the inmate. If released, this would deter staff from writing their opinions in a candid manner. In addition, defendants, object to this request as overbroad and containing information that is irrelevant to the allegations contained in the complaint and unlikely to lead to admissible evidence. Without waiving this objection, plaintiff may inspect copies of the portion of his inmate file that are authorized pursuant to guidelines established under DC-ADM 003.

4. **The plaintiff's complete medical records to the date of your response.**

**RESPONSE: OBJECTION.** Defendants object to this request as privileged and containing information that if released could cause a threat to the security of the institution, as well as compromise the staff's ability to carry out the rehabilitation of the plaintiff. In particular, these records contain mental health and psychological information. Without waiving this objection, plaintiff may inspect portions of his medical file, pursuant to guidelines established under DC-ADM 003. Mental health records, pursuant to DC-ADM 003, D(1), may be discussed with treatment staff. These records as noted in the objection and DC-ADM 003 may not be reviewed by the plaintiff.

5. **The plaintiff's complete parole file to the date of your response.**

**RESPONSE: OBJECTION.** Defendants object to this request as privileged and containing information that if released could cause a threat to the security of the institution, as well as compromise the Board's ability to carry out the rehabilitation of the plaintiff. Pursuant to 37 Pa. Code §61.2, "[r]ecords, reports and other written things and information, evaluations, opinions and voice recordings in the Board's custody or possession touching on matters concerning a probationer or parolee are private, confidential and privileged; except that a brief statement of the reasons for actions by the Board granting or refusing a parole will at all reasonable times be open to public inspection in the offices of the Board." Included in plaintiff's file are reports of a confidential nature, that are frank observations and recommendations gathered by the Department of Corrections and the Board. Documents that reflect inmate behavior encourage staff to write freely their opinion concerning the inmate. If released, this would deter staff from writing their opinions in a candid manner. Without waiving this objection, plaintiff may inspect the Notices of the Board Decision, which are the brief statements of the reasons for the action by the Board refusing his parole.

6. A copy of the civil rights complaint (above-captioned matter).

RESPONSE: Plaintiff's may inspect a copy of his civil rights complaint filed at No.3: CV-00577.

                              Objections interposed
                              on behalf of defendants by:

BY: _____
      MARYANNE M. LEWIS
      Deputy Attorney General
      Attorney ID# 83812

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-
FAX: (717) 77204526
DATE: July 31, 2000

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,               :
                              :
    Plaintiff                 :
                              :
    v.                        :     No. 1:00-CV-00577
                              :     (Judge Kane)
W. CONWAY BUSHEY, et al.,     :
                              :
    Defendants                :

### CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Defendants' Response to Request for Production of Documents, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Charles Iseley, #AM-9320
SCI-Coal Township
1 Kelley Drive
Coal Township, PA 17866-1020

MARYANNE M. LEWIS
DEPUTY ATTORNEY GENERAL

**DATE: July 31, 2000**