IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
    Plaintiff,
    v.
W. CONWAY Bushey, et al.,
    Defendants.

Civil Action No. 1:00-CV-00577

FILED AUG 16 2000 PER ___ HARRISBURG, PA. DEPUTY CLERK

## BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

### Relevant Procedural History

Approximately in June of 2000 plaintiff dispatched a request for production of documents to defendants which they denied entirely on July 31, 2000, with meritless objections. On August 2, 2000, plaintiff sent a letter to defendants' attorney, Lewis, stating why the objections were meritless and notifying her that if he did not receive notice from her by August 12, 2000, that his discovery requests would be fulfilled within a reasonable period of time thereafter, he would file a motion with the court to compel discovery. After receiving no response to his letter plaintiff has filed the instant motion and this brief is in support of same.

### Argument

The court should compel the defendants to provide the requested discovery.

Plaintiff requested the job descriptions of defendants. The defendants objected based on privilege/security. The objection is without merit. As noted in the attached declaration, plaintiff has received job descriptions via discovery in another lawsuit. Consequently, there is no reason why plaintiff

1

cannot receive the job descriptions of the defendants in this case.

Plaintiff requested his prison files. Defendants objected based on privilege/security/confidentiality. Their objection is without merit. As noted in the attached declaration, plaintiff has acquired copies of his prison files on several occassions. Moreover, the complaint specifically raises issues concerning false/inaccurate data in files. As a result, the requested discovery is relevant. As for alleged security concerns, the court should note that plaintiff is no longer at the relevant prisons and is not allowed back because of seperations. In addition, staff member's honest candid opinions and factual observations are irrelavent to plaintiff and this action. The relevant entries in his files which are prevarications or false data are relevant. In fact, they are integral to his case and its successful litigation.

Plaintiff requested his medical records. Defendants objected based on privilege/security. The objection is without merit. As noted in the attached declaration, plaintiff has secured copies of his medical records on several occassions, including psychological/mental health data. Clearly, the objection is meritless.

Plaintiff requested his parole files. The defendants objected based on privilege/security/confidentiality. The objection is without merit. As noted in the attached declaration, plaintiff currently has in his possession the parole psychological evaluation reports. In <u>Newbury v. Prisoner</u>, 791 F.2d 81, 83 (7th Cir. 1986) the parole board was ordered to provide a prisoner with his parole files. Moreover, the complaint specifically avers false data in files and consequently the requested discovery is relevant. Adverse parole consequences because of inaccurate data in files is a constitutional violation. <u>Monroe v. Thigpen</u>, 932 F.2d 1437, 1441

2

(11th Cir. 1991). The defendants had a duty/obligation to maintain accurate and correct records. 61 P.S. secs. 331.19, 331.20.

The discovery process is used to narrow and clarify the issues and claims before trial and, accordingly, discovery rules are given broad and liberal treatment to encompass any matter that bears on, or that could lead to other matter that could bear on, any issue that is or may be in the case. Oppenheimer v. Sanders, 437 U.S. 340, 351 (1978)

"Requested discovery should be permitted unless it is clear that the information sought can have no possible bearing upon the subject matter of the action", La Chemise v. Alligator, 60 F.R.D. 164, 171 (D. Del. 1973).

The mere assertion that information is "confidential" does not establish an enforceable privilege in federal court. Nguyen v. Kissinger, 528 F.2d 1194, 1205 (9th Cir. 1975).

A privilege cannot be regarded as a right which can be disclosed to some and withheld from others. In re Natta, 48 F.R.D. 319, 322 (D. Del. 1969).

Conclusion

Wherefore the court should grant plaintiff's motion.

Date: August 13, 2000

Respectfully submitted
Charles Iseley
Charles Iseley
AM-9320, 1 Kelley Dr.
Coal Twshp, PA 17866