IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES ISELEY, | : | |
| Plaintiff | : | |
| v. | : | No. 1:00-CV-00577 |
| | : | (Judge Kane) |
| W. CONWAY BUSHEY, et al., | : | |
| Defendants | : | |

### DEFENDANTS' BRIEF IN OPPOSITION
### TO PLAINTIFF'S MOTION FOR
### A TEMPORARY RESTRAINING ORDER

This is a civil rights action pursuant to 42 U.S. §1983 alleging violations of various amendments to the United States Constitution. Plaintiff, Charles Iseley is a pro se prisoner currently incarcerated at the State Correctional Institution at Coal Township[1], Pennsylvania ("SCI-Coal Township"). Defendants are numerous employees or former employees of the Pennsylvania Department of Corrections ("DOC"), or employees of the Pennsylvania Board of Probation and Parole ("Board").

On October 5, 2000, plaintiff filed a Motion for a Temporary Restraining Order and supporting brief.[2] In his motion and brief, Iseley requests that the Court issue a temporary restraining order against the defendants to bar them from continuing to utilize false information

---

[1] Iseley is currently housed at SCI-Graterford due to a Writ to appear in a court proceeding. Upon completion of the proceeding, Iseley will be returned to SCI-Coal Township.

[2] As noted in her motion for enlargement of time to respond to the motion, undersigned counsel received the motion on October 17, 2000. Due to the delay in receipt of the motion, counsel requested enlargement of time to respond to the motion on or before October 30, 2000.

contained in his prison/parole records to keep him in prison. According to plaintiff, his maximum sentence expired on July 21, 2000 and for years the defendants have refused to acknowledge this despite his numerous communications requesting them to do so. He also states that he is being held in prison illegally. This brief is filed in response to plaintiff's motion and brief.

### QUESTION PRESENTED

**SHOULD THIS COURT DENY ISELEY'S MOTION FOR A TEMPORARY RESTRAINING ORDER BECAUSE THE REQUIREMENTS FOR SUCH RELIEF HAVE NOT BEEN MET ?**

### ARGUMENT

**THE COURT SHOULD DENY ISELEY'S MOTION FOR A TEMPORARY RESTRAINING ORDER BECAUSE THE REQUIREMENTS FOR SUCH RELIEF HAVE NOT BEEN MET**

**A.    The Standard For Obtaining a Temporary Restraining Order**

In order to succeed in obtaining a temporary restraining order, it must clearly appear "from the facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant." Fed. Rule Civ. P. 65(b). The standards for a temporary restraining order are the same as those for a preliminary injunction. Bieros v. Nicola, 857 F. Supp 445, 446 (E.D. Pa 1994). Thus, plaintiff must demonstrate: "(1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting the preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Brian B. v. Commonwealth, 2000 WL 1512846 (3rd Cir. Pa. 2000).

An injunction should issue only if the moving party produces evidence sufficient to convince the Court that all four factors favor preliminary relief. Merchants & Evans Inc. v. Roosevelt Bldg. Products Co., 963 F. 2d 628, 632-33 (3rd Cir. 1992). If either of the fundamental requirements--the likelihood of success on the merits and the probability of irreparable harm if relief is not granted--are absent, a district court may not grant the requested injunctive relief. McKeesport Hosp. V. Accreditation Council for Graduate Med. Educ., 24 F. 3d 519, 523 (1994); Hoxworth v. Binder Robinson & Co., 903 F. 2d 186, 197 (3rd Cir. 1990). When a prisoner requests injunctive relief, said request "must always be viewed with great caution because judicial restraint is especially called for in dealing with complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518, 528 (8th Cir. 1998); Forrest v. Nedab, 1999 WL 552546 at *3 (E.D. Pa. June 29, 1999).

Against these standards, Iseley's motion for a temporary restraining order should be denied.

