IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
   Plaintiff,
      v.
W. CONWAY BUSHEY, et al.,
   Defendants

Civil Action No.
1:CO-CV-00577

(45)
11/15/00
-pq

FILED
HARRISBURG
NOV 14 2000
MARY E. D'ANDREA, CL[ERK]
Per ____ DEPUTY CLERK

REPLY BRIEF TO DEFENDANTS' BRIEF IN
OPPOSITION TO PLAINTIFF'S MOTION FOR
A TEMPORARY RESTRAINING ORDER

   In plaintiff's motion for TRO he specifically stated that the Bucks County Sentence Sheet, signed by the judge, clearly states that his 5-10 consecutive sentence (#1576) was to begin at the minimum expiration of all his concurrent sentences (#1372, etc.) which occurred in 1990 (7½ years after 1983). The accompanying sentence sheet clearly reveals the utter veracity of plaintiff's averments.

   In their opposition brief the defendants claim that the Court Commitment documents are the sentence sheets. However, perusal of the accompanying sentence sheet and comparing same to the Court Commitment documents shows how false their claim is.

   Moreover, the commitment document concerning the relevant consecutive sentence (#1576) clearly states that credit should have started on January 22, 1983, making that sentence end in 1993.

   The defendants also claim that sentence aggregation is relevant. This, however, is also a blatant prevarication because the aggregation is proper. For example, the aggregated sentence is 12½-25.

   In 1983, plaintiff started serving five concurrent sentences (four 7½-15 and a 1-2). In 1985 he maxed out the 1-2 and in 1998 he maxed out all the 7½-15 sentences reccumulating 62 years of credit $(4 \cdot 15 + 2 = 62)$ in fifteen years.

   In 1990 he began the consecutive 5-10 and in July of 2000 he maxed that out in ten years.

   15 years + 10 years = 25 years — which is exactly the aggregated

maximum. Clearly, the aggregated sentence is satisfied and aggregation irrelevant.

In addition, plaintiff was reviewed for parole release at the minimum of the 5-10 sentence in 1995. Consequently, the sentence started in 1990 else he would not have been eligible parole until five years after 1998 which is 2003 since he cannot become eligible for parole until serving the minimum of a sentence.

The defendants are intentionally misleading the court to deliberately keep plaintiff in prison illegally.

Conclusion

Wherefore, the court should issue an order for a hearing for a temporary restraining order for the defendants to correct plaintiff's files.

Date: November 10, 2000

Respectfully submitted,

Charles Iseley
Charles Iseley
AM-9320, 1 Kelley Dr.
Coal Twshp, PA 17866

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
Plaintiff,

v.

W. CONWAY BUSHEY, et al.,
Defendants.

Civil Action No.
1:00-CV-00577

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing Reply Brief to Defendants' Brief in Opposition to Plaintiff's Motion for a Temporary Restraining Order by mailing a copy of same to:

Maryanne Lewis, dep. atty. gen.
Office of Atty. Gen., Strawberry Sq.
Harrisburg, PA 17120

Date: November 10, 2000

Charles Iseley
Charles Iseley

## BUCKS COUNTY SENTENCE SHEET

| | |
|---|---|
| PROS: | OTN: |
| SURCHARGE: | ACCOMPANYING CASES: 83-1372-1373-1553 |
| COMMONWEALTH V. Churchoff | NO. 83-1576    1374-1375 |
| JUDGE: B.J. Nilson | CLERK: D.J.W. |
| D.A. R. Gallaher | NOTES BY: V. Blum |
| PD/DEF T. Thompson | |
| DATE: 12/8/83 | [signature] George T. Kelton J. |
| CR-4-79 | |

**BUCKS COUNTY PRISON**

On Information No. _____ 19___ the Court (having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment in the Bucks County Prison for not less than _____ nor more than _____ and stand committed until sentence is complied with. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**STATE PENITENTIARY**

On Information No. 1576 19 83 the Court (having received or waives a pre-sentence investigation) orders and directs that the defendant pay the cost of prosecution and undergo imprisonment for not less than 5 years nor more than 10 years in a State Correctional Institution as shall be designated by the Bureau of Correction and, therefore, sent to the Correction Diagnostic and Classification Center in Graterford, Pa., for this purpose. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c). Defendant is directed to stand committed until judgment be fully complied with.

**ARD**

On Information No. _____ 19___ the defendant having waived his right to a speedy trial is released on probation for a period of _____ months upon the following conditions. Defendant is directed to pay court costs of prosecution and in lieu of a fine pay $_____ for the use of the County of Bucks (and make restitution in the sum of $_____ within a period of _____ months, and shall follow all specific conditions as hereinafter set forth.

**ON INFORMATION NO.** _____ 19___,
the defendant is released on probation for a period of _____ under the supervision of the (Bucks County Probation Officer or State Parole Board) from the following conditions. Defendant is to pay cost of prosecution and in lieu of a fine pay $_____ for the use of the County of Bucks (and make restitution in the sum of $_____ in monthly installments of $_____ by making payment to his probation officer) and abide by the rules and regulations laid down by his probation officer, obey other process and stand committed until the same be complied

**BENCH WARRANT**

Upon motion of the District Attorney a bench warrant is issued for the attachment of _____.

**CONSECUTIVE SENTENCES**

The sentence heretofore imposed on Information No. 1372 19 is to begin and take effect at the expiration of the minimum sentence imposed on Information No. 1573 19 83 and, therefore, the sentence imposed by the defendant for the total of all offenses with respect to which sentence is imposed is a minimum of not less than 12½ years or a maximum of 25 years.

**SUSPENDED SENTENCE** 1372 & plus 1373, 1374

On Information No. _____ 19___ defendant is directed to pay the cost of prosecution and sentence is suspended.

**SENTENCE - WOMEN - MUNCY**

The Court finding the defendant _____ to be a female over the age of 16 years, (having received or waives a pre-sentence investigation) orders and directs the defendant to pay the cost of prosecution and further orders and directs that she undergo confinement in the state industrial home for women at Muncy, Pa., for a period of confinement in the same not less than _____ years nor more than _____ years and there to be fed, clothed and treated in all respects as provided by law and stand committed until the same be complied with. Credit is to be given for all time spent in custody as is provided for by Sec. 1360 of the Sentencing Code of 1974 and by Pa. Rule of Criminal Procedure 1406 (b) and (c).

**GUILTY WITHOUT FURTHER PENALTY**

On Information No. _____ 19___, the Court finding that no useful purpose would be served by imposing an order of probation, the Court hereby orders and directs the defendant to pay the cost of prosecution and imposes the sentence of guilty without further penalty.

**FINE ONLY**

On Information No. _____ 19___, the Court finding that the defendant is able to pay a fine orders and directs the defendant to pay the cost of prosecution and a fine in the sum of $_____ to the Commonwealth for the use of the (State Treasurer or the County of Bucks). The total fine and costs are to be paid in _____ equal monthly installments.

**SPECIAL PROVISIONS:** Cred wit 6 mo of release 12-8-83. [signatures]
Consecutive to 83- [signature]
83-1372
83-1373
83-1374
83-1375
11-62