IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
Plaintiff,

v.

W. CONWAY BUSHEY, et al.,
Defendants

Civil Action No.
1:00-CV-00577

## BRIEF IN SUPPORT OF MOTION FOR T.R.O. AND/OR PRELIMINARY INJUNCTION

To determine if a party is entitled to a TRO or preliminary injunction a combination of the following should be shown: Irreparable harm, the balance of hardships favor the moving party, likelihood of success on merits and relief sought serves public interest. *Kershner v. Mazurkiewz*, 670 F.2d 440, 443 (3d Cir. 1982).

### Irreparable Harm

A showing of likelihood of constitutional violation is enough to show irreparable harm as well as the continued deprivation of rights. *Elrod v. Burns* 427 U.S. 347, 373 (1976). As noted in the accompany declaration plaintiff is and has been in prison illegally since 1999 (August) and denied parole since 1995 based on false/inaccurate data in his records.

### Favorable Balance

A showing that the moving party will suffer more without the relief than the defendants will with the relief favors the granting of relief. *Mitchell v. Cuomo*, 748 F.2d 804, 808 (2d Cir. 1984); *Duran v. Anaya*, 642 F.Supp. 510, 527 (D.N.M. 1986). In the instant case, it is axiomatic that the continued false data in prison/parole files of plaintiff will cause more harm to him than the defendants if they were not corrected. The defendants will not be harmed by being compelled to do their affirmative duty to compile and record accurate and honest data in plaintiff's files.

1

<u>Likelihood on Merits</u>.

If the balance of hardships favor plaintiff, as they do here, then plaintiff need only show a fair ground for litigation. <u>Longstreth v. Maynard</u>, 961 F.2d 895, 903 (10th Cir. 1992); <u>Eng v. Smith</u>, 849 F.2d 80, 81 (2d Cir. 1980). Since one of plaintiff's issues is the existence of false/inaccurate data in his files which adversely affected his parole the requirement is met. <u>Monroe v. Thigpen</u>, 932 F.2d 1437 (11th Cir. 1991).

<u>Public Interest</u>

It is always in the public interest for government officials, including prison personnel to obey the Constitution and other laws. <u>Washington v. Reno</u>, 35 F.3d 1093, 1103 (6th Cir. 1994); <u>ILQ v. City</u>, 816 F.Supp. 516, 527 (D. Minn. 1993); <u>Dorsan v. Anaya</u>, 642 F.Supp 510, 527 (D. N.M. 1986); <u>Llewelyn v. Oakland</u>, 402 F.Supp. 1379, 1393 (E.D. Mich. 1975).

Plaintiff is not required to post security because the relief sought will not impose any monetary loss on defendants. <u>Cohen v. Coahoma</u>, 805 F.Supp 398, 408 (N.D. Miss. 1992); <u>U.S. v. State</u>, 675 F.Supp 1249, 1253 (D. Or. 1987).

<u>Conclusion</u>

For the foregoing reasons, the court grant the motion in its entirety.

Date: November 26, 2000

Respectfully submitted

Charles Iseley
Charles Iseley
AM-9320, 1 Kelley Dr.
Cool Twp, PA 17366

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
Plaintiff,
v.                                          Civil Action No.
                                            1:00-CV-00577
Al County BUSHEL, et al.,
Defendants.

## DECLARATION

I, Charles Iseley, hereby declare, under the penalty of perjury, that the following is true and correct:

1. From 1983 to 1998 I served the entirety of all five of my 7½ to 15 sentences and from 1983 to 1985 I served the entirety of my 1 to 2 sentence for a total credit of 77 years in 15 years.

2. From 1990 to August 21, 1999 I served the entirety of my 5 to 10 sentence (I received approximately 11 months for time served).

3. I maxed out all my 7½ to 15 sentences in 15 years (1983-1998) and I maxed out my 5 to 10 sentence in 10 years 1990-1999 (plus the 11 months credit from January 21, 1983, to December 7, 1983).

4. Since prior to 1998 I have attempted numerous times for the defendants to correct my files but they adamantly refuse to. After 1998 I was reviewed for parole for seven sentences when I only had one which was always denied.

5. I am beyond my maximum sentence expiration for all my sentences and am and have been in prison because of the defendants' deliberate indifference and violation of my rights.

6. My sentencing orders clearly reveal not only what terms I was sentenced to, but when they began and took effect.

Date: November 26, 2000                     Charles Iseley
                                            _____
                                            Charles Iseley

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
        Plaintiff,
    v.
W. CONWAY RISH-G, et al.,
        Defendants,

Civil Action No.
1:00-CV-00577

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a copy of the foregoing Motion for TRO And/Or Preliminary Injunction, brief in support of same and Declaration by mailing same to:

Maryanne Lewis, dep. atty gen.
Office of Atty. Gen.
Strawberry Sq.
Harrisburg, PA 17120

Date: November 26, 2000

Charles Iseley
Charles Iseley