IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY
Plaintiff,
v.
W. CONWAY BUSHEY, et al.,
Defendants.

Civil Action No.
1:CV-00-0577

FILED
HARRISBURG, PA
DEC 04 2000
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

BRIEF IN SUPPORT OF THEIR MOTION FOR APPOINTMENT OF COUNSEL

There are five factors which govern the appointment of counsel: 1) Meritorious issues; 2) Inability to investigate; 3) Conflicting evidence; 4) Inability to present case; 5) Complexity. Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993). Plaintiff should be appointed counsel under these standards.

Meritorious Issues

The court has already stated that the complaint raises meritorious issues and therefore counsel should be appointed. Cooper v. A. Sargenti, 877 F.2d 170, 173 (2d Cir. 1989); Javeri v. McMickens, 660 F.Supp. 325, 326 (S.D.N.Y. 1987).

Inability to Investigate

Since plaintiff has been transferred to a different prison and is unable to interview any possible witness or even to identify same or to investigate the case adequate and that there is a need for discovery to prove his case, appointment of counsel is warranted. Tabron, supra at 156; Abdullah v. Gunter, 949 F.2d 1032, 1036 (8th Cir. 1991); Tucker v. Randall, 948 F.2d 388, 391-92 (7th Cir. 1991); Tucker v. Dickey, 613 F.Supp. 1124, 1133-34 (W.D. Wis. 1985); Gratson v. Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988).

Conflicting Evidence

The facts are strongly disputed and witness credibility issues exist

thereby warranting appointment. _Reyes v. Johnson_, 969 F.2d 700, 704 (8th Cir. 1992); _Whisenant v. Yuam_, 739 F.2d 160, 163 (4th Cir. 1984); _Gatson v. Coughlin_, 679 F.Supp. 270, 273 (W.D.N.Y. 1988).

### Inability to Present

Since plaintiff is in the hole and does not have access to legal research books for adequate lawsuit research and has no access to typewriter, phone, computer, etc., has no high school diploma, and has a medical condition which has been and continues to cause him excessive chronic fatigue, dizziness, weakness, nausea, abdominal pains, increased arthritic pain, muscle aches, migraine headaches, emotional distress and mental anguish, appointment of counsel is warranted. _McCarthy v. Weinberg_, 753 F.2d 836, 839-40 (10th Cir. 1985); _Reyes_, supra at 703-04; _Whisenant supra_. Lastly, plaintiff has no access to his legal material or complaint.

### Complexity

The existence of conflicting testimony of a large number of witnesses requiring the sorting out of personal involvement of multiple defendants and the fact that this case will be tried before a jury, supports the appointment of counsel. _Abdullah, Supra_, at 1036; _Moore v. Mabus_, 976 F.2d 268, 272 (5th Cir. 1992); _Jackson v. County_, 953 F.2d 1070, 1073 (7th Cir. 1992). Moreover, plaintiff has just recently ascertained that his maximum sentence expired in January of 1999 and the complaint must be amended and supplemented which cannot be done by plaintiff without adequate discovery, legal research, and copy of complaint and a lot of time.

### Conclusion

Wherefore the motion should be granted.

Date: November 29, 2000

Respectfully submitted
Charles Iseley
Charles Iseley
AM-4320, 1 Kelley Dr
Coal Twp., PA 17866

2