



# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,            :

      Plaintiff             :

      v.                  :      No. 1:00-CV-00577

W. CONWAY BUSHEY, et al.,    :      (Judge Kane)

      Defendants       :

**FILED**
HARRISBURG

DEC 1 3 2000

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

This is a civil rights action pursuant to 42 U.S. §1983 alleging violations of various amendments to the United States Constitution. Plaintiff, Charles Iseley, is a pro se prisoner currently incarcerated at the State Correctional Institution at Coal Township, Pennsylvania ("SCI-Coal Township"). Defendants are numerous employees or former employees of the Pennsylvania Department of Corrections ("DOC"), or employees of the Pennsylvania Board of Probation and Parole ("Board").

On November 26, 2000, Iseley filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction and supporting brief. Iseley requests the Court to issue an order directing the defendants to show cause why a preliminary injunction should not issue to alter his prison/parole file to "accurately reflect that the maximum expiration of his term occurred in August, 1999." He also requests that his file "correctly show that he received 87 years of credit at that time."

In October, 2000, Iseley filed a Motion for a Temporary Restraining Order and supporting brief. In that motion, Iseley requested that the Court issue a temporary restraining order against the defendants to bar them from continuing to utilize false information contained in his prison/parole records to keep him in prison.   Iseley alleged that his maximum sentence expired on July 21, 2000 and for years the defendants have refused to acknowledge this despite his numerous communications requesting them to do so.

Iseley's latest Motion for a Temporary Restraining Order and/or Preliminary Injunction is nothing more than a reiteration of his claim contained in the October, 2000 Motion for a Temporary Restraining Order. Both motions center on Iseley's argument that his maximum sentence has expired and that he is being held in prison illegally.  Defendants filed a Brief in Opposition to Iseley's first Motion for a Temporary Restraining Order, and addressed this claim and the legal issues.  For brevity reasons, defendants will not rebrief this claim; rather, they incorporate their brief filed on October 30, 2000 as a response to this repeated claim by Iseley, and they respectfully direct the Court to that brief.  Defendants are attaching as Exhibit "A" a copy of Iseley's October 5, 2000 Motion for a Temporary Restraining Order, and a copy of Defendants' Brief in Opposition, attached as Exhibit "B."

## CONCLUSION

For the foregoing reasons, the Court should deny Iseley's latest motion for a temporary restraining order and/or preliminary injunction

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

By: MARYANNE M. LEWIS
Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief Litigation Section

Office of Attorney General
15th Floor, Strawberry Sq.
Harrisburg, PA 17120
Direct Dial: (717) 787-9719
Fax: (717) 772-4526

DATE: December 13, 2000

# EXHIBIT "A"

C P
10/5
(42)

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY
    Plaintiff,

       v.

W. CONWAY BUSHEY, et al.,
    Defendants.

:
:
:
:
:
:

Civil Action No.
1:00-CV-00577

## MOTION FOR TEMPORARY RESTRAINING ORDER

    Comes the plaintiff, Charles Iseley, and respectfully requests the court for a temporary restraining order to be issued against the defendants to bar them from continuing to utilize false information contained in plaintiff's records against him for the reasons set forth in the accompanying brief in support of this motion.

Date: October 5, 2000

Respectfully submitted,

Charles Iseley
Charles Iseley
Am. 1130, 1 Kelley, Dr
Coal Twshp., PA 17866



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
Plaintiff,

v.

W. CONWAY BUSHEY, et al,
Defendants

Civil Action No
1:00-CV-00577

RECEIVED
OCT 18 2000

OFFICE OF ATTORNEY GENERAL
LITIGATION SECTION

BRIEF IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

The complaint specifically avers that there is false/inaccurate data in plaintiff's prison/parole records and that said data has and is being used to to keep him wrongfully in prison.

One primary and blatant example of this is that plaintiff's maximum sentence expired approximately on July 21, 2000, and yet he remains in the hole in a maximum security prison (plaintiff is currently in the hole at Crawford prison).

The defendants have utterly refused to correct the false/inaccurate information in plaintiff's files to keep him in prison. This is delineated in the attached declaration. Such deliberate and intentional actions against plaintiff is a clear violation of his constitutional rights.

Conclusion

Wherefore, the court should issue an order forthwith for a hearing to establish why a TRO should not be issued to correct the inaccurate/false data/files/records

Date: October 5, 2000

Respectfully submitted

Charles Iseley Am-8938
1 Kelley Dr.
Coal Township PA 17866

1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
   Plaintiff,                        :        Civil Action No.
   v                               :        1:00-CV-00577
W. COUNTY BUSHEY, et al,             :
   Defendants                         :

## DECLARATION

I, Charles Iseley, hereby declare under penalty of perjury that the following is true and correct:

1. On December 7, 1953, I received six prison sentences.

2. Five of the sentences (four 7½-15 year and a 1-2 year) were concurrent for an aggregate sentence of 7½-15 years. The sentence began on January 21, 1983 approximately.

3. The sixth sentence was a 5-10 year sentence which was to be served consecutive to the aforementioned 7½-15 year sentence.

4. The sixth sentence was to begin at the minimum expiration of the 7½-15 year sentence which occurred in 1990. This is clearly and easily verified via perusal of the Bucks County Sentence Sheet which was filled out and signed by the sentencing judge.

