IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUDGE'S COPY

CHARLES ISELEY,
    Plaintiff,

      v.

W. CONWAY BUSHEY, et al,
    Defendants.

:   Civil Action No.
:    1:00-CV-00577
:
:     **FILED**
:   HARRISBURG, PA
:
:    JAN 5 2001
:
MARY E. D'ANDREA, CLERK
By_____
      Deputy Clerk

## MOTION TO COMPEL DISCOVERY

    Plaintiff respectfully requests the court for an order compelling the defendants to respond to his discovery requests for the reasons set forth in the accompanying brief in support of this motion.

Date: January 4, 2001
~~December 24, 2000~~

Respectfully submitted,

_Charles Iseley_
Charles Iseley
AM-9320, 1 Kelley Dr.
Coal Twp., PA 17866

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
    Plaintiff,

    V.

W. CONWAY BUSHEY, et al.,
    Defendants.

:
:
:
:
:
:

Civil Action No.
1:00-CV-00577

## BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

The defendants have intentionally refused to adequately respond to plaintiff's Second Request for production of documents and Interrogatories to Defendant Bushey in order to bar plaintiff from proving his case. They have further inadequately responded to the Interrogatories to Defendant Horn for the same reasons. All of the requested discovery is relevant and no valid reason exists for the denial

Wherefore the court should direct the defendants to respond to the requested discovery requests.

Date: ~~December 19, 2000~~ January 4, 2001

Respectfully submitted,

Charles Iseley
Charles Iseley
AM-9320, 1 Kelley Dr.
Coal Twp., PA 17866

IN THE UNITED STATES DISTRICT COURT    11/23
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
    Plaintiff,
    v.
W. CONWAY BUSHEY, et al.,
    Defendants.

Civil Action No.
1:00-CV-00577

## INTEROGATORIES TO DEFENDANT BUSHEY

Pursuant To Rule 33, FRCP, plaintiff submits The following interogatories. You are directed to answer each of the interogatories in writing under oath within Thirty days of service:

1. Explain why, exactly, plaintiff must receive a favorable DOC recommendation before he may become eligible for parole release.

2. Explain exactly why plaintiff's misconduct reports bar him from obtaining parole release.

3. What are The PBPP's obligations/responsibilities to the DOC?

4. State exactly what the criteria are for determining whether a prisoner is suitable for parole release.

5. Explain exactly what the PBPP's duties/obligations/responsibilities are to its client (ie, plaintiff).

6. Explain exactly what the policies/procedures/rules/practices are for investigating asserted false/inaccurate data in a client's records/files.

7. Explain exactly what the PBPP's penological goals/procedures are.

8. State exactly what the PBPP's penological goals/procedures are.

9. State exactly why plaintiff was not reviewed at the minimum expiration of any of his sentences (i.e., his concurrent sentences, his consecutive sentence, his aggregated sentence.

10. State exactly how plaintiff could be serving a 17½ to 35 year sentence after 1998 when he served the entirety of all his sentences at that juncture, save one (i.e., plaintiff maxed out all his 15 year sentences' and his 2 year sentence minimums).

11. State exactly why plaintiff was denied parole each time - explaining in detail the rationale and reasons for the decisions.

12. State the policies/procedures followed to corroborate the accuracy of plaintiff's records/files.

13. State exactly what the penological/rehabilitave justifications are for denying plaintiff medical care for being beyond his minimum sentence.

14. Provide the true identities for any and all defendants who are not properly identified in the complaint.

15. ~~State each t~~ Define exactly what good prison adjustment is.

16. Define exactly what poor prison adjustment is.

17. Define exactly what substance abuse is.

18. State exactly what plaintiff's parole rights are pursuant to state/federal law and state/Board regulations/policies/rules/procedures/etc.

2

19. Approximately what percentage of prisoners in the past five years were granted parole without favorable DOC recommendation?

20. How useful and accurate are plaintiff's psychiatric/psychological evaluation or refusal of same in denying parole to him?

Date: November 23, 2000                    Respectfully submitted,

                                           Charles Isley
                                           Charles Isley
                                           AM-9320, 1 Kelley Dr.
                                           Coal Twshp., PA 17866

5



COMMONWEALTH OF PENNSYLVANIA
**OFFICE OF ATTORNEY GENERAL**

MIKE FISHER
ATTORNEY GENERAL

**December 18, 2000**

15th Floor, Strawberry Sq.
Harrisburg, PA 17120
**DIRECT DIAL: (717) 787-9719**
**FAX: (717) 772-4526**

**Charles Iseley, #AM-9320**
**SCI-Coal Township**
**1 Kelley Drive**
**Coal Township, PA 17866**

Re:    *Iseley v. Bushey, et al.*
       No. 1:00-CV-0577 (M.D.Pa.)

