IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY, :
:
    Plaintiff :
:
v. : No. 1:00-CV-00577
: (Judge Kane)
W. CONWAY BUSHEY, et al., :
:
    Defendants :

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL BRIEF FOR
<u>MOTION TO COMPEL DISCOVERY</u>**

This is a <u>pro se</u> prisoner civil rights action filed pursuant to 42 U.S.C. §1983 alleging claims under the First, Eighth and Fourteenth Amendments to the United States Constitution. The allegations in the complaint stem from alleged unlawful misconducts, grievances and conditions of confinement that affected plaintiff while he was incarcerated at various state correctional institutions.

Plaintiff, Charles Iseley, is a prisoner currently incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township"). Defendants are numerous employees or former employees of the Pennsylvania Department of Corrections ("DOC"), or employees of the Pennsylvania Board of Probation and Parole ("Board").

On June 28, 2000, Iseley served defendants with a request for production of documents. Defendants responded to the request on July 31, 2000 and provided Iseley the opportunity to inspect relevant, non-privileged documents. Iseley filed a motion to compel discovery on August 13, 2000, and defendants filed a brief in opposition to that motion on August 31, 2000.

Iseley served the defendants with a second request for production of documents and interrogatories directed to defendants Horn and Bushey on November 23, 2000. On December 18,

2000, defendants returned the interrogatories directed to defendant Bushey to Iseley. Counsel for defendants explained that Bushey in his current position as the Board's Director of Grants and Standards, or in his position as Board Secretary did not have personal knowledge regarding the requests. Counsel further informed Iseley that some of the interrogatories were irrelevant to the claims in his complaint and were unlikely to lead to admissible evidence. Counsel suggested to Iseley that he review the interrogatories and resubmit them to appropriate party.

Defendants responded to the request for production of documents and the interrogatories directed to defendant Horn on December 21, 2000. Defendants once again provided Iseley the opportunity to review documents, but objected to producing documents that contained irrelevant, privileged or confidential information of the DOC and Board. In addition, while defendant Horn objected to four of the nineteen interrogatories, he provided responses to all the interrogatories, notwithstanding their objections.

On January 4, 2001, Iseley filed a motion to compel discovery concerning the second set of discovery and a supporting brief. Defendants filed a memorandum of law in opposition to Iseley's motion to compel on January 22, 2001. Pursuant to this Court's order, Iseley filed a supplemental brief to his motion to compel. This response is filed to Iseley's supplemental brief.

For brevity reasons defendants will not rebrief their arguments in opposition to Iseley's motion to compel; rather, they incorporate their briefs filed on August 31, 2000 and January 22, 2001, as a response to Iseley's supplemental brief. Defendants respectfully direct the court to those briefs and the arguments contained therein.

Moreover, defendants bring to this Court's attention that Iseley has been provided the opportunity to inspect documents in response to previous discovery. He has been provided an

opportunity under DOC-ADM 003 to review portions of his medical and prison files. Iseley has also been provided the opportunity to inspect documents that include job specifications which contain information regarding the duties and responsibilities of the defendants. He has been provided the opportunity to review the parole information found on his "green" sheets, as well as other relevant, non-privileged DOC and Board policies. To date, Iseley has not reviewed the documents that may provide the information he seeks.

Iseley has received responses outlining why certain information and documents were withheld. A review of the legal and factual basis for the objections discussed in defendants previous briefs should cause this Court to conclude that Iseley's motion has no merit. For these reasons, Iseley's motion to compel should be denied.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

By: _____
**MARYANNE M. LEWIS**
**Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**Office of Attorney General**
**15th Flr., Strawberry Sq.**
**Harrisburg, PA  17120**
**FAX:  (717) 772-4526**
**Direct Dial:  (717) 787-9719**
**DATE:  February 20, 2001**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY, :
:
    Plaintiff :
:
v. : No. 1:00-CV-00577
: (Judge Kane)
W. CONWAY BUSHEY, et al., :
:
    Defendants :

## CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Charles Iseley, #AM-9320
SCI-Coal Township
1 Kelley Dr.
Coal Township, PA 17866

                                                  _____
                                                  MARYANNE M. LEWIS
                                                  DEPUTY ATTORNEY GENERAL

**DATE: February 20, 2001**