*seal*

(82)
3-16-01
SC

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,                     :
                                    :
        Plaintiff                   :
                                    :
    v.                              :    CIVIL NO. 1:CV-00-0577
                                    :
W. CONWAY BUSHEY, et al.,           :    (Judge Kane)
                                    :
        Defendants                  :

**FILED
HARRISBURG, PA

MAR 1 5 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK**

<u>ORDER</u>

**Background**

   Charles Iseley, an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.), initiated this <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983. His complaint, originally filed in the United States District Court for the Eastern District of Pennsylvania, was transferred to this court by order dated February 23, 2000.

   Plaintiff names forty-seven (47) state correctional officials, including employees at his prior place of confinement, the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCI-Mahanoy) as Defendants. He contends that the Defendants have subjected him to retaliation because of his race, Islamic religious beliefs and activities as a jailhouse lawyer. Iseley sets forth a laundry list of purported retaliatory acts, which include the

following: denial of permission to attend various prescriptive programs needed to obtain favorable parole recommendation; being subjected to a falsified psychological evaluation and baseless misconduct charges; loss of institutional employment; suspension of commissary, recreation, showering and shaving privileges; verbal abuse and threats; confiscation of personal property, including private legal materials; denial of a pork-free diet; and unfounded disciplinary transfers. His complaint seeks compensatory and punitive damages, as well as injunctive relief.

Presently pending is Iseley's "motion for adequate access to court." (Doc. 7.) Plaintiff's motion requests that Defendants Martin Horn, Robert Bitner, Dotter, Birusak, and Peck provide him with access to the personal property, including legal materials, that were purportedly taken in retaliation for the initiation of this action. In response to the motion, Defendants assert that on March 14, 2000, the Plaintiff was transferred from SCI-Mahanoy to SCI-Coal Twp. Approximately ten (10) boxes of Plaintiff's personal property remained at SCI-Mahanoy because of Iseley's inability to pay the required shipping costs. However, Defendants note that on June 8, 2000, the personal property was mailed to Plaintiff at his present place of incarceration. He received his personal property items on June 12, 2000. Furthermore, Defendants contend that Iseley has failed to demonstrate that he suffered any actual injury

as a result of the alleged denial of access to the courts.

In a reply brief, Plaintiff acknowledges his receipt of some personal property, however, he contends that not all of his property was forwarded. Iseley generally maintains that two boxes of personal property items and legal materials[1] are still missing.

A review of Plaintiff's motion and briefs reveals that he has failed to specifically identify the personal materials at issue. Moreover, this failure also evidences Iseley's noncompliance with his obligation of supporting his allegation that some of his personal property items remain undelivered. Consequently, this court will accept the Defendants' documented representation that all of Iseley's personal property has been shipped to him at SCI-Coal Twp. Plaintiff's unsubstantiated motion for adequate access to the courts will be denied.

It is also noted that Iseley's sole purported injury, that the purported deprivation of his personal legal materials resulted in dismissal of a prior civil action,[2] is equally uncompelling. By order dated September 18, 2000, the civil action cited herein by the Plaintiff was reopened. Consequently, pursuant to the standards announced in <u>Lewis v. Casey</u>, 518 U.S. 343, 351-53 (1996),

---

[1] A review of Plaintiff's motion, and supporting and reply briefs reveals that he has failed to specifically identify what personal legal materials remain missing.

[2] <u>Iseley v. Dragovitch, et al.</u>, Civ. No. 1:CV-00-426.

3

Iseley has also failed to satisfy his burden of establishing any actual injury.

The Plaintiff has also filed a related motion requesting the imposition of "judgment/sanctions against Defendants." (Doc. 16.) In a supporting brief, Iseley states that an order directing that judgment/sanctions should be entered against the Defendants for their "deliberate and retaliatory deprivation of his property." (Doc. 17, page 3.)

Federal Rule of Civil Procedure 11(b) provides:

> (b) Representation to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
>
>    (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
>    (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
>    (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a

4

>    reasonable opportunity for further
>    investigation or discovery; and
>
>    (4) the denials of factual
>    contentions are warranted on the
>    evidence or, if specifically so
>    identified, are reasonably based on a
>    lack of information or belief.

Rule 11 prohibits a party from filing documents for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Unlike sanctions imposed under 28 U.S.C. § 1927, issuance of sanctions under Rule 11 does not require a finding of bad faith. Anjelino v. New York Times Co., 200 F.3d 73, 100-01 (3d Cir. 1999). If after notice, a reasonable opportunity to respond and prior to the entry of a final order, the court determines that a party has violated Rule 11, an appropriate sanction may be imposed. Prosser v. Prosser, 186 F.3d 403, 405 (3d Cir. 1999).

"Sanctions ideally operate as instructional tools to deter parties and attorneys whose conduct has not met the requisite professional standards from continuing on their wayward course of conduct." Id. at 406. A sanction imposed for violation of Rule 11 will be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated and may consist of directives of a nonmonetary nature, an order to pay a penalty into the court, or an order directing payment to the movant of some or all of the reasonable attorney's fees and other expenses

incurred as a direct result of the violation.

Iseley has failed to substantiate his deprivation of personal property claim. Furthermore, Plaintiff has failed to satisfy his burden of demonstrating that Defendants engaged in any type of conduct that would warrant the imposition of Rule 11 sanctions. The Plaintiff's motion for sanctions will be denied. An appropriate order will enter.

AND NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for adequate access to the courts (Doc. 7) is denied.
2. The Plaintiff's motion for judgment/sanctions (Doc. 16) is denied.

_____
YVETTE KANE
United States District Judge

Dated: March 15, 2001

YK:jvw

6

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

March 15, 2001

Re: 1:00-cv-00577   Iseley v. Bushey

True and correct copies of the attached were mailed by the clerk to the following:

Charles Iseley
SCI-Coal
AM-9320
1 Kelley Dr.
Coal Township, PA  17866

Maryanne M. Lewis, Esq.
Office of the Attorney General
15th Floor, Strawberry Square
Harrisburg, PA  17120

Maryanne Mueller Lewis, Esq.
Pennsylvania Office of Attorney General
15th Floor
Strawberry Square    *remove /*
Harrisburg, PA

```
cc:
Judge                            ( )            ( ) Pro Se Law Clerk
Magistrate Judge                 ( )            ( ) INS
U.S. Marshal                     ( )            ( ) Jury Clerk
Probation                        ( )
U.S. Attorney                    ( )
Atty. for Deft.                  ( )
Defendant                        ( )
Warden                           ( )
Bureau of Prisons                ( )
Ct Reporter                      ( )
Ctroom Deputy                    ( )
Orig-Security                    ( )
Federal Public Defender          ( )
Summons Issued                   ( ) with N/C attached to complt. and served by:
                                     U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5              ( )
Order to Show Cause              ( ) with Petition attached & mailed certified mail
                                     to:  US Atty Gen  ( )    PA Atty Gen ( )
                                          DA of County ( )    Respondents ( )
```

Bankruptcy Court                ( )
Other_____    ( )

                                                    MARY E. D'ANDREA, Clerk

DATE: _____3/15/01_____       BY: __/s/_BTB_____
                                                    Deputy Clerk