FILED
HARRISBURG, PA

APR - 3 2001

MARY E. D'ANDREA, CLERK
Per _____
       Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY, :
:
    Plaintiff :
:
v. : CIVIL NO. 1:CV-00-0577
:
W. CONWAY BUSHEY, et al. : (Judge Kane)
:
    Defendants :

## ORDER

### Background

    This civil rights complaint, brought pursuant to 42 U.S.C. § 1983, was initiated by Charles Iseley, an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania. His complaint contends that various officials at his prior place of confinement, the State Correctional Institution, Frackville, Pennsylvania, retaliated against him because of his race, Islamic religious beliefs, and activities as a jailhouse lawyer.

    Iseley previously filed a "motion to cease retaliation against plaintiff." (Doc. 18). His motion and supporting brief generally asserted that the Defendants had retaliated against him by submitting false documents to this court. Specifically, Plaintiff contended that the answer filed by Defendants falsely indicated that they were unable to ascertain the identities of

two John Doe Defendants named in the complaint.[1] Iseley, however, did not specify what relief he was seeking.

Thereafter, on November 21, 2000, Iseley filed a second motion to cease retaliation. (Doc. 48). His supporting brief alleges that the Defendants "still refuse to identify the John Doe Defendants and continue to include "false information and statements in their pleadings." (Doc. 49). Plaintiff's current motion to cease retaliation incorporates all of the claims raised in his earlier motion. His present motion also indicates that he is seeking preliminary injunctive relief in the form of an "order directing the defendants to allow plaintiff to have all his remaining legal material [so] that it does not disappear." Id.

Preliminary injunctive relief is extraordinary in nature, and is discretionary with the trial judge. Orson, Inc. v. Miramax Film Corp., 836 F. Supp. 309, 311 (E.D. Pa. 1993) (citing Skehan v. Board of Trustees of Bloomsburg State College, 353 F. Supp. 542, 542 (M.D. Pa. 1973)). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: (1) the likelihood that the applicant will prevail on the merits;

---

[1] Plaintiff's supporting brief identifies one of the John Doe Defendants as "Withers."

2

(2) the extent to which the movant is being irreparably harmed by the conduct complained of; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest. S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 374 (3d Cir. 1992) (citing Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197-98 (3d Cir. 1990)). It is the moving party that bears the burden of demonstrating these factors. See Dorfman v. Moorhous, No. Civ. A. 93-6120, 1993 WL 483166, at *1 (E.D. Pa., Nov. 24, 1993).

This Court first turns to the important issue of whether the applicant will suffer irreparable harm in the absence of a preliminary injunction. The Third Circuit Court of Appeals has defined irreparable injury as "potential harm which cannot be redressed by a legal or equitable remedy following a trial." Instant Air Freight, 882 F.2d at 801. A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." Id. "The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

3

Clearly, speculative injury does not constitute a showing of irreparable harm. <u>Continental</u>, 614 F.2d at 359; <u>see also</u> <u>Public Serv. Co. v. West Newbury</u>, 835 F.2d 380, 383 (1st Cir. 1987). Nor does it appear that the temporary loss of income, ultimately to be recovered, is enough to constitute irreparable harm. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." <u>Instant Air Freight</u>, 882 F.2d at 801 (quoting <u>Sampson v. Murray</u>, 415 U.S. 61, 90 (1964)).

A claim by a prisoner of retaliation by government officials against the prisoner for exercising his First Amendment right to register a complaint regarding prison policies is sufficient to set forth a § 1983 claim. <u>Newsom v. Norris</u>, 888 F.2d 371, 376-77 (6th Cir. 1989); <u>see also</u> <u>Adams v. James</u>, 784 F.2d 1077, 1082 (11th Cir. 1986). It is also established, however, that mere conclusory allegations of retaliation may safely be dismissed. <u>Flaherty v. Coughlin</u>, 713 F.2d 10, 13 (2d Cir. 1983).[2]

In order to establish a case of retaliation, a prisoner plaintiff "must prove that the conduct which led to the alleged

---

[2] The <u>Flaherty</u> court added that only complaints which allege "facts giving rise to a colorable suspicion of retaliation" may proceed. <u>Id.</u>

4

retaliation was constitutionally protected." Rauser v. Horn, No. 99-4013, 2001 U.S. App. LEXIS 2812 at *6 (3d. Cir. Feb. 26, 2001). Next, the prisoner "must show that he suffered some 'adverse action' at the hands of the prison officials." Id. at *7. Finally, if a prisoner has established these first two elements, he must show a causal link between the two. Id. Incorporating a burden-shifting framework, the Third Circuit held that "once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at *9.

Iseley's present motions do nothing more than assert claims of retaliation in wholly conclusory terms. He does nothing to show that his exercise of constitutionally protected rights was any factor, much less a substantial or motivating factor, for the alleged retaliatory acts. Based on this alone, Plaintiff's motions must fail.

However, Plaintiff also fails to satisfy the other elements required in order for this Court to grant relief. The sole requested preliminary relief, a court order granting Plaintiff access to his personal legal material, is totally

5

unrelated to his bald allegations that Defendants have made false, retaliatory filings with this court. Furthermore, this court has previously addressed motions by Iseley seeking the same preliminary injunctive relief sought herein. In addition, the Plaintiff has also failed to satisfy his burden of demonstrating a reasonable likelihood of success on the merits and that he will suffer irreparable harm if not granted immediate relief. The motions to cease retaliation will be denied.

AND NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

Plaintiff's motions to cease retaliation (Docs. 18 and 48) are denied.

_____
YVETTE KANE
United States District Judge

Dated: ~~March~~ April 3, 2001

YK:jvw

6

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

April 3, 2001

Re:  1:00-cv-00577   Iseley v. Bushey

True and correct copies of the attached were mailed by the clerk to the following:

Charles Iseley
SCI-Coal
AM-9320
1 Kelley Dr.
Coal Township, PA  17866

Maryanne M. Lewis, Esq.
Office of the Attorney General
15th Floor, Strawberry Square
Harrisburg, PA  17120

```
cc:
Judge                          (✓)            (✓) Pro Se Law Clerk
Magistrate Judge               ( )            ( ) INS
U.S. Marshal                   ( )            ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( )   with N/C attached to complt. and served by:
                                     U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( )   with Petition attached & mailed certified mail
                                     to:  US Atty Gen    ( )    PA Atty Gen ( )
                                          DA of County   ( )    Respondents ( )
Bankruptcy Court               ( )
Other_____ ( )
```

MARY E. D'ANDREA, Clerk

4-3-01

