UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,                   :
                                  :
        Plaintiff                 :
                                  :
    v.                            :   CIVIL NO. 1:CV-00-0577
                                  :
W. CONWAY BUSHEY, ET AL.,         :   (Judge Kane)
                                  :
        Defendants                :

**ORDER**

**Background**

    Charles Iseley, an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the Defendants, forty-seven (47) state correctional officials, including employees at his prior place of confinement, the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCI-Mahanoy), have subjected him to retaliation because of his race, Islamic religious beliefs and activities as a jailhouse lawyer.

    His complaint lists various purported retaliatory acts, including: denial of permission to attend various prescriptive

programs needed to obtain favorable parole recommendation; being subjected to a falsified psychological evaluation and baseless misconduct charges; loss of institutional employment; suspension of commissary, recreation, showering and shaving privileges; verbal abuse and threats; confiscation of personal property, including private legal materials; denial of a pork free diet; and unfounded disciplinary transfers. Iseley seeks compensatory and punitive damages, as well as injunctive relief.

Presently pending is Plaintiff's motion to compel discovery. He requests that Defendants be directed to provide fuller answers to his request for production of documents. (Doc. 30.) The motion has been briefed and is now ripe for consideration.

**DISCUSSION**

It is undisputed that Iseley served Defendants with a request for production of documents on June 28, 2000. This discovery request sought production of:

1. The job descriptions for each of the defendants.

2. Any and all policies, directives, memorandums, rules, manuals, or instructions concerning the procedures for prisoners who wish to obtain access/copies of their prison/medical/parole/dental records.

2

3.  Plaintiff's complete prison records.

4.  Iseley's entire institutional medical file.

5.  The plaintiff's complete parole file.

6.  A copy of his instant civil rights complaint.

On July 31, 2000, Defendants responded to Iseley's discovery request in part, by providing him opportunity to inspect: (1) copies of the specifications for the defendants' job classifications, which would include their basic duties and responsibilities; (2) copies of Department of Corrections Administrative Directive 003 (DC-ADM 003) and Title 37 of the Pennsylvania Code § 61.2 which are identified as the only existing documents under the criteria set forth in Request #2; (3) portions of his prison and medical files not deemed privileged under the guidelines established by DC-ADM 003; (4) Notices of the Board decisions (brief statements of the reasons given by the Parole Board in denying Iseley parole); and (5) a copy of his instant civil rights complaint.

In a brief supporting his motion to compel, Plaintiff asserts that he should be provided with copies of the Defendants' job descriptions, and his entire prison, parole and medical files. His brief adds that the Defendants' objections

3

to producing the above documents on the grounds of privilege and/or institutional security are baseless because he "received job descriptions via discovery in another lawsuit;" "has acquired copies of his prison files on several occasions," "currently has in his possession the parole psychological evaluation reports" and has "secured several copies of his medical records on several occasions including psychological mental health data."  (Doc. 31, pages 1-2.)

Federal Rule of Civil Procedure 26 provides in relevant part as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
>
> . . .
>
> The frequency or extent of use of the discovery methods . . . shall be limited by the court if it determines that:  (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the

4

> party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(1), (2).

It is well-settled that Rule 26 establishes a liberal discovery policy. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 507-08 (1947); Great West Life Assurance Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994). As a general rule, therefore, discovery is permitted of any items that are relevant or may lead to the discovery of relevant information. Hicks v. Big Bros./Big Sisters of Am., 168 F.R.D. 528, 529 (E.D. Pa. 1996); Transcontinental Fertilizer Co. v. Samsung Co., 108 F.R.D. 650, 652 (E.D. Pa. 1985).

Relevancy is not limited to the precise issues set out in the pleadings. Caruso v. Coleman Co., 157 F.R.D. 344, 347 (E.D. Pa. 1994). Instead, discovery requests "may be deemed relevant if there is any possibility that the information [requested] may be relevant to the general subject matter of the action." Id. Moreover, discovery need not be confined to items of admissible

5

evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. Callahan v. A.E.V., Inc., 947 F. Supp. 175, 177 (W.D. Pa. 1996); Momah v. Albert Einstein Medical Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996); Miles v. Boeing Co., 154 F.R.D. 117 (E.D. Pa. 1994).

Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes," it is not without its limits. Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A., 144 F.R.D. 258, 265 (E.D. Pa. 1992) (citations omitted). The court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information. S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc., No. 90-1731, 1991 WL 21655, at *2 (E.D. Pa. Feb. 15, 1991); M. Berenson Co. v. Faneuil Hall Marketplace, Inc., 103 F.R.D. 635, 637 (D. Mass. 1984); see generally 8 Charles Alan Wright, et al., Federal Practice and Procedure §§ 2007-2013 (2d ed. 1990).

However, the burden is on the objecting parties to demonstrate in specific terms why a discovery request is improper. Hicks, 168 F.R.D. at 529; Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982); Miller v. Doctor's Gen. Hosp.,

6

76 F.R.D. 136 (W.D. Okla. 1977). The party objecting to discovery must show that the requested materials do not fall "within the broad scope of relevance . . . or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure . . . ." Burke v. New York City Police Dep't, 115 F.R.D. 220, 224 (S.D.N.Y. 1987). Federal policy favors broad discovery in civil rights actions, which "should be resolved by a determination of the truth rather than a determination that the truth shall remain hidden." Inmates of Unit 14 v. Rebideau, 102 F.R.D. 122, 128 (N.D.N.Y. 1984).

In this case, Defendants assert that the requested documents are privileged government documents under United States v. O'Neill, 619 F.2d 222 (3d Cir. 1980). Under O'Neill, this Court "itself must determine whether the circumstances are appropriate for a claim of privilege." Id. at 226. Claims of government document privilege may be sustained when (1) the head of the agency in question has reviewed the material, (2) there exists "a specific designation and description of the documents claimed to be privileged," and (3) there are "precise and certain reasons" for preserving confidentiality. Id. (citation and internal quotation marks omitted). A failure to allege the

7

privilege with such specificity by an "indiscriminate claim of privilege" can be reason enough to deny it. Id. at 227.

Iseley's first request is for the Defendants' job descriptions. Defendants object, stating that the security of the institution could be compromised, that some of them have vague and uncertain job descriptions, and that some have no job description at all. Defendants further state that they have provided Iseley with the opportunity to review and copy the job specifications for the employment classifications of all named defendants. This Court finds Defendants' stated objections to meet the standard set forth in O'Neill, and will therefore deny Plaintiff's motion to compel production of any more detailed job descriptions than has been provided.

Iseley has also requested the opportunity to review his complete prison, medical, and parole records. Defendants object, asserting that complete production would pose a threat to the security of the institution. Defendants explain that if an inmate were to discover the methods of his prison evaluation, he could formulate a response to manipulate the results. Thus, prison objectives would be undermined. Further, Defendants cite their justified concern that, should this Court compel disclosure of employee communications regarding Plaintiff,

8

prison employees would be more hesitant to offer full and honest evaluations. This Court is convinced by the Defendants' briefs and the affidavits of Martin Horn and William Ward that their stated reasons for withholding the documents not produced are valid, and that they meet the O'Neill standard. Therefore, the Court will deny Plaintiff's motion to compel with respect to the prison, medical and parole records.

As the Defendants have produced to Plaintiff copies of the policies concerning procedures for obtaining records and the original complaint in this matter, the Court finds Plaintiff's request to compel production of these documents moot.

**ORDER**

AND NOW, therefore, IT IS HEREBY ORDERED THAT Plaintiff's motion to compel discovery (Doc. 30) is DENIED.

YVETTE KANE
United States District Judge

Dated: April 30 2001.

YK:jvw

9

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

May 1, 2001

Re: 1:00-cv-00577    Iseley v. Bushey

True and correct copies of the attached were mailed by the clerk to the following:

Charles Iseley
SCI-Huntingdon
AM-9320
1100 Pike St.
Huntingdon, PA  16654

Maryanne M. Lewis, Esq.
Office of the Attorney General
15th Floor, Strawberry Square
Harrisburg, PA  17120

cc:
Judge                         (✓)            (✓) Pro Se Law Clerk
Magistrate Judge              ( )            ( ) INS
U.S. Marshal                  ( )            ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 ( )
Federal Public Defender       ( )
Summons Issued                ( ) with N/C attached to complt. and served by:
                                  U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5           ( )
Order to Show Cause           ( ) with Petition attached & mailed certified mail
                                  to: US Atty Gen ( )   PA Atty Gen ( )
                                      DA of County ( )   Respondents ( )
Bankruptcy Court              ( )
Other_____ ( )

MARY E. D'ANDREA, Clerk