(97)
9/24/01
~y

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,                          :
                                         :
          Plaintiff                      :
                                         :
     v.                                  :     CIVIL NO. 1:CV-00-0577
                                         :
W. CONWAY BUSHEY, ET AL.,                :     (Judge Kane)
                                         :
          Defendants                     :

**FILED**
**HARRISBURG, PA**

SEP 2 1 2001

MARY E. D'ANDREA, CLERK
Per _____
          Deputy Clerk

                           ORDER

**Background**

     Charles Iseley, an inmate presently confined at the State

Correctional Institution, Coal Township, Pennsylvania (SCI-Coal

Twp.), initiated this <u>pro se</u> civil rights action pursuant to 42

U.S.C. § 1983.  Plaintiff alleges that the Defendants, forty-seven

(47) state correctional officials, including employees at his prior

place of confinement, the Mahanoy State Correctional Institution,

Frackville, Pennsylvania (SCI-Mahanoy), have subjected him to

retaliation because of his race, Islamic religious beliefs and

activities as a jailhouse lawyer.

     His complaint lists various purported retaliatory acts,

including:  denial of permission to attend various prescriptive

programs needed to obtain favorable parole recommendation; being

subjected to a falsified psychological evaluation and baseless

misconduct charges; loss of institutional employment; suspension of commissary, recreation, showering and shaving privileges; verbal abuse and threats; confiscation of personal property, including private legal materials; denial of a pork free diet; and unfounded disciplinary transfers.   Iseley seeks compensatory and punitive damages, as well as injunctive relief.

Presently pending before the court is plaintiff's motion to compel discovery.  He requests that the defendants be directed to adequately respond to plaintiff's second request for production of documents, respond to the interrogatories directed at defendant Bushey and to provide fuller answers to the interrogatories directed at defendant Horn.  (Doc. No. 65).  The motion has been briefed and is now ripe for consideration.

**DISCUSSION**

It is undisputed that Iseley served defendants with a request for production of documents and interrogatories directed at defendants Horn and Bushey on November 23, 2000.  On December 18, 2000, defendants returned the interrogatories directed to defendant Bushey to Iseley, explaining that defendant Bushey, in his current position as the Board's Director of Grants and Standards, or in his past position as Board Secretary, did not have personal knowledge regarding the requests.  Counsel further informed Iseley that some

2

of the interrogatories were irrelevant to the claims in his complaint and were unlikely to led to admissible evidence. (Doc. No. 72, Exhibit A).

On December 21, 2000, defendants responded to Iseley's request for production of documents and the interrogatories directed to defendant Horn. Defendants objected to the following document requests as either overbroad, irrelevant and unlikely to lead to admissible evidence, or that they were requests for documents that contained privileged or confidential information of the DOC and Board concerning parole related criteria:

1. Any and all documents concerning statistics regarding prisoners who received "other" reports.

2-5. Any and all documentation concerning statistical information regarding prisoners who have received misconduct report, parolees, parole violators, prisoners and pre-release.

9. Any and all documents concerning any agreements, contracts with any medical service provider/vendor for the DOC.

6, 10, 11. Any and all documents concerning the DOC and Board's parole review criteria.

In a brief supporting his motion to compel, Plaintiff asserts that he should be provided with copies of the documents requested as "all of the requested discovery is relevant and no valid reason exists for the denial". (Doc. 65).

**Discussion**

3

Federal Rule of Civil Procedure 26 provides in relevant part as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

> . . .

> The frequency or extent of use of the discovery methods . . . shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(1), (2).

It is well-settled that Rule 26 establishes a liberal

4

discovery policy. <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978); <u>Hickman v. Taylor</u>, 329 U.S. 495, 507-08 (1947); <u>Great West Life Assurance Co. v. Levithan</u>, 152 F.R.D. 494, 497 (E.D. Pa. 1994). As a general rule, therefore, discovery is permitted of any items that are relevant or may lead to the discovery of relevant information. <u>Hicks v. Big Bros./Big Sisters of Am.</u>, 168 F.R.D. 528, 529 (E.D. Pa. 1996); <u>Transcontinental Fertilizer Co. v. Samsung Co.</u>, 108 F.R.D. 650, 652 (E.D. Pa. 1985).

