UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,                    :
                                    :
        Plaintiff                   :
                                    :
   v.                               :   CIVIL NO. 1:CV-00-0577
                                    :
W. CONWAY BUSHEY, ET AL.,           :   (Judge Kane)
                                    :
        Defendants                  :

FILED
HARRISBURG

MAR 2 9 2002

MARY E. D'ANDREA, CLERK
Per_____
     DEPUTY CLERK

<u>ORDER</u>

**Background**

    Charles Iseley, an inmate presently confined at the State Correctional Institution, Huntingdon, Pennsylvania (SCI-Huntingdon), initiated this <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the Defendants, forty-seven (47) state correctional officials, including employees at his prior place of confinement, the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCI-Mahanoy), have subjected him to retaliation because of his race, Islamic religious beliefs and activities as a jailhouse lawyer.

    His complaint lists various purported retaliatory acts, including: denial of permission to attend various prescriptive programs needed to obtain favorable parole recommendation; being subjected to a falsified psychological evaluation and baseless misconduct charges; loss of institutional employment; suspension

of commissary, recreation, showering and shaving privileges; verbal abuse and threats; confiscation of personal property, including private legal materials; denial of a pork free diet; and unfounded disciplinary transfers. Iseley seeks compensatory and punitive damages, as well as injunctive relief.

The parties engaged in discovery. On June 1, 2001 Defendants filed a motion for summary judgment and a statement of material facts. Defendants subsequently filed an amended statement of material facts and a brief and exhibits in support of the motion for summary judgment.(Doc. Nos. 92,93,99). Defendants assert that they are entitled to judgment as a matter of law because Isley's transfer and custody complaints are time barred, and because Iseley cannot establish a claim of retaliation or violations of the First, Fourth, Eighth and Fourteenth Amendments. Iseley filed a motion for an enlargement of time in which to file a brief in response to the Defendants' motion for summary judgment(Doc. No. 98) which was granted by Order dated October 30, 2001. Iseley was directed to file his brief in opposition within twenty (20) days of the date of the Order. Iseley did not file a brief in opposition; instead Iseley filed a motion to deny or delay Defendants' pending motion for summary judgment(Doc. No. 102). By Order dated December 4, 2001 Iseley's motion to deny or delay was denied and Iseley was directed to file his brief in opposition to the Defendants' motion for

summary judgment within twenty (20) days of the date of the Order. The Order specifically forewarned Iseley that failure to timely comply would result in dismissal of his action for failure to prosecute or comply with Court Order. The relevant time period has passed and Iseley has failed to respond to the pending motion for summary judgment. As a result Iseley's complaint will be dismissed with prejudice.  An appropriate Order follows.

**AND NOW, THIS 28th Day of March, 2002, it is ORDERED THAT:**

1. Plaintiff's action is dismissed with prejudice for failure to prosecute or comply with a Court Order pursuant to Federal Rule of Civil Procedure 41(b). See Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962).

2. Defendants motion for summary judgment is dismissed as moot.

3. The Clerk of Court is directed to close the case.

4. Any appeal taken from this Order will be deemed frivolous, lacking in probable cause, and not taken in good faith.

YVETTE KANE
United States District Judge

YK:mmg

3