**B.    Iseley Has Not Shown A Likelihood Of Success On The Merits Or
        That He Has Suffered Any Irreparable Injury**

Iseley claims that defendants have refused to correct false/inaccurate information in his files to keep him in prison. In his declaration Iseley states that "five of the sentences (four 7 ½ -15 year and a 1-2 year) were to run concurrent for an aggregate sentence of 7 ½ -15 years, and that the sentence began on January 21, 1983, approximately." According to Iseley, "the sixth sentence was a 5-10 year sentence which was to be served consecutive to the aforementioned 7 ½ -15 year sentence [and] the sixth sentence was to begin at the minimum expiration of the 7 ½ - 15 year sentence which occurred in 1990." Iseley further states that "his maximum sentence expiration was on July 21, 2000, [that] for years the defendants have refused to acknowledge this despite his

numerous communications regarding them to do so, [and] that he is being held in prison illegally. (See Pl. Mot. for Temp. Rest. Order, Declaration, ¶¶1-7)

In a case similar to this, the Commonwealth Court recognized that the Department of Corrections was obligated to aggregate consecutive sentences into a single sentence with aggregated minimum and maximum terms. Gillespie v. Commonwealth, 106 Pa. Cmwlth. 500, 527 A.2d 1061 (1987). The petitioner in Gillespie challenged the legality of the aggregation of his sentence by the Department. In Gillespie the Court upheld the Department's authority to aggregate sentences, and noted that "our reading of the statute and interpretive case law compels us to conclude that once the sentencing court imposes a consecutive sentence, aggregation with other consecutive sentences is automatic and mandatory under 42 Pa. C.S. § 9757."[3]   The court went on to recognize that the "[d]epartment, not the Board, is responsible for calculating the maximum and minimum terms of the prisoners committed to its jurisdiction." Gillespie, supra, at 507. In addition, in Abraham v. Department of Corrections, 150 Pa. Cmwlth. 81, 92, 615 A.2d 814, 819 (1992), the court reaffirmed that aggregation is mandatory.

Defendants have attached to this brief a declaration from Raymond Reeder, Records specialist at SCI-Coal Township. Reeder's duties and responsibilities as Record Supervisor include sentence computation. (See Reeder Declaration ¶2) In his declaration, Reeder explains that Iseley's aggregate sentence is 12 years 6 month to 25 years . This aggregate sentence is in accordance with

---

[3] 42. Pa. C.S. § 9757 provides "[w]henever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum sentence imposed.

Judge Kelton's sentencing orders. Attached as Exhibit "A" to Reeder's declaration is a copy of Iseley's commitment orders. The orders reveal that Iseley was sentenced in December of 1983 to a 7 ½ to 15 year term for the charges of Robbery, Burglary, Criminal Trespass, Terroristic Threats, plus other charges under case nos. 1372, 1373, 1374, 1375 and 1513 of 1983. (See Reeder Declaration ¶4) In addition, Judge Kelton sentenced Iseley to a 5 to 10 year term for the charges of Robbery, Burglary, Criminal Trespass, Receiving Stolen Property, Terroristic Threats, Reckless Endangerment, Simple Assault and Conspiracy under case no. 1576 of 1983. (See Reeder Declaration ¶5) This sentence was to run consecutive to the 7 ½ to 15 year sentence. (See Reeder Declaration ¶5)

Iseley's sentences were not aggregated until April 28, 1998, when upon review of his file it was noticed that four of the 7 ½ to 15 years terms had been reported as concurrent. (See Reeder Declaration ¶7) Upon discovery of this error, Iseley's sentence was aggregated to a term of 12 years 6 months to 25 years. The expiration of Iseley's minimum sentence was July 22, 1995 and his maximum sentence date is January 22, 2008. (See Reeder Declaration ¶8)

Based upon the information provided by Raymond Reeder, Records Supervisor, Iseley's declaration is without merit. The facts contained in the declaration are simply inaccurate. Iseley is not being held in prison illegally. To the contrary, Iseley's aggregate sentence of 12 years, 6 months to 25 years is in accordance with Judge Kelton's sentence. Here, Iseley has not demonstrated that he has a probability of success on the merits of his claim or that he has suffered irreparable injury, loss or damage. Because the fundamental requirements—likelihood of success on the merits and the probability of irreparable harm are absent—the requested temporary restraining order should be denied.

## CONCLUSION

For the forgoing reasons, the Court should deny plaintiff's motion for a temporary restraining order.