5. The defendants allege that my minimum sentence expiration is in 2008.

6. However, it is a fact that it was approximately on July 21, 2000, and that for years they have refused to acknowledge this despite my numerous communications requesting them to do so.

7. I am being held in prison illegally.

Date: October 5, 2000

                              Charles Iseley
                              Charles Iseley

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
    Plaintiff,

      v.

W. CONWAY BUSHEY, et al,
    Defendants

:
:
:
:
:
:
:
:
:

Civil Action No.
1:00-CV-00577

CERTIFICATE OF SERVICE

    I hereby certify that I caused to be served the foregoing Motion for Temporary Restraining Order, brief in support of same and Declaration by mailing copies of same to:

Maryanne Lewis, dep. atty. gen.
Office of Atty. Gen.
15th Floor, Strawberry Sq
Harrisburg, PA 17180

Date: October 5, 2000

Charles Iseley
Charles Iseley

Charles Isley, AM-9320
Box 244,
Graterford, PA 19426-0244



Maryanne Lewis, dep. atty gen.
Office of Atty. Gen.
15th Floor, Strawberry sq.,
Harrisburg, PA

INMATE MAIL
PA - DEPT OF CORRECTIONS

RECEIVED
OCT 1 ? 2000
OFFICE OF ATTORNEY GENERAL
LITIGATION SECTION

OCT 11'00
P.A.

PB METER
7830570

U.S. POSTAGE
:::: 033 ::::
***********





# EXHIBIT "B"

*MML*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,                          :

      Plaintiff                      :
                                       :

      v.                            :    No. 1:00-CV-0057 (Judge Kane)

W. CONWAY BUSHEY, et al.,                 :

      Defendants                     :

**FILED**
**HARRISBURG**

OCT 3 0 2000

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

### DEFENDANTS' BRIEF IN OPPOSITION
### TO PLAINTIFF'S MOTION FOR
### A TEMPORARY RESTRAINING ORDER

This is a civil rights action pursuant to 42 U.S. §1983 alleging violations of various amendments to the United States Constitution. Plaintiff, Charles Iseley is a pro se prisoner currently incarcerated at the State Correctional Institution at Coal Township[1], Pennsylvania ("SCI-Coal Township"). Defendants are numerous employees or former employees of the Pennsylvania Department of Corrections ("DOC"), or employees of the Pennsylvania Board of Probation and Parole ("Board").

On October 5, 2000, plaintiff filed a Motion for a Temporary Restraining Order and supporting brief.[2] In his motion and brief, Iseley requests that the Court issue a temporary restraining order against the defendants to bar them from continuing to utilize false information

---

[1] Iseley is currently housed at SCI-Graterford due to a Writ to appear in a court proceeding. Upon completion of the proceeding, Iseley will be returned to SCI-Coal Township.

[2] As noted in her motion for enlargement of time to respond to the motion, undersigned counsel received the motion on October 17, 2000. Due to the delay in receipt of the motion, counsel requested enlargement of time to respond to the motion on or before October 30, 2000.

contained in his prison/parole records to keep him in prison.   According to plaintiff, his maximum sentence expired on July 21, 2000 and for years the defendants have refused to acknowledge this despite his numerous communications requesting them to do so.  He also states that he is being held in prison illegally.  This brief is filed in response to plaintiff's motion and brief.

## QUESTION PRESENTED

**SHOULD THIS COURT DENY ISELEY'S
MOTION FOR A TEMPORARY RESTRAINING
ORDER BECAUSE THE REQUIREMENTS FOR
SUCH RELIEF HAVE NOT BEEN MET ?**

## ARGUMENT

**THE COURT SHOULD DENY ISELEY'S
MOTION FOR A TEMPORARY RESTRAINING
ORDER BECAUSE THE REQUIREMENTS
FOR SUCH RELIEF HAVE NOT BEEN MET**

### A.    The Standard For Obtaining a Temporary Restraining Order

In order to succeed in obtaining a temporary restraining order,  it must clearly appear "from the facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant." Fed. Rule Civ. P. 65(b).  The standards for a temporary restraining order are the same as those for a preliminary injunction. Bieros v. Nicola, 857 F. Supp 445, 446 (E.D. Pa 1994).  Thus, plaintiff must demonstrate: "(1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting the preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Brian B.v. Commonwealth, 2000 WL 1512846 (3rd Cir. Pa. 2000).

-2-

An injunction should issue only if the moving party produces evidence sufficient to convince the Court that all four factors favor preliminary relief. Merchants & Evans Inc. v. Roosevelt Bldg. Products Co., 963 F. 2d 628, 632-33 (3rd Cir. 1992). If either of the fundamental requirements--the likelihood of success on the merits and the probability of irreparable harm if relief is not granted--are absent, a district court may not grant the requested injunctive relief. McKeesport Hosp. V. Accreditation Council for Graduate Med. Educ., 24 F. 3d 519, 523 (1994); Hoxworth v. Binder Robinson & Co., 903 F. 2d 186, 197 (3rd Cir. 1990). When a prisoner requests injunctive relief, said request "must always be viewed with great caution because judicial restraint is especially called for in dealing with complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518, 528 (8th Cir. 1998); Forrest v. Nedab, 1999 WL 552546 at *3 (E.D. Pa. June 29, 1999).