Dear Mr. Iseley:

I am returning your Interrogatories to Defendant Bushey. Please be advised that defendant Bushey in his present position at the Pennsylvania Board of Probation and Parole, as Director of Grants and Standards Division, nor in his past position as Secretary to the Board, has no personal knowledge regarding the requests contained in the Interrogatories.

In addition, some of the interrogatories are irrelevant to the claims in your complaint and unlikely to lead to admissible evidence. I suggest you review these interrogatories and resubmit them to the appropriate party.

Very truly yours,

MARYANNE M. LEWIS
Deputy Attorney General

lls
Enclosure

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,                          :
                                         :
      Plaintiff                   :
                                         :
      v.                          :     No.  1:00-CV-00577
                                         :     (Judge Kane)
W. CONWAY BUSHEY, et al.,                 :
                                         :
      Defendants                  :


## DEFENDANTS' RESPONSES TO SECOND SET
## OF REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants hereby respond to plaintiff's Second Request for Production of Documents. Plaintiff may inspect and photocopy the documents upon written request to the Assistant to the Superintendent at SCI-Coal Township. Plaintiff may photocopy the produced documents at his own expense at the institution's rate.

    1.    **OBJECTION.** Defendants object to this request as vague in that defendants do not know what he is referring as to "other reports".

    2.-5.    **OBJECTION.** Defendants object to this request as overbroad and irrelevant to plaintiff's claims, and unlikely to lead to admissible evidence.

    6.    **OBJECTION.** Defendants object to this request as containing documents that if released could pose a threat to the security of the institution. Without waiving that privilege, plaintiff may inspect a copy of the documents identified in Interrogatory 13.

    7.    Counsel for defendants has not identified the documents that will be used at trial. When these documents have been identified, undersigned counsel will supplement this response.

    8.    Plaintiff may inspect a copy of the DOC Code of Ethics.

9.     **OBJECTION.** Defendants object to this request as irrelevant to plaintiff's claim and unlikely to lead to admissible evidence.

10.     **OBJECTION.** Defendants object to this request as privileged and containing information that if released could cause a threat to the security of the institution and compromise the DOC's ability to rehabilitate the plaintiff. Without waiving this objection, DOC parole information is found in the Inmate Handbook, which is issued to all inmates. In addition, criteria specific to an individual inmate's parole is found on his/her green sheet.

11.     **OBJECTION.** Defendants object to this request as privileged and containing information that if release could undermine the secure and orderly operation of the Board and compromise the Board and its staff's ability to rehabilitate the plaintiff. In addition, information specific to an individual inmate's parole criteria is found on his/her green sheet.

**D. MICHAEL FISHER**
**Attorney General**

BY: _____

**MARYANNE M. LEWIS**
**Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**Office of Attorney General**
**Litigation Section**
**15th Fl., Strawberry Square**
**Harrisburg, PA 17120**
**(717) 787-9719**

**DATED: December 21, 2000**

-2-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES ISELEY,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | No. 1:00-CV-00577 |
| | : | (Judge Kane) |
| **W. CONWAY BUSHEY, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, **Maryanne M. Lewis**, Deputy Attorney General, hereby certify that on this date I caused

to be served the foregoing **Defendants' Responses to Second Request for Production of**

**Documents**, by depositing a copy of the same in the United States mail, postage prepaid, in

Harrisburg, PA., addressed to the following:

Charles Iseley, #AM-9320
SCI-Coal Township
1 Kelley Drive
Coal Township, PA 17866

_____
MARYANNE M. LEWIS
Deputy Attorney General

DATE: December 21, 2000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,                          :
                                         :
      Plaintiff                     :
                                         :
v.                                       :        No. 1:00-CV-00577
                                         :        (Judge Kane)
W. CONWAY BUSHEY, et al.,                :
                                         :
      Defendants                    :


## RESPONSES TO INTERROGATORIES DIRECTED
## TO DEFENDANT HORN

    1.    State exactly the reasons why plaintiff was denied a favorable parole recommendation at each relevant parole opportunity.

## RESPONSE:

    **OBJECTION.**  Defendant Horn objects to this interrogatory as overbroad, burdensome, and irrelevant to plaintiff's claim; further it is unlikely to lead to the discovery of admissible evidence.

    By way of further answer, inmates have no right, constitutional or otherwise, to parole. In situations where inmates will be reviewed by the Pennsylvania Board of Probation and Parole, the inmate is first reviewed by the Unit Management team along with the inmate's counselor. If the staff does not recommend parole, the inmate is generally advised of that fact and why.

    I have no personal knowledge regarding the reasons why plaintiff was denied a favorable parole recommendation. As Secretary to the Department of Corrections, I am not involved in these decisions.