Relevancy is not limited to the precise issues set out in the pleadings. <u>Caruso v. Coleman Co.</u>, 157 F.R.D. 344, 347 (E.D. Pa. 1994). Instead, discovery requests "may be deemed relevant if there is any possibility that the information [requested] may be relevant to the general subject matter of the action." <u>Id.</u> Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. <u>Callahan v. A.E.V., Inc.</u>, 947 F. Supp. 175, 177 (W.D. Pa. 1996); <u>Momah v. Albert Einstein Medical Ctr.</u>, 164 F.R.D. 412, 417 (E.D. Pa. 1996); <u>Miles v. Boeing Co.</u>, 154 F.R.D. 117 (E.D. Pa. 1994).

Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." <u>Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.</u>,

144 F.R.D. 258, 265 (E.D. Pa. 1992) (citations omitted). The court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information. <u>S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc.</u>, No. 90-1731, 1991 WL 21655, at *2 (E.D. Pa. Feb. 15, 1991); <u>M. Berenson Co. v. Faneuil Hall Marketplace, Inc.</u>, 103 F.R.D. 635, 637 (D. Mass. 1984); <u>see generally</u> 8 Charles Alan Wright, et al., <u>Federal Practice and Procedure</u> §§ 2007-2013 (2d ed. 1990).

However, the burden is on the objecting parties to demonstrate in specific terms why a discovery request is improper. <u>Hicks</u>, 168 F.R.D. at 529; <u>Goodman v. Wagner</u>, 553 F. Supp. 255, 258 (E.D. Pa. 1982); <u>Miller v. Doctor's Gen. Hosp.</u>, 76 F.R.D. 136 (W.D. Okla. 1977). The party objecting to discovery must show that the requested materials do not fall "within the broad scope of relevance . . . or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure . . . ." <u>Burke v. New York City Police Dep't</u>, 115 F.R.D. 220, 224 (S.D.N.Y. 1987). Federal policy favors broad discovery in civil rights actions, which "should be resolved by a determination of the truth rather than a determination that the truth shall remain hidden." <u>Inmates</u>

6

of Unit 14 v. Rebideau, 102 F.R.D. 122, 128 (N.D.N.Y. 1984).

In the instant case, Iseley's requests for production of documents, numbers one through five, as stated, are clearly overbroad, irrelevant and not likely to lead to discovery of relevant matter. The Court agrees with defendants that request number one is vague in that Iseley does not identify what "other" reports encompasses[1]. Moreover, with respect to requests one through five, Iseley does not state any time frame for this data, nor does he specify what statistical date he is seeking concerning "other" reports, parolees, parole violators or pre-release programs. Furthermore, in his brief, Iseley makes no attempt to explain the relevance this information, assuming it exists, would have in relation to his complaint. Consequently, based on the standards set forth herein, his motion to compel discovery will be denied with respect to these requests.

With respect to request for production of documents, number nine, the Court also finds that plaintiff's request for "any and all documents concerning any agreements, contracts with any medical care service provider/vendor for the DOC", is overbroad

---

1.    Fed.R.Civ.P. 34(b) states that a request for documents "shall set forth either by individual item or by category, the items to be inspected, and described with reasonable particularity."

7

and not relevant to plaintiff's claim that he was wrongfully charged for medical visits while at SCI-Mahanoy and that the ABC Corp. follows a pattern of discrimination. Certainly not all DOC medical care provider/vendor contracts are relevant to an alleged overcharge at SCI-Mahanoy. Once again, plaintiff fails to describe the time frame of these contracts and the relevance these contracts may have to the allegations in his complaint. Thus, his request will be denied.

With respect to the remaining requests concerning the DOC and Board's parole review criteria, the defendants assert that these requested documents are privileged documents under United States v. O'Neill, 619 F.2d 222 (3d Cir. 1980). Under O'Neill, the Court "itself must determine whether the circumstances are appropriate for a claim of privilege." Id. at 226. Claims of government document privilege may be sustained when (1) the head of the agency in question has reviewed the material, (2) there exists "a specific designation and description of the documents claimed to be privileged," and (3) there are "precise and certain reasons" for preserving confidentiality. Id. (citation and internal quotation marks omitted). A failure to allege the privilege with such specificity by an "indiscriminate claim of privilege" can be reason enough to deny it. Id. at 227.