                Respectfully submitted,

                D. MICHAEL FISHER
                Attorney General

By: _____
                MARYANNE M. LEWIS
                Deputy Attorney General

                SUSAN J. FORNEY
                Chief Deputy Attorney General
                Chief Litigation Section

Office of Attorney General
15th Floor, Strawberry Sq.
Harrisburg, PA 17120
Direct Dial: (717) 787-9719
Fax: (717) 772-4526

DATE: October 30, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES ISELEY, | : |
| Plaintiff | : |
| v. | : No. 1:00-CV-00577 |
| | : (Judge Kane) |
| W. CONWAY BUSHEY, et al., | : |
| Defendants | : |

## UNSWORN DECLARATION OF RAYMOND REEDER

I, Raymond Reeder, hereby declare under the penalty of perjury that the following is true and correct and from my personal knowledge:

1.  I am currently employed by the Pennsylvania Department of Corrections ("DOC"), as the Records Supervisor at the State Correctional Institution at Coal Township. ("SCI-Coal Township"). I have held this position since February, 1997.

2.  As Records Supervisor, I am responsible for storing the official inmate files (known as the DC-15). My duties and responsibilities include but are not limited to sentence computation, sentence structure, coordination of all inmate transfers, and identification of inmates subject to DNA testing and Megan's Law registration.

3.  Charles Iseley, AM-9320, is an inmate incarcerated at SCI-Coal Township[1], and I am familiar with his DC-15. On October 20, 2000, I received a telephone call from Maryanne Lewis, Deputy Attorney General, requesting that I verify his sentence, pursuant to a motion that he filed before this Court. I reviewed Iseley's file and have verified his sentence.

---

[1] Currently Iseley is temporarily housed at SCI-Graterford due to a Writ to appear in a court proceeding. Upon completion of the proceeding, he will be returned to SCI-Coal Township.

4. In December of 1983, Iseley was sentenced by Judge George T. Kelton to serve 7 ½ to 15 years at a state correctional institution for the charges of Robbery (8 counts), Burglary, (3 counts), Criminal Trespass (3 counts), Terroristic Threats (6 counts), plus other charges under case nos. 1372, 1373, 1374, 1375 & 1512 of 1983.    (See **Exhibit "A"** attached)

5. Judge Kelton also sentenced Iseley to 1 to 2 years concurrent for Resisting Arrest, under case no. 1241 of 1983. Additionally, Iseley was sentenced to 5 to 10 years for the charges of Robbery, Burglary, Criminal Trespass, Receiving Stolen Property, Terroristic Threats, Reckless Endangerment, Simple Assault and Conspiracy under case no. 1576 of 1983. It is specified that this sentence is to run **consecutive** to case nos. 1372, 1373, 1374, 1375, and 1513 of 1983. (See **Exhibit "A"** attached)

6. In accordance with Judge Kelton's sentencing orders, Iseley's aggregate sentence is 12 years 6 months to 25 years.

7. According to Iseley's sentence information, his sentences were not aggregated until April 28, 1998. Upon review of his file, it was noticed that four of the 7 ½ to 15 year terms had been reported as **concurrent**. Theses concurrent terms were not in accordance with the Court's sentence, as the 5 to 10 year term is to be **consecutive** to the 7 ½ to 15 year sentence. (See **Exhibit "B"** attached)

8. Upon discovery of the error, Iseley's sentence was aggregated to a term of 12 years 6 months to 25 years. The expiration of Iseley's minimum sentence was July 22, 1995 and his maximum date is January 22, 2008. (See **Exhibit "B"** attached)

OCT-30-00 MON 11:58     ATTORNEY GENERAL           FAX NO. 717 772 4528           P. 01

<u>10·30·00</u>
**DATE**

RAYMOND REEDER
Record Supervisor
SCI-Coal Township

Case 1:00-cv-00577-YK-DB   Document 39   Filed 10/30/2000   Page 9 of 19

OCT-30-00 MON 11:58     ATTORNEY GENERAL           FAX NO. 717 772 4528           P. 01

**Exhibit "A"**

JBC-300B (PART I)
(Rev. 2-80)

Type or Print Legibly

**COURT COMMITMENT**
STATE OR COUNTY CORRECTIONAL INSTITUTION
Commonwealth of Pennsylvania
vs.
Iseley, Charles W., Jr.
COMMITMENT NAME (LAST, FIRST, INITIAL, SUFFIX)