Against these standards, Iseley's motion for a temporary restraining order should be denied.

**B.     Iseley Has Not Shown A Likelihood Of Success On The Merits Or That He Has Suffered Any Irreparable Injury**

Iseley claims that defendants have refused to correct false/inaccurate information in his files to keep him in prison. In his declaration Iseley states that "five of the sentences (four 7 ½ -15 year and a 1-2 year) were to run concurrent for an aggregate sentence of 7 ½ -15 years, and that the sentence began on January 21, 1983, approximately." According to Iseley, "the sixth sentence was a 5-10 year sentence which was to be served consecutive to the aforementioned 7 ½ -15 year sentence [and] the sixth sentence was to begin at the minimum expiration of the 7 ½ - 15 year sentence which occurred in 1990." Iseley further states that "his maximum sentence expiration was on July 21, 2000, [that] for years the defendants have refused to acknowledge this despite his

numerous communications regarding them to do so, [and] that he is being held in prison illegally.

(See Pl. Mot. for Temp. Rest. Order, Declaration, ¶¶1-7)

In       similar to this, the Commonwealth Court recognized that the Department of

Corrections was obligated to aggregate consecutive sentences into a single sentence with aggregated

minimum and maximum terms. Gillespie v. Commonwealth, 106 Pa. Cmwlth. 500, 527 A.2d 1061

(1987). The petitioner in Gillespie challenged the legality of the aggregation of his sentence by the

Department. In Gillespie the Court upheld the Department's authority to aggregate sentences, and

noted that "our reading of the statute and interpretive case law compels us to conclude that once the

sentencing court imposes a consecutive sentence, aggregation with other consecutive sentences is

automatic and mandatory under 42 Pa. C.S. § 9757."[3]   The court went on to recognize that the

"[d]epartment, not the Board, is responsible for calculating the maximum and minimum terms of the

prisoners committed to its jurisdiction." Gillespie, supra, at 507.   In addition, in Abraham v.

Department of Corrections, 150 Pa. Cmwlth. 81, 92, 615 A.2d 814, 819 (1992), the court reaffirmed

that aggregation is mandatory.

Defendants have attached to this brief a declaration from Raymond Reeder, Records

specialist at SCI-Coal Township. Reeder's duties and responsibilities as Record Supervisor include

sentence computation. (See Reeder Declaration ¶2) In his declaration, Reeder explains that Iseley's

aggregate sentence is 12 years 6 month to 25 years . This aggregate sentence is in accordance with

---

[3] 42. Pa. C.S. § 9757 provides "[w]henever the court determines that a sentence should be
served consecutively to one being then imposed by the court, or to one previously imposed, the
court shall indicate the minimum sentence to be served for the total of all offenses with respect to
which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum
sentence imposed.

Judge Kelton's sentencing orders. Attached as Exhibit "A" to Reeder's declaration is a copy of Iseley's commitment orders. The orders reveal that Iseley was sentenced in December of 1983 to a 7 ½ to 15 year term for the charges of Robbery, Burglary, Criminal Trespass, Terroristic Threats, plus other charges under case nos. 1372, 1373,1374, 1375 and 1513 of 1983. (See Reeder Declaration ¶4)  In addition, Judge Kelton sentenced Iseley to a 5 to 10 year term for the charges of Robbery, Burglary, Criminal Trespass, Receiving Stolen Property, Terroristic Threats, Reckless Endangerment, Simple Assault and Conspiracy under case no. 1576 of 1983. (See Reeder Declaration ¶5)  This sentence was to run consecutive to the 7 ½ to 15 year sentence. (See Reeder Declaration ¶5)

Iseley's sentences were not aggregated until April 28, 1998, when upon review of his file it was noticed that four of the 7 ½ to 15 years terms had been reported as concurrent. (See Reeder Declaration ¶7)  Upon discovery of this error, Iseley's sentence was aggregated to a term of 12 years 6 months to 25 years.  The expiration of Iseley's minimum sentence was July 22, 1995 and his maximum sentence date is January 22, 2008. (See Reeder Declaration ¶8)

Based upon the information provided by Raymond Reeder, Records Supervisor, Iseley's declaration is without merit. The facts contained in the declaration are simply inaccurate. Iseley is not being held in prison illegally. To the contrary, Iseley's aggregate sentence of 12 years, 6 months to 25 years is in accordance with Judge Kelton's sentence. Here, Iseley has not demonstrated that he has a probability of success on the merits of his claim or that he has suffered irreparable injury, loss or damage. Because the fundamental requirements—likelihood of success on the merits and the probability of irreparable harm are absent—the requested temporary restraining order should be denied.

## CONCLUSION

For the forgoing reasons, the Court should deny plaintiff's motion for a temporary restraining order.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

By: _____

**MARYANNE M. LEWIS**
**Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief Litigation Section**

Office of Attorney General
15th Floor, Strawberry Sq.
Harrisburg, PA  17120
Direct Dial:  (717) 787-9719
Fax:  (717) 772-4526

DATE:  October 30, 2000

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,                          :
                                         :
            Plaintiff                    :
                                         :
      v.                                 :        No. 1:00-CV-00577
                                         :        (Judge Kane)
W. CONWAY BUSHEY, et al.,                :
                                         :
            Defendants                   :

## UNSWORN DECLARATION OF RAYMOND REEDER

I, Raymond Reeder, hereby declare under the penalty of perjury that the following is true and correct and from my personal knowledge:

1.      I am currently employed by the Pennsylvania Department of Corrections ("DOC"), as the Records Supervisor at the State Correctional Institution at Coal Township. ("SCI-Coal Township"). I have held this position since February, 1997.