2.    Can a prisoner be denied a favorable parole recommendation for being in the hole in administrative custody?

**RESPONSE:**

There is no set standard or written list of criteria that the Unit Management Team must follow in determining whether an inmate is recommended for parole. The circumstances surrounding an inmate's placement into the Restricted Housing Unit could certainly be relevant as to whether that inmate is given a parole recommendation.

3.    State exactly what the criteria are for a prisoner to obtain a favorable parole recommendation.

**RESPONSE:**

There is no set standard or written list of criteria and the decision would vary from one inmate to another. The consideration would include but not be limited to the sentence imposed by the Court, the inmate's compliance with his or her prescriptive program plan and with Department Policies, rules and regulations as well as his or her institutional behavior.

4.    Why was plaintiff given prescriptive program plans that he could not achieve or had

already achieved?

**RESPONSE:**

I have no personal knowledge of plaintiff's prescriptive program. As Secretary to the
Department of Corrections, I am not involved in designing a prisoner's prescriptive
program. These programs are designed by the Treatment staff at the institution
where a prisoner is incarcerated and not the Secretary.

5.    Why is or was beneficial data omitted from plaintiff's prison files?

**RESPONSE:**

I have no knowledge that beneficial data was omitted from plaintiff's prison files.

6.    State exactly what your prisoner rehabilitation success rate has been for the past ten

years.

**RESPONSE:**

**OBJECTION.** Defendant Horn objects to this interrogatory as overbroad,
burdensome, and irrelevant to plaintiff's claim; further it is unlikely to lead to the
discovery of admissible evidence.

By way of further answer, this information is not routinely compiled and is not
generally available.

7.      For each misconduct report that plaintiff received for assault, identify each one where

the alleged victim(s) was injured, hospitalized or pressed criminal charges.

**RESPONSE:**

I have no personal knowledge of plaintiff's misconducts.   As Secretary to the
Department of Corrections, I do not routinely review individual inmate misconducts.

By way of further answer, this information was already provided and is already
known by the plaintiff.

8.      Define exactly what good prison adjustment is.

9.      Define exactly what poor prison adjustment is.

**RESPONSE:**

No uniform definition exists within the Department of Corrections that defines good
prison adjustment or bad prison adjustment.   A number of subjective factors are
included in what constitutes good or bad prison adjustment; this includes misconduct
status, participation in vocational and educational programs, a prisoner's adherence
to a prescriptive program and other factors determined by the Treatment staff at the
institution where the inmate is incarcerated.

10.    What is the recidivism rate for prisoners released in the past ten years who secured

favorable parole recommendations.

**RESPONSE:**

OBJECTION.    Defendant Horn objects to this interrogatory as overbroad, burdensome, and irrelevant to plaintiff's complaint; it is unlikely to lead to the discovery of admissible evidence.

By way of further answer, this information is not routinely compiled and would not be available in any event.

11.    State exactly what the rehabilitation goals of the DOC and its agents are for plaintiff.

**RESPONSE:**

I have no knowledge of what the exact rehabilitation goals are for the plaintiff.  As Secretary to the Department of Corrections, I do not personally participate in setting individual prisoner's rehabilitation goals.  It is, however, the goal of the Department of Corrections to have inmates involved in a program of self improvement which includes prescriptive programs such as education, vocational training, and other treatment related therapy.

12.    Identify any and all defendants whose true identities are unknown, as indicated in the

complaint, by providing their true identities.

**RESPONSE:**

After a review of plaintiff's complaint, I have no idea as to the identities of the unknown defendants.

13.    Identify any and all documents which either directly or indirectly substantiate the

answer to the complaint including the relevant defenses raised.

**RESPONSE:**

The following documents were used by counsel in the Answer to the Complaint:

| | |
|---|---|
| ~~DOC-ADM-801, 803, and 804~~ | ~~Grievance Library - West Fed. Digest~~ |
| Plaintiff's Prescriptive Program | Grievances - Order of Prescriptive Eyeglass |
| Misconduct Report No. 122000 | Grievance - Inmate Accounting West |
| Grievance No. MAH-0449-98 | Grievance - Guitar Bag |
| Grievance No. MAH-0457-98 | Grievance - Mailroom Money Order |
| Misconduct Report No. 110205 | Grievance - Money Order ($200) |
| Grievance No. MAH-002-99 | Grievance - Medical Charges |
| Grievance No. MAH-0011-99 | Grievance - Property Inventory Sheet |
| Grievance No. ROC-1015-98 | Grievance - Retaliation |
| Grievance No. MAH-0462-98 | Grievance - Serious asthma attacks; |
| Grievance No. MAH-0480-98 | medication |
| Grievance No. MAH-0347-99 | Inmate Request - Account statement for six |
| Grievance No. MAH-0035-99 | months for Federal Courts |
| Grievance - Harassed by guards | Grievance - Legal Material |
| Grievance - Chronic Health | Grievance - Books |
| Grievance - Medical Staff | Grievance - Cable Fees |
| Grievance - Magazines | Grievance - Librarian holding money |
| Grievance - Medical Care | Grievance - Law library inadequate |
| Grievance - Medical Staff | Plaintiff's Notice of Board Decisions |
| Grievance - Radio Purchase | (Green Sheets) 11/3/95; 10/3/97; 11/18/97; |
| | 2/1/99; and 7/7/00 |

14.    Identify all persons to be called as witnesses at trial in this action indicating with

respect to each such person the specific substance of his/her testimony and whether he/she will be

called as an expert witness.