8

With respect to plaintiff's request for production of documents concerning parole review criteria, defendants object to producing documents of a confidential nature because, if released, the DOC's and Board's ability to rehabilitate prisoners could be compromised[2]. Defendants further state that they have informed Iseley that information specific to an individual inmate's parole criteria is found on his/her green sheet and that general parole information is found in the Inmate Handbook. Defendants made available copies of Iseley's green sheets for his inspection. Thus, the Court finds defendants' stated objections to meet the standard set forth in O'Neill, and will therefore deny plaintiff's motion to compel the production of documents concerning the DOC and Board's parole review criteria.

With respect to the interrogatories served on defendant Horn, plaintiff asserts in his brief that the responses provided by Horn

---

2.    As stated in the declaration of defendant, Martin Horn, Secretary of the Pennsylvania Department of Corrections, "if an inmate knows how he is likely to be evaluated by staff and how his responses are likely to be interpreted, he is capable of formulating his response to manipulate the results." (Doc. No. 33, Exhibit D, Horn declaration). Horn concluded that disclosure of the documents would "undermine the secure and orderly operation of SCI-Coal Township, compromise the staff's ability to carry out penological goals, could ultimately threaten the security of the institution, and have a deleterious effect on the rehabilitation of Mr. Iseley himself." Id.

were inadequate.  A review of Horn's interrogatories show that he did in fact respond to each interrogatory.  To the extent defendant Horn stated objections to some of the interrogatories, he nonetheless provided a response.  Thus, because Iseley may not like Horn's response, it is not acceptable to categorize it as inadequate.  Plaintiff fails to set forth in his brief the reasons he believes the answers are insufficient.  Moreover, as defendants have provided Iseley with an opportunity to inspect certain documents he requested pursuant to his request for documents and interrogatories to Horn, his motion to compel more specific answers to the interrogatories served on defendant Horn will be denied.

Finally, Iseley seeks responses to the interrogatories directed to defendant Bushey.  To the extent that defendants returned plaintiff's interrogatories, stating that defendant Bushey, neither in his current position, or in his past position as Secretary to the Board, has personal knowledge regarding the requests contained in the interrogatories, and suggested that Iseley review the interrogatories and resubmit them to the appropriate party, and plaintiff has not made a good faith effort to resolve the issue[3] before filing the instant motion to compel,

---

3.  In their response to plaintiff's motion to compel, the defendants state that they remain willing to answer relevant discovery requests directed to the proper individuals.  However, plaintiff has yet to accept defendants' offer.  (Doc. No. 72).

his motion will be denied.

AND NOW, THEREFORE, THIS 21st DAY OF SEPTEMBER 2001, IT IS HEREBY ORDERED THAT plaintiff's motion to compel discovery (Doc. No. 65) is denied.

_____
YVETTE KANE
United States District Judge

YK:dlb

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

September 21, 2001

Re:  1:00-cv-00577   Iseley v. Bushey

True and correct copies of the attached were mailed by the clerk
to the following:

        Charles Iseley
        SCI-Huntingdon
        AM-9320
        1100 Pike St.
        Huntingdon, PA  16654

        Maryanne M. Lewis, Esq.
        Office of the Attorney General
        15th Floor, Strawberry Square
        Harrisburg, PA  17120

cc:
Judge                      ( ✓ )          ( ✓ ) Pro Se Law Clerk
Magistrate Judge           ( )            ( ) INS
U.S. Marshal               ( )            ( ) Jury Clerk
Probation                  ( )
U.S. Attorney              ( )
Atty. for Deft.            ( )
Defendant                  ( )
Warden                     ( )
Bureau of Prisons          ( )
Ct Reporter                ( )
Ctroom Deputy              ( )
Orig-Security              ( )
Federal Public Defender    ( )
Summons Issued             ( ) with N/C attached to complt. and served by:
                               U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5        ( )
Order to Show Cause        ( ) with Petition attached & mailed certified mail
                               to: US Atty Gen   ( )  PA Atty Gen ( )
                                   DA of County  ( )  Respondents ( )
Bankruptcy Court           ( )
Other_____   ( )

                                        MARY E. D'ANDREA, Clerk

9-21-01