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF JUSTICE
BUREAU OF CORRECTION
BOX 598, CAMP HILL, PA 17011

NOTE: Additional supply of this form available at above address:
☐ JBC-300B (Part II) attached

| SEX | DATE OF BIRTH | SID | OTN | COURT OF INITIAL JURISDICTION | COMMON PLEAS |
|---|---|---|---|---|---|
| ☐ F ☒ M | 7-4-64 | | B9550564 | ☐ | ☒ |

| COMMITTING COUNTY/MAGISTERIAL DISTRICT | COURT NUMBER | DATE - TERM |
|---|---|---|
| Bucks County | 1372 of | 1983 |

The above defendant after  ☒ pleading guilty  ☐ nolo contendre  ☐ being found guilty  was on December 7, 1983 sentenced by Judge/~~District Justice~~ George T. Kelton to a term of not less than 7½ years _____ months _____ days nor more than 15 years _____ months _____ days, or _____ for the offense of 2 counts of Robbery; Burglary
**SEE BELOW**
(Section _____ of the Crimes Code) or (other statute) _____

It is further ordered that the said defendant be delivered by the proper authority to and treated as the law directs at the State Correctional facility located at Graterford, PA.

| FINE AMOUNT $_____ | COSTS AMOUNT $ 188.36 | RESTITUTION |
|---|---|---|
| To Be Paid To: ☐ COUNTY ☐ COMMONWEALTH | To Be Paid By: ☐ COUNTY ☒ DEFENDANT | |

CREDIT FOR TIME SERVED (EXPLANATION OF CREDIT COMPUTATION ON REVERSE SIDE)
From January 25, 1983 to December 8, 1983

EFFECTIVE DATE OF SENTENCE
December 7, 1983

This sentence shall be deemed to run concurrent to any existing sentences, effective the date of imposition unless otherwise stipulated below:
This sentence to run concurrent with 83-1373 thru 83-1375 and 83-1513 and 83-1241
===============================================================
****11 Counts of conspiracy.
Crim. Trespass; Terroristic Threats 2 counts; Theft by unlawful taking;
RSP; Poss of instrument of crime; Prohibited Offensive Weapons; 2 counts of
Simple Assault;Recklessly endanger. another; Carrying firarms without licen

PROSECUTING ATTORNEY
Robert Goldman, A.D.A.

DEFENSE ATTORNEY
Theodore O. Thompson

COURT REPORTER
Victor Blum

DISPOSITION OF NON-INCARCERATION OFFENSE(S)

(THIS BLOCK NOT TO BE USED FOR INCARCERATION OFFENSE)

In witness, whereof I have hereunto set my hand and seal of said court, this 9th day of December 19 83.

Catherine Kennedy
DEPUTY    AUTHORIZED SIGNATURE

| JBC-300B (PART I) (Rev. 2-80) | Type or Print Legibly |
|---|---|
| **COURT COMMITMENT**<br>**STATE OR COUNTY CORRECTIONAL INSTITUTION**<br>Commonwealth of Pennsylvania<br>vs.<br>Iseley, Charles W., Jr.<br>COMMITMENT NAME (LAST, FIRST, INITIAL, SUFFIX) | **COMMONWEALTH OF PENNSYLVANIA**<br>**DEPARTMENT OF JUSTICE**<br>**BUREAU OF CORRECTION**<br>BOX 598, CAMP HILL, PA 17011<br>NOTE: Additional supply of this form available at above address:<br>☐ JBC-300B (Part II) attached |

| SEX | DATE OF BIRTH | SID | OTN | COURT OF INITIAL JURISDICTION | COMMON PLEAS |
|---|---|---|---|---|---|
| ☐ F ☒ M | 7-4-64 | | B9550704 | ☐ | ☒ |

| COMMITTING COUNTY/MAGISTERIAL DISTRICT | COURT NUMBER | DATE - TERM |
|---|---|---|
| BUCKS COUNTY | 1373 of | 1983 |

The above defendant after ☒ pleading guilty ☐ nolo contendre ☐ being found guilty was on December 7, 1983 sentenced by Judge/~~District Justice~~ George T. Kelton to a term of not less than 7½ years _____ months _____ days nor more than 15 years _____ months _____ days, or _____ for the offense of 2 counts of Robbery; Burglary; Cri Trespass *SEE BELOW*

(Section _____ of the Crimes Code) or (other statute) _____

It is further ordered that the said defendant be delivered by the proper authority to and treated as the law directs at the State Correctional facility located at Graterford, PA.