2.      As Records Supervisor, I am responsible for storing the official inmate files (known as the DC-15). My duties and responsibilities include but are not limited to sentence computation, sentence structure, coordination of all inmate transfers, and identification of inmates subject to DNA testing and Megan's Law registration.

3.      Charles Iseley, AM-9320, is an inmate incarcerated at SCI-Coal Township[1], and I am familiar with his DC-15. On October 20, 2000, I received a telephone call from Maryanne Lewis, Deputy Attorney General, requesting that I verify his sentence, pursuant to a motion that he filed before this Court. I reviewed Iseley's file and have verified his sentence.

---

[1]Currently Iseley is temporarily housed at SCI-Graterford due to a Writ to appear in a court proceeding. Upon completion of the proceeding, he will be returned to SCI-Coal Township.

4.      In December of 1983, Iseley was sentenced by Judge George T. Kelton to serve   7
½ to 15 years at a state correctional institution for the charges of  Robbery (8 counts), Burglary,
(3 counts),  Criminal Trespass (3 counts), Terroristic Threats ( ⁃⁃⁃⁃⁃ts), plus other charges under
case nos. 1372, 1373, 1374, 1375 & 1512 of 1983.    (See **Exhibit "A"** attached)

5.      Judge Kelton also sentenced Iseley to 1 to 2 years concurrent for Resisting Arrest,
under case no. 1241 of 1983.  Additionally, Iseley was sentenced  to 5 to 10 years for the charges
of Robbery, Burglary, Criminal Trespass, Receiving Stolen Property, Terroristic Threats, Reckless
Endangerment, Simple Assault and Conspiracy under case no. 1576 of 1983.  It is specified that this
sentence is to run **consecutive** to case nos. 1372, 1373, 1374, 1375, and 1513 of 1983.  (See **Exhibit
"A"** attached)

6.      In accordance with Judge Kelton's sentencing orders,  Iseley's aggregate sentence
is 12 years 6 months to 25 years.

7.      According to Iseley's sentence information, his sentences were not aggregated until
April 28, 1998.  Upon review of his file, it was noticed that four of the 7 ½ to 15 year terms had
been reported as **concurrent**.  Theses concurrent terms were not in accordance with the Court's
sentence, as the 5 to 10 year  term is to be **consecutive** to the 7 ½ to 15 year sentence.  (See **Exhibit
"B"** attached)

8.      Upon discovery of the error, Iseley's sentence was aggregated to a term of 12 years
6 months to **25 years**.   The expiration of Iseley's minimum sentence was July 22, 1995 and his
maximum date is January 22, 2008.   (See **Exhibit "B"** attached)

OCT-30-00 MON 11:58      ATTORNEY GENERAL          FAX NO. 717 772 4528          P. ( .1


10.30.00
DATE


RAYMOND KELDER
Record Supervisor
SCI-Coal Township

-3-

**Exhibit "A"**

JBC-300B (PART I)
(Rev. 2-90)

**COURT COMMITMENT**

STATE OR COUNTY CORRECTIONAL INSTITUTION

Commonwealth of Pennsylvania

vs.

Iseley, Charles W., Jr.

COMMITMENT NAME (LAST, FIRST, INITIAL, SUFFIX)

Type or Print Legibly

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF JUSTICE
BUREAU OF CORRECTION
BOX 598, CAMP HILL, PA 17011

NOTE: Additional supply of this form available at above
address:

☐ JBC-300B (Part II) attached

| SEX ☐ F ☒ M | DATE OF BIRTH 7-4-64 | SID | OTN B9550564 | COURT OF INITIAL JURISDICTION ☐ | COMMON PLEAS ☒ |

| COMMITTING COUNTY/MAGISTERIAL DISTRICT Bucks County | COURT NUMBER 1372 of | DATE - TERM 1983 |

The above defendant after ☒ pleading guilty ☐ nolo contendre ☐ being found guilty was on

December 7 19 83 sentenced by Judge/~~District Justice~~ George T. Kelton to a term of

not less than 7½ years months days nor more than 15 years months days, or

for the offense of 2 counts of Robbery; Burglary
**SEE BELOW**

(Section of the Crimes Code) or (other statute)

It is further ordered that the said defendant be delivered by the proper authority to and treated as the law

directs at the State Correctional facility located at Graterford, PA .

| FINE AMOUNT $ _____ To Be Paid To: ☐ COUNTY  ☐ COMMONWEALTH | COSTS AMOUNT $ 188.36 To Be Paid By: ☐ COUNTY  ☒ DEFENDANT | RESTITUTION |

| CREDIT FOR TIME SERVED (EXPLANATION OF CREDIT COMPUTATION ON REVERSE SIDE) From January 25, 1983 to December 8, 1983 | EFFECTIVE DATE OF SENTENCE December 7, 1983 |