**RESPONSE:**

To date, witnesses other than the named defendants have not been identified by
defendants' counsel.

15.    What are the DOC's obligations/responsibilities to the P.B.P.P.?

**RESPONSE:**

The Department of Corrections' responsibilities to the Pennsylvania Board of Probation and Parole are to provide a recommendation concerning an inmate's parole and facilitate the availability of inmates for the Parole Board's interviews.

16.    Why does plaintiff's sentencing order state that his consecutive sentence was to begin at the minimum expiration of all his other sentences.

**RESPONSE:**

I have no personal knowledge what plaintiff's sentencing orders state, as I have never looked at or reviewed his sentence orders. In addition, I would have absolutely no idea of what may have been in the sentencing judge's mind at the time that her or she issued the sentencing order.

17.    Explain how after 1998 plaintiff could be serving a 12½ to 25 year sentence when he served the entirety of all his concurrent sentences (five 15 year sentences and a 2 year sentence) at that juncture.

**RESPONSE:**

**OBJECTION.** Defendant objects to this request as vague. In addition, defendant Horn has no personal knowledge of the sentence or sentences which the Court imposed upon plaintiff.

-7-

18.    State exactly what the penalogical and/or rehabilitative justifications are for denying

plaintiff medical care for being beyond his minimum sentence.

**RESPONSE:**

I have no personal knowledge of the medical care plaintiff has received or that the plaintiff has been denied medical care. I am not aware that being beyond his minimum sentence has ever been a penalogical or rehabilitative basis for denying medical care.

19.    State exactly when plaintiff became eligible for prerelease programs.

**RESPONSE:**

*See* DC-ADM 805 which sets forth the Department's general policy on Pre-release.

20.    Explain    exactly    what    the    policies/practices/procedures/regulations    are    for

disciplinary proceedings (including appeals thereof and review of same).

**RESPONSE:**

*See* DC-ADM 801.

**D. MICHAEL FISHER**
**Attorney General**

BY: _____

**MARYANNE M. LEWIS**
**Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

Office of Attorney General
Litigation Section
15th Fl., Strawberry Square
Harrisburg, PA 17120
(717) 787-9719

DATED:      December 21, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,                    :
                                   :
        Plaintiff                  :
                                   :
        v.                         :         No. 1:00-CV-00577
                                   :         (Judge Kane)
W. CONWAY BUSHEY, <u>et</u> <u>al</u>.,       :
                                   :
        Defendants                 :

## VERIFICATION

I, **MARTIN F. HORN,** declare under penalty of perjury that the foregoing

Responses to Interrogatories Directed to Defendant Horn are true and correct to the best of my

knowledge.


_12/20/00_____                    _/s/ Martin F. Horn_____
**DATE**                                    **MARTIN F. HORN, Secretary**
                                            **Department of Corrections**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,                          :
                                         :
          Plaintiff                      :
                                         :
     v.                                  :         No. 1:00-CV-00577
                                         :         (Judge Kane)
W. CONWAY BUSHEY, <u>et al.</u>,         :
                                         :
          Defendants                     :

### CERTIFICATE OF SERVICE

I, **Maryanne M. Lewis**, Deputy Attorney General, hereby certify that on this date

I caused to be served the foregoing **Responses to Interrogatories Directed to Defendant Horn**,

by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA.,

addressed to the following:

**Charles Iseley, #AM-9320
SCI-Coal Township
1 Kelley Drive
Coal Township, PA 17866**

                              _____
                              MARYANNE M. LEWIS
                              Deputy Attorney General

DATE: December 21, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
    Plaintiff,
      V.
W. CONWAY BUSHEY, et al,
    Defendants

    Civil Action No.
    1:00-CV-00577

## CERTIFICATE OF SERVICE

    I hereby certify that I caused to be served the foregoing Motion to Compel Discovery and brief in support of same by mailing a copy of same to:

Maryanne Lewis; d.a.g.
Office of Atty. Gen.
15th Floor, Strawberry Sq.
Harrisburg, PA 17120

Date: ~~December 29, 2000~~ January 4, 2001

Charles Iseley
Charles Iseley