| FINE | COSTS | RESTITUTION |
|---|---|---|
| AMOUNT $ _____<br>To Be Paid To:<br>☐ COUNTY ☐ COMMONWEALTH | AMOUNT $ 271.82<br>To Be Paid By:<br>☐ COUNTY ☒ DEFENDANT | |

| CREDIT FOR TIME SERVED (EXPLANATION OF CREDIT COMPUTATION ON REVERSE SIDE) | EFFECTIVE DATE OF SENTENCE |
|---|---|
| From January 27, 1983 to December 8, 1983. | December 7, 1983 |

This sentence shall be deemed to run concurrent to any existing sentences, effective the date of imposition unless otherwise stipulated below:

This sentence to run concurrent with 83-1241, 83-1372 thru 1375 and 83-1513
===========================================================================
***Theft by unlawful taking; RSP; 2 counts Simple Assault; 2 counts Terr. Thre Recklessly endangering another 2 counts; poss of instrument of crime; Carrying firearm without license; 10 counts of conspiracy.

| PROSECUTING ATTORNEY<br>Robert Goldman, A.D.A. | DISPOSITION OF NON-INCARCERATION OFFENSE(S) |
|---|---|
| DEFENSE ATTORNEY<br>Theodore Q. Thompson | |
| COURT REPORTER<br>Victor Blum | (THIS BLOCK NOT TO BE USED FOR INCARCERATION OFFENSE) |

In witness, whereof I have hereunto set my hand and seal of said court, this 9th day of December 19 83.

*Catherine Kennedy*
~~DEPUTY~~ AUTHORIZED SIGNATURE

JBC-300B (PART I)
(Rev. 2-80)

Type or Print Legibly

**COURT COMMITMENT**
**STATE OR COUNTY CORRECTIONAL INSTITUTION**
Commonwealth of Pennsylvania
vs.
Iseley, Charles W., Jr.
COMMITMENT NAME (LAST, FIRST, INITIAL, SUFFIX)

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF JUSTICE
BUREAU OF CORRECTION
BOX 598, CAMP HILL, PA 17011

NOTE: Additional supply of this form available at above address:
☐ JBC-300B (Part II) attached

| SEX | DATE OF BIRTH | SID | OTN | COURT OF INITIAL JURISDICTION | COMMON PLEAS |
|---|---|---|---|---|---|
| ☐F ☒M | 7-4-64 | | B954615-4 | ☐ | ☒ |

| COMMITTING COUNTY/MAGISTERIAL DISTRICT | COURT NUMBER | DATE - TERM |
|---|---|---|
| Bucks County | 1241 of | 1983 |

The above defendant after   ☒ pleading guilty   ☐ nolo contendre   ☐ being found guilty   was on
December 7, 1983 sentenced by Judge/~~District Justice~~ George T. Kelton to a term of not less than 1 years _____ months _____ days nor more than 2 years _____ months _____ days, or _____ for the offense of Resisting Arrest or other law enforcement
(Section 5104) of the Crimes Code) or (other statute) _____

It is further ordered that the said defendant be delivered by the proper authority to and treated as the law directs at the State Correctional facility located at Graterford, PA.

| FINE AMOUNT $ | COSTS AMOUNT $ 352.35 | RESTITUTION |
|---|---|---|
| To Be Paid To: ☐ COUNTY  ☐ COMMONWEALTH | To Be Paid By: ☐ COUNTY  ☒ DEFENDANT | |

| CREDIT FOR TIME SERVED (EXPLANATION OF CREDIT COMPUTATION ON REVERSE SIDE) | EFFECTIVE DATE OF SENTENCE |
|---|---|
| From February 1, 1983 to March 16, 1983 | December 7, 1983 |

This sentence shall be deemed to run concurrent to any existing sentences, effective the date of imposition unless otherwise stipulated below:

This sentence is concurrent with 83-1372 thru 83-1375 and 83-1513

PROSECUTING ATTORNEY
Robert Goldman, A.D.A

DEFENSE ATTORNEY
Theodore O. Thompson

COURT REPORTER
Victor Blum

DISPOSITION OF NON-INCARCERATION OFFENSE(S)

(THIS BLOCK NOT TO BE USED FOR INCARCERATION OFFENSE)

In witness, whereof I have hereunto set my hand and seal of said court, this 9th day of December 19 83.