This sentence shall be deemed to run concurrent to any existing sentences, effective the date of imposition unless otherwise stipulated below:
This sentence to run concurrent with 83-1373 thru 83-1375 and 83-1513 and
83-1241
=========================================================================
****11 Counts of conspiracy.
    Crim. Trespass; Terroristic Threats 2 counts; Theft by unlawful taking;
    RSP; Poss of instrument of crime; Prohibited Offensive Weapons; 2 counts of
    Simple Assault;Recklessly endanger. another; Carrying firearms without licen

| PROSECUTING ATTORNEY Robert Goldman, A.D.A. | DISPOSITION OF NON-INCARCERATION OFFENSE(S) |
| DEFENSE ATTORNEY Theodore Q. Thompson | |
| COURT REPORTER Victor Blum | (THIS BLOCK NOT TO BE USED FOR INCARCERATION OFFENSE) |

In witness, whereof I have hereunto set my hand and seal of said

court, this 9th day of December 19 83 .

Catherine Kennedy

DEPUTY        AUTHORIZED SIGNATURE

JBC-300B (PART I)
(Rev. 2-80)

.pe or Print Legibly

**COURT COMMITMENT**
**STATE OR COUNTY CORRECTIONAL INSTITUTION**
Commonwealth of Pennsylvania
vs.

Iseley, Charles W.,,Jr.

COMMITMENT NAME (LAST, FIRST, INITIAL, SUFFIX)

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF JUSTICE
BUREAU OF CORRECTION
BOX 598, CAMP HILL, PA 17011

NOTE: Additional supply of this form available at above address:
☐ JBC-300B (Part II) attached

| SEX ☐ F ☒ M | DATE OF BIRTH 7-4-64 | SID | OTN B9550704 | COURT OF INITIAL JURISDICTION ☐ | COMMON PLEAS ☒ |

| COMMITTING COUNTY/MAGISTERIAL DISTRICT BUCKS COUNTY | COURT NUMBER 1373 of | DATE · TERM 1983 |

The above defendant after   ☒ pleading guilty   ☐ nolo contendre   ☐ being found guilty   was on

December 7, 1983 sentenced by Judge/~~Xxxxxxxxx~~ George T. Kelton to a term of

not less than 7½ years months days nor more than 15 years months days, or

for the offense of 2 counts of Robbery; Burglary;Cri
Trespass *SEE
BELOW*

(Section of the Crimes Code) or (other statute)

It is further ordered that the said defendant be delivered by the proper authority to and treated as the law

directs at the State Correctional facility located at Graterford, PA .

| FINE AMOUNT $ To Be Paid To: ☐ COUNTY ☐ COMMONWEALTH | COSTS AMOUNT $ 271.82 To Be Paid By: ☐ COUNTY ☒ DEFENDANT | RESTITUTION |

| CREDIT FOR TIME SERVED (EXPLANATION OF CREDIT COMPUTATION ON REVERSE SIDE) From January 27, 1983 to December 8, 1983. | EFFECTIVE DATE OF SENTENCE December 7, 1983 |

This sentence shall be deemed to run concurrent to any existing sentences, effective the date of imposition unless otherwise stipulated below:
This sentence to run concurrent with 83-1241, 83-1372 thru 1375 and 83-1513
===========================================================================
***Theft by unlawful taking; RSP; 2 counts Simple Assault; 2 counts Terr. Thre
Recklessly endangering another 2 counts; poss of instrument of crime; Carrying
firearm without license; 10 counts of conspiracy.

| PROSECUTING ATTORNEY Robert Goldman, A.D.A. | DISPOSITION OF NON-INCARCERATION OFFENSE(S) |
| DEFENSE ATTORNEY Theodore Q. Thompson | |
| COURT REPORTER Victor Blum | (THIS BLOCK NOT TO BE USED FOR INCARCERATION OFFENSE) |

In witness, whereof I have hereunto set my hand and seal of said

court this 9th day of December 19 83

Catherine Kennedy

DEPUTY                 AUTHORIZED SIGNATURE

JBC-300B (PART I)
(Rev. 2-80)

ype or Print Legibly

**COURT COMMITMENT**

**STATE OR COUNTY CORRECTIONAL INSTITUTION**

Commonwealth of Pennsylvania

vs.

Iseley, Charles W., Jr.

COMMITMENT NAME (LAST, FIRST, INITIAL, SUFFIX)

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF JUSTICE
BUREAU OF CORRECTION
BOX 598, CAMP HILL, PA 17011

NOTE: Additional supply of this form available at above address:
☐ JBC-300B (Part II) attached

| SEX ☐ F ☒ M | DATE OF BIRTH 7-4-64 | SID | OTN B954615-4 | COURT OF INITIAL JURISDICTION ☐ | COMMON PLEAS ☒ |

| COMMITTING COUNTY/MAGISTERIAL DISTRICT Bucks County | COURT NUMBER 1241 of | DATE - TERM 1983 |

The above defendant after ☒ pleading guilty  ☐ nolo contendre  ☐ being found guilty  was on

December 7, 19 83 sentenced by Judge/District Justice ~~XXXXXXXXX~~ George T. Kelton to a term of

not less than 1 years months days nor more than 2 years months days, or

for the offense of Resisting Arrest or other law enforcement

(Section 5104 of the Crimes Code) or (other statute)