_Catherine Kennedy_
DEPUTY    AUTHORIZED SIGNATURE

FORM JBC-300A
(7-75)

**COURT COMMITMENT**

STATE OR COUNTY CORRECTIONAL INSTITUTION

Commonwealth of Pennsylvania
vs.

CHARLES W. ISLEY
DEFENDANT

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF JUSTICE
BUREAU OF CORRECTION
BOX 598, CAMP HILL, PA. 17011

NOTE: Additional supply of this form available at above address.

COMMITTING COUNTY: BUCKS COUNTY
☐ LOCAL MAGISTRATE
☒ COMMON PLEA CRIMINAL DIV.
SEX: ☐ FEMALE ☒ MALE
DATE OF BIRTH: 7/4/64

INDICTMENT/COMPLAINT NUMBER: 1576-1983
OFFENSE TRACKING NUMBER (OTN): B955039-1

The above defendant after ☒ pleading guilty ☐ being found guilty was on DECEMBER 7, 1983 sentenced by Judge GEORGE T. KELTON to a term of not less than 5 years ___ months ___ days

nor more than 10 years ___ months ___ days, or ___

for the offense(s) of ROBBERY, BURGLARY, CRIMINAL TRESPASS, POSS/INST/CRIME, RSP, TERR/THREATS, RECI SIMPLE ASULT, CONSP. ENDG

(Section ___ of the Crimes Code) or (other statutes ___).

It is further ordered that the said defendant be delivered by the sheriff to and treated as the law directs at the STATE CORRECTIONAL INST. facility located at GRATERFORD, PENNA.

CREDIT FOR TIME SERVED.
FROM 1-22-1983

EFFECTIVE DATE OF SENTENCE:
DEC. 7, 1983

COSTS: $111.62
w/in 6 months of release.

CONSECUTIVE TO # 1372-1373-1374-1375-1513- 1241- 1983

PROSECUTING ATTORNEY
ADA: ROBERT GOLDMAN

DEFENSE ATTORNEY
T. THOMPSON

COURT REPORTER
VIC. BLUM

(Seal)

In witness, whereof I have hereunto set my hand and seal of said court, this 7th day of DECEMBER 1983.

Deputy B. E. Berry
AUTHORIZED SIGNATURE

PAGE 1 OF TWO.

JBC-300B (PART I)
(Rev. 2-80)

... or Print Legibly

**COURT COMMITMENT
STATE OR COUNTY CORRECTIONAL INSTITUTION**
Commonwealth of Pennsylvania
vs.
Iseley, Charles William
COMMITMENT NAME (LAST, FIRST, INITIAL, SUFFIX)

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF JUSTICE
BUREAU OF CORRECTION
BOX 598, CAMP HILL, PA 17011
NOTE: Additional supply of this form available at above address:
☒ JBC-300B (Part II) attached

| SEX | DATE OF BIRTH | SID | OTN | COURT OF INITIAL JURISDICTION | COMMON PLEAS |
|---|---|---|---|---|---|
| ☒ M | 7/4/64 | | B955075-2 | ☐ | ☒ |

| COMMITTING COUNTY | COURT NUMBER | DATE - TERM |
|---|---|---|
| Bucks County | 83-1374 | |

The above defendant after ☒ pleading guilty ☐ nolo contendre ☐ being found guilty was on December 7, 19 83 sentenced by Judge/District Justice George T. Kelton to a term of not less than 7½ years _____ months _____ days nor more than 15 years _____ months _____ days, or _____ for the offense of Robb,Burg,Crim Tresp,Theft,RSP, Poss instr of crime,Prohib offensive weapons,Simp assult,Agg assault,Reck (Section_____ of the Crimes Code) or (other statute) Endanger,Terr threats,Carry firearm w/out license,Consp.to all cnts

It is further ordered that the said defendant be delivered by the proper authority to and treated as the law directs at the State Correctional facility located at Graterford, Penna.

| FINE AMOUNT $ _____ To Be Paid To: ☐ COUNTY ☐ COMMONWEALTH | COSTS AMOUNT $ 234.08 To Be Paid By: ☐ COUNTY ☒ DEFENDANT | RESTITUTION |
|---|---|---|

| CREDIT FOR TIME SERVED (EXPLANATION OF CREDIT COMPUTATION ON REVERSE SIDE) | EFFECTIVE DATE OF SENTENCE |
|---|---|
| Credit for time served from January 31, 1983. | December 7, 1983 |

This sentence shall be deemed to run concurrent to any existing sentences, effective the date of imposition unless otherwise stipulated below:

Concurrent with 83-1241,1372,1373,1375,1513.