It is further ordered that the said defendant be delivered by the proper authority to and treated as the law

directs at the State Correctional facility located at Graterford, PA

| FINE AMOUNT $ To Be Paid To: ☐ COUNTY  ☐ COMMONWEALTH | COSTS AMOUNT $ 352.35 To Be Paid By: ☐ COUNTY  ☒ DEFENDANT | RESTITUTION |

| CREDIT FOR TIME SERVED (EXPLANATION OF CREDIT COMPUTATION ON REVERSE SIDE) | EFFECTIVE DATE OF SENTENCE |

From February 1,1983 to March 16, 1983 | December 7, 1983

This sentence shall be deemed to run concurrent to any existing sentences, effective the date of imposition unless otherwise stipulated below

**This sentence is concurrent with 83-1372 thru 83-1375 and 83-1513**

| PROSECUTING ATTORNEY Robert Goldman, A.D.A | DISPOSITION OF NON-INCARCERATION OFFENSE(S) |
| DEFENSE ATTORNEY Theodore O. Thompson | |
| COURT REPORTER Victor Blum | (THIS BLOCK NOT TO BE USED FOR INCARCERATION OFFENSE) |

In witness, whereof I have hereunto set my hand and seal of said

court, this 9th day of December 19 83

Catherine Kennedy

DEPUTY          AUTHORIZED SIGNATURE

FORM JBC-300A
(7-75)

## COURT COMMIT......T

### STATE OR COUNTY CORRECTIONAL INSTITUTION

Commonwealth of Pennsylvania

vs.

*CHARLES W. ISLEY*
DEFENDANT

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF JUSTICE
BUREAU OF CORRECTION
BOX 598, CAMP HILL, PA.  17011

NOTE: Additional supply of this form available at above address.

| COMMITTING COUNTY | | | SEX | DATE OF BIRTH |
|---|---|---|---|---|
| *BUCKS COUNTY* | ☐ LOCAL MAGISTRATE<br>☒ COMMON PLEA<br>☒ CRIMINAL DIV. | | ☐ FEMALE<br>☒ MALE | *7/4/64* |

| INDICTMENT | DATE - TERM | OFFENSE TRACKING NUMBER (OTN) |
|---|---|---|
| COMPLAINT NUMBER: *1576- 1983*<br>COURT | | *B955039-1* |

The above defendant after ☒ pleading guilty ☐ being found guilty was on *DECEMBER 7,    1983*   sentenced

by Judge *GEORGE T. KELTON* _____ to a term of not less than *6* years____months____days

nor more than *10* years____months____days, or____

for the offense(s) of *ROBBERY, BURGLARY, CRIMINAL TRESPASS, POSS/ INST/ CRIME, RSP, TERR/ THREATS, RECI*
*SIMPLE ASULT, CONSP.*                                                                                                              *ENDG*

(Section _____of the Crimes Code) or (other statutes _____).

It is further ordered that the said defendant be delivered by the sheriff to and treated as the law directs at the

*STATE CORRECTIONAL INST.* _____ facility located at ____*GRATERFORD, PENNA.*

CREDIT FOR TIME SERVED (THE REVERSE SIDE OF THIS FORM IS USED FOR COMPUTING CONSECUTIVE OR CONCURRENT SENTENCING)

*CREDIT FOR TIME SERVED.*
FROM *1-22-1983*

EFFECTIVE DATE OF SENTENCE
*DEC. 7, 1983*

| FINE | COSTS *$111.62* | RESTITUTION |
|---|---|---|
| TO BE PAID TO:<br>☐ COUNTY   ☐ COMMONWEALTH | TO BE PAID BY: *w/in 6 months of release.*<br>☐ COUNTY   ☒ DEFENDANT | |

THIS SENTENCE SHALL BE DEEMED TO RUN CONCURRENT TO ANY EXISTING SENTENCES, EFFECTIVE THE DATE OF IMPOSITION UNLESS OTHERWISE STIPULATED BELOW:

*CONSECUTIVE  TO # 1372-1373-1374-1375-1513- 1241- 1983*

PROSECUTING ATTORNEY

*ADA: ROBERT GOLDMAN*
DEFENSE ATTORNEY

*T. THOMPSON*
COURT REPORTER

*VIC. BLUM*

DISPOSITION OF OTHER CHARGES

(Seal)

In witness, whereof I have hereunto set my hand and seal of said

court, this____*7th*____ day of *DECEMBER*____ 19*83*

*Deputy B. E. Berry*
AUTHORIZED SIGNATURE

rr. y 1 ur two.

JBC-300B (PART I)
(Rev. 2-80)

COURT COMMITMENT
STATE OR COUNTY CORRECTIONAL INSTITUTION
Commonwealth of Pennsylvania
vs.
Iseley, Charles William
COMMITMENT NAME (LAST, FIRST, INITIAL, SUFFIX)

.. or Print Legibly

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF JUSTICE
BUREAU OF CORRECTION
BOX 598, CAMP HILL, PA 17011
NOTE: Additional supply of this form available at above address:
☒ JBC-300B (Part II) attached

| SEX ☐ F ☒ M | DATE OF BIRTH 7/4/64 | SIO | OTN B955075-2 | COURT OF INITIAL JURISDICTION ☐ | COMMON PLEAS ☒ |

COMMITTING COUNTY Bucks County     COURT NUMBER 83-1374     DATE - TERM

The above defendant after ☒ pleading guilty ☐ nolo contendre ☐ being found guilty was on