PROSECUTING ATTORNEY
A.D.A. Robert Goldman

DEFENSE ATTORNEY
Theodore Q. Thompson, Esq.

COURT REPORTER
Victor Blum

DISPOSITION OF NON-INCARCERATION OFFENSE(S)

(THIS BLOCK NOT TO BE USED FOR INCARCERATION OFFENSE)

(SEAL)

In witness, whereof I have hereunto set my hand and seal of said court, this 8th day of December 19 83

Deputy Clerk of Courts
AUTHORIZED SIGNATURE

Continued from pg. #1.

BC-300B (PART II)
(Rev. 2/80)
(TO BE ATTACHED TO PART I — COURT COMMITMENT)

Type or Print Legibly

## COURT COMMITMENT CONTINUATION SHEET
STATE OR COUNTY CORRECTIONAL INSTITUTION
Commonwealth of Pennsylvania

vs.

Iseley, Charles
COMMITMENT NAME (LAST, FIRST, INITIAL, SUFFIX)

**COMMONWEALTH OF PENNSYLVANIA
BUREAU OF CORRECTION
BOX 598, CAMP HILL, PA. 17011**

NOTE: Additional supply of this form available at above address:

COURT NUMBER: 83-1375
OFFENSE TRACKING NUMBER (OTN): B955096-2

The above defendant after [XX] pleading guilty [ ] nolo contendere [ ] being found guilty was on December 7, 1983 sentenced by Judge/~~District Justice~~ George T. Kelton to a term of not less than 7½ years ___ months ___ days nor more than 15 years ___ months ___ days, or ___ for the offense of Robb(2cts),Theft,RSP,Poss inst o crime,Prohib off weapons,Simp assault(3cts),Agg assault(2cts),Reck end,Terr thr (Section ___ of the Crimes Code) or (other statute) ~~Carry firearm w/out license~~

FINE AMOUNT $ ___
To Be Paid To: [ ] COUNTY [ ] COMMONWEALTH

COSTS AMOUNT $ 274.38
To Be Paid By: [ ] COUNTY [XX] DEFENDANT

RESTITUTION

CREDIT FOR TIME SERVED: Credit for time served from February 15, 1983.
EFFECTIVE DATE OF SENTENCE: December 7, 1983

This sentence shall be deemed to run concurrent to any existing sentences, effective the date of imposition unless otherwise stipulated below:
Concurrent to 83-1241,1372,1373,1374,1513.

COURT NUMBER: 83-1513
OFFENSE TRACKING NUMBER (OTN): B953615S

The above defendant after [X] pleading guilty [ ] nolo contendere [ ] being found guilty was on December 7, 1983 sentenced by Judge/~~District Justice~~ George T. Kelton to a term of not less than 7½ years ___ months ___ days nor more than 15 years ___ months ___ days, or ___ for the offense of Robbery, Theft, RSP, Simp assaul (Section ___ of the Crimes Code) or (other statute) ___

FINE AMOUNT $ ___
To Be Paid To: [ ] COUNTY [ ] COMMONWEALTH

COSTS AMOUNT $ 179.28
To Be Paid By: [ ] COUNTY [X] DEFENDANT

RESTITUTION

CREDIT FOR TIME SERVED: Credit for time served from February 3, 1983.
EFFECTIVE DATE OF SENTENCE: December 7, 1983

This sentence shall be deemed to run concurrent to any existing sentences, effective the date of imposition unless otherwise stipulated below:

(Seal)

In witness of the above sentence(s) for offense(s) as well as those found on the reverse side of this document, I have hereunto set my hand and seal of said court this 8th day of December 19 83.