December 7, 19 83 sentenced by Judge/District Justice George T. Kelton to a term of

not less than 7½ years months days nor more than 15 years months days, or

for the offense of Robb,Burg,Crim Tresp,Theft,RSP.
Poss instr of crime,Prohib offensive weapons,Simp assult,Agg assault, Reck
(Section of the Crimes Code) or (other statute) Endanger,Terr threats,Carry
firearm w/out license,Consp.to all cnts

It is further ordered that the said defendant be delivered by the proper authority to and treated as the law

directs at the State Correctional facility located at Graterford, Penna.

| FINE AMOUNT $ | COSTS AMOUNT $ 234.08 | RESTITUTION |
| To Be Paid To: ☐ COUNTY ☐ COMMONWEALTH | To Be Paid By: ☐ COUNTY ☒ DEFENDANT | |

CREDIT FOR TIME SERVED (EXPLANATION OF CREDIT COMPUTATION ON REVERSE SIDE)
Credit for time served from January 31, 1983.

EFFECTIVE DATE OF SENTENCE
December 7, 1983

This sentence shall be deemed to run concurrent to any existing sentences, effective the date of imposition unless otherwise stipulated below:

Concurrent with 83-1241,1372,1373,1375,1513.

PROSECUTING ATTORNEY
A.D.A. Robert Goldman

DEFENSE ATTORNEY
Theodore Q. Thompson, Esq.

COURT REPORTER
Victor Blum

DISPOSITION OF NON-INCARCERATION OFFENSE(S)

(THIS BLOCK NOT TO BE USED FOR INCARCERATION OFFENSE)

(SEAL)

In witness, whereof I have hereunto set my hand and seal of said

court, this 8th day of December 19 83

Deputy Clerk of Court AUTHORIZED SIGNATURE

Con~inued from pg. #1.

BC-300B (PART II)
(Rev. 2/80)
(TO BE ATTACHED TO PART I — COURT COMMITMENT)

type or Print Legibly

COURT COMMITMENT
CONTINUATION SHEET
STATE OR COUNTY CORRECTIONAL INSTITUTION
Commonwealth of Pennsylvania

vs.

Isel~, Charles

COMMITMENT NAME (LAST, FIRST, INITIAL, SUFFIX)

COMMONWEALTH OF PENNSYLVANIA
BUREAU OF CORRECTION
BOX 598, CAMP HILL, PA. 17011

NOTE: Additional supply of this form available at above address:

| COURT NUMBER | OFFENSE TRACKING NUMBER (OTN) |
|---|---|
| 83-1375 | B955096-2 |

The above defendant after ☒ pleading guilty ☐ nolo contendre ☐ being found gulity was on

__December 7, 19 83__ sentenced by Judge/District Justice __George T. Kelton__ to a term of

not less than __7½__ years__ months__ days nor more than __15__ years__ months__ days, or__

____for the offense of __Robb(2cts),Theft,RSP,Poss inst o__
crime,Prohib off weapons,Simp assault(3cts),Agg assault(2cts),Reck end,Terr thr
(Section__of the Crimes Code) or (other statute) Carry firearm w/out license

| FINE | COSTS | RESTITUTION |
|---|---|---|
| AMOUNT $ | AMOUNT $ 274.38 | |
| To Be Paid To: | To Be Paid By: | |
| ☐ COUNTY ☐ COMMONWEALTH | ☐ COUNTY ☒ DEFENDANT | |

CREDIT FOR TIME SERVED
Credit for time served from February 15, 1983.

EFFECTIVE DATE OF SENTENCE
December 7, 1983

This sentence shall be deemed to run concurrent to any existing sentences, affective the date of imposition unless otherwise stipulated below:
Concurrent to 83-1241,1372,1373,1374,1513.

| COURT NUMBER | OFFENSE TRACKING NUMBER (OTN) |
|---|---|
| 83-1513 | B9536155 |

The above defendant after ☒ pleading gulity ☐ nolo contendre ☐ being found gulity was on

__December 7__, 19 83 sentenced by Judge/District Justice __George T. Kelton__ to a term of

not less than __7½__ years__ months__ days nor more than __15__ years__ months__ days, or__

____for the offense of __Robbery, Theft, RSP, Simp assaul__

(Section__of the Crimes Code) or (other statute)__

| FINE | COSTS | RESTITUTION |
|---|---|---|
| AMOUNT $ | AMOUNT $ 179.28 | |
| To Be Paid To: | To Be Paid By: | |
| ☐ COUNTY ☐ COMMONWEALTH | ☐ COUNTY ☒ DEFENDANT | |

CREDIT FOR TIME SERVED
Credit for time served from February 3, 1983.