Deputy Clerk of Courts
AUTHORIZED SIGNATURE

**Exhibit "B"**

Case 1:00-cv-00577-YK-DB    Document 39    Filed 10/30/2000    Page 17 of 19

```
PA DEPT. OF CORRECTIONS         INMATE RECORDS SYSTEM        RUN:     YR101PRG
BUREAU OF DATA PROCESSING           JACKET REPORT            DATE:    5/04/2000
REMOTE PRINT TIME 10:50         SENTENCE INFORMATION         PAGE:      2.01.00
================================================================================
INMATE NUMBER: AM9320  NAME: ISLEY CHARLES W

CONTINUED FROM INMATE NUMBER:           ADDITIONAL SENTENCE(S)/DETAINER(S): YES

SENTENCE STATUS: ACTIVELY SERVING              STATUS DATE:  9/28/1999
  PAROLE STATUS: NOT APPLICABLE                STATUS DATE:  NOT AVAILABLE

MINIMUM OFFENSE: CC3701    ROBBERY (GENERAL)
MAXIMUM OFFENSE: CC3701    ROBBERY (GENERAL)

                              CONTROLLING MINIMUM           CONTROLLING MAXIMUM
                              -------------------           -------------------
          CLASS OF SENTENCE:  INDETERMINATE                 INDETERMINATE
    SEXUAL VIOLENT PREDATOR:  UNK                           UNK
          SENTENCING COUNTY:  BUCKS                         BUCKS
          INDICTMENT NUMBER:  1375                          1375
             TERM OF COURT:   0083                          0083
           TYPE OF SENTENCE:  STATE                         STATE
    STATE (TRANSFER TO/FROM):
                     JUDGE:   KELTON G                      KELTON G
    OFFENSE TRACKING NUMBER:  B9550962                      B9550962
      GUILTY BUT MENTALLY ILL: NO                           NO
             SENTENCE DATE:   12/07/1983                    12/07/1983
        SENTENCE START DATE:  12/07/1983                    12/07/1983
          COMMITMENT CREDIT:   0 YRS   0 MOS  319 DAYS       0 YRS   0 MOS  319 DAYS
            EFFECTIVE DATE:   1/22/1983                     1/22/1983
             COURT SENTENCE:  12 YRS   6 MOS    0 DAYS      25 YRS   0 MOS    0 DAYS

          FACTORED SENTENCE:  12 YRS   6 MOS    0 DAYS      25 YRS   0 MOS    0 DAYS
            APPLY EARN TIME:  NO                            NOT APPLICABLE
          MAXIMUM EARN TIME:                       0 DAYS   NOT APPLICABLE
          REVOKED EARN TIME:                       0 DAYS   NOT APPLICABLE
                 BAIL TIME:    0 YRS   0 MOS    0 DAYS       0 YRS   0 MOS    0 DAYS
               ESCAPE TIME:    0 YRS   0 MOS    0 DAYS       0 YRS   0 MOS    0 DAYS
    SENT. INTERRUPTION TIME:   0 YRS   0 MOS    0 DAYS       0 YRS   0 MOS    0 DAYS
           EXPIRATION DATE:   7/22/1995                     1/22/2008
     PV RECOMPUTED MAX DATE:                                NOT AVAILABLE

REMARKS:                                                 COMPUTER CALCULATED: YES
ON 4/28/98 UPON REVIEW, IT WAS FOUND CS 5-10Y TERM AT CP#1576,'83, IS CS TO
FIVE 7Y6M-15Y CC SENTENCES AT BUCKS CO CP#1372,1373,1374,1375,1513,'83. THE
RESULT IS ONE AGGREGATION OF 12Y6-25 YRS.  FOUR OF THE 7Y6M-15Y TERMS HAD
PREVIOUSLY BEEN REPORTED AS U/L CC.

SENTENCE CHANGE TYPE: RECOMPUTED      CHANGE DATE:  9/13/1996
SENTENCE CHANGE BASIS:
THE DC23B OF 9-13-96 WAS DONE TO CORRECT A CREDIT ERROR BY SCI-GRATERFORD.  RPF
```

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,

    Plaintiff

v.

W. CONWAY BUSHEY, et al.,

    Defendants

No. 1:00-CV-00577
(Judge Kane)

## CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Defendants' Brief in Opposition to Plaintiff's Motion for A Temporary Restraining Order, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Charles Iseley, #AM-9320
SCI-Graterford
Box 244
Graterford, PA 19426-0244

MARYANNE M. LEWIS
DEPUTY ATTORNEY GENERAL

DATE: October 30, 2000