EFFECTIVE DATE OF SENTENCE
December 7, 1983

This sentence shall be deemed to run concurrent to any existing sentences, effective the date of imposition unless otherwise stipulated below:

(Seal)

In witness of the above sentence(s) for offense(s) as well as those found on the reverse side of this document, I have hereunto set my hand and seal of said court

this __8th__ day of __December__ 19 83

Donna Lynne Schupl

Deputy Clerk of Courts    AUTHORIZED SIGNATURE

**Exhibit "B"**

```
PA DEPT. OF CORRECTIONS        INMATE RECORDS SYSTEM        RUN:      YR101PRG
BUREAU OF DATA PROCESSING          JACKET REPORT           DATE:      5/04/2000
REMOTE PRINT TIME 10:50        SENTENCE INFORMATION        PAGE:       2.01.00
==============================================================================
INMATE NUMBER: AM9320  NAME: ISLEY CHARLES W
```

CONTINUED FROM INMATE NUMBER:              ADDITIONAL SENTENCE(S)/DETAINER(S): YES

SENTENCE STATUS: ACTIVELY SERVIT            STATUS DATE:  9/28/1999
PAROLE STATUS: NOT APPLICABLE              STATUS DATE: NOT AVAILABLE

MINIMUM OFFENSE: CC3701     ROBBERY (GENERAL)
MAXIMUM OFFENSE: CC3701     ROBBERY (GENERAL)

```
                              CONTROLLING MINIMUM          CONTROLLING MAXIMUM
                              -------------------          -------------------
            CLASS OF SENTENCE: INDETERMINATE                INDETERMINATE
     SEXUAL VIOLENT PREDATOR: UNK                           UNK
           SENTENCING COUNTY: BUCKS                         BUCKS
           INDICTMENT NUMBER: 1375                          1375
              TERM OF COURT: 0083                          0083
            TYPE OF SENTENCE: STATE                         STATE
STATE (TRANSFER TO/FROM):
                      JUDGE: KELTON G                       KELTON G
   OFFENSE TRACKING NUMBER: B9550962                       B9550962
     GUILTY BUT MENTALLY ILL: NO                            NO
              SENTENCE DATE: 12/07/1983                    12/07/1983
       SENTENCE START DATE: 12/07/1983                    12/07/1983
         COMMITMENT CREDIT:   0 YRS   0 MOS 319 DAYS     0 YRS   0 MOS 319 DAYS
            EFFECTIVE DATE: 1/22/1983                    1/22/1983
            COURT SENTENCE: 12 YRS   6 MOS   0 DAYS    25 YRS   0 MOS   0 DAYS

          FACTORED SENTENCE: 12 YRS   6 MOS   0 DAYS    25 YRS   0 MOS   0 DAYS
          APPLY EARN TIME: NO                           NOT APPLICABLE
         MAXIMUM EARN TIME:                    0 DAYS   NOT APPLICABLE
         REVOKED EARN TIME:                    0 DAYS   NOT APPLICABLE
                 BAIL TIME:   0 YRS   0 MOS   0 DAYS     0 YRS   0 MOS   0 DAYS
               ESCAPE TIME:   0 YRS   0 MOS   0 DAYS     0 YRS   0 MOS   0 DAYS
  SENT. INTERRUPTION TIME:   0 YRS   0 MOS   0 DAYS     0 YRS   0 MOS   0 DAYS
           EXPIRATION DATE: 7/22/1995                    1/22/2008
    PV RECOMPUTED MAX DATE:                              NOT AVAILABLE
```

REMARKS:                                        COMPUTER CALCULATED: YES
ON 4/28/98 UPON REVIEW, IT WAS FOUND CS 5-10Y TERM AT CP#1576,'83, IS CS TO
FIVE 7Y6M-15Y CC SENTENCES AT BUCKS CO CP#1372,1373,1374,1375,1513,'83.  THE
RESULT IS ONE AGGREGATION OF 12Y6-25 YRS.  FOUR OF THE 7Y6M-15Y TERMS HAD
PREVIOUSLY BEEN REPORTED AS U/L CC.

SENTENCE CHANGE TYPE: RECOMPUTED      CHANGE DATE:  9/13/1996
SENTENCE CHANGE BASIS:
THE DC23B OF 9-13-96 WAS DONE TO CORRECT A CREDIT ERROR BY SCI-GRATERFORD.  RPF

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,                      :
                                     :
        Plaintiff                    :
                                     :
        v.                           :        No. 1:00-CV-00577
                                     :        (Judge Kane)
W. CONWAY BUSHEY, et al.,            :
                                     :
        Defendants                   :

## CERTIFICATE OF SERVICE

        I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this date

I caused to be served the foregoing Defendants' Brief in Opposition to Plaintiff's Motion for A

Temporary Restraining Order, by depositing a copy of the same in the United States mail,

postage prepaid, in Harrisburg, PA., addressed to the following:

Charles Iseley, #AM-9320
SCI-Graterford
Box 244
Graterford, PA  19426-0244


                                        _____
                                        MARYANNE M. LEWIS
                                        DEPUTY ATTORNEY GENERAL


DATE:  October 30, 2000

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,                    :
                                   :
    Plaintiff              :
                                   :
    v.                     :        No. 1:00-CV-00577
                                   :        (Judge Kane)
W. CONWAY BUSHEY, et al.,          :
                                   :
    Defendants              :

## CERTIFICATE OF SERVICE

I, **Maryanne M. Lewis**, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing **Defendants' Brief in Opposition to Plaintiff's Motion for A Temporary Restraining Order and/or Preliminary Injunction,** by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

**Charles Iseley, #AM-9320**
**SCI-Coal Township**
**1 Kelley Drive**
**Coal Township, PA 17866-1020**


                                    **MARYANNE M. LEWIS**
                                    **Deputy Attorney General**

**DATE: December 13, 2000**