OFFICE OF THE CLERK

## UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

Marcia M. Waldron
Clerk

21400 United States Courthouse
601 Market Street
Philadelphia PA 19106-1790

Telephone
267-299-4922

www.ca3.uscourts.gov

March 25, 2003

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA  17108

RE: Docket No. 02-2089
    Iseley  vs. Bushey
    D. C. CIV. No. 00-cv-00577

**FILED**
**HARRISBURG**

APR 0 2 2003

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

Dear Mrs. D'Andrea:

Enclosed is a certified copy of the judgment in the above-entitled case(s), together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

Kindly acknowledge receipt for same on the enclosed copy of this letter.

Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

Very truly yours,
MARCIA M. WALDRON
Clerk

By: Lynn M. Lopez
Case Manager

Enclosure

cc:
      Mr. Charles Iseley
      Maryanne M. Lewis, Esq.

**UNREPORTED - NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2089

CHARLES ISELEY,
Appellant

v.

W. CONWAY BUSHEY; JANE DOE; MIKE MOE; ROBERT MEYERS;
TERRY WHITMAN; GREGORY GAERTNER; SAM MAZZOTTA; SARA CRAIG;
CHARLES MITCHELL; TRESSLER; WAKEFIELD; MARTIN HORN;
ROBERT BITNER; CAROL DOTTER; MARTIN DRAGOVICH; K. BREON;
J. KEVIN KANE; NOVOTNEY; K. DENNISON; THOMAS CHESNEY;
MARVA CERULLO; RICHARD SPAIDE; ROBERT YARNELL;
SALLY GENNARINI; JAMES UNELL; JAMES CORBACIO; HORNUNG;
BRENDA WILDENSTEIN; YOURON; EICHENBERG; FRYZEL; GAVIN;
MAHALLY; FRED FOE; BIROSAK; HARRY HOE; PEEK; MACKRETH;
DROPINSKY; ABC CORP.; AAA CORP.; JASON GROW

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-CV-00577)
District Judge: Honorable Yvette Kane

Submitted Under Third Circuit LAR 34.1(a)
FEBRUARY 18, 2003
Before: NYGAARD, GREENBERG AND COWEN, <u>CIRCUIT JUDGES</u>

(Filed March 3, 2003)

OPINION

PER CURIAM

Appellant, Charles Iseley, a prisoner, appeals from an order of the District Court for the Middle District of Pennsylvania dismissing with prejudice his civil rights action, pursuant to Federal Rule of Civil Procedure 41(b).

In 1999, Iseley filed a complaint pursuant to 42 U.S.C. § 1983 in the District Court for the Eastern District of Pennsylvania, alleging that forty-seven prison officials, including employees at SCI-Mahoney, subjected him to retaliation because of his race, his Islamic religious beliefs, and his work as a jailhouse lawyer, in violation of First, Fourth, Eighth, and Fourteenth Amendments. Specifically, he claimed that (1) he was denied permission to attend various prescriptive programs that were needed to obtain a favorable parole recommendation; (2) certain defendants falsified his psychological evaluation and charged him with false and baseless misconducts; (3) he lost institutional employment; (4) his commissary, recreation, shower and shaving privileges were suspended; (5) certain defendants subjected him to verbal abuse and threats; (6) certain defendants wrongly confiscated his personal property, including private legal materials; (7) he was denied a pork-free diet; and (8) the defendants engaged in retaliatory transfers. He sought damages and injunctive relief.

The action was transferred to the Middle District of Pennsylvania in March, 2000. The defendants answered on May 30, 2000. Both sides engaged in discovery which closed on May 1, 2001. In March, 2001, Iseley was transferred to SCI-Huntingdon

2

without his legal materials (eight boxes worth). Iseley's legal papers were returned sometime after May 11, 2001. In mid-May, Iseley filed a motion for an extension of time to conduct discovery and to amend his complaint, both of which were denied by the District Court on September 21, 2001. In mid-June, 2001, the defendants filed a motion for summary judgment. Except for the District Court's denial of Iseley's discovery and amendment motions in September, 2001, no other pleadings or documents were filed by either party until October 4, 2001. On October 4, Iseley requested an extension of time to file a reply to the defendants' summary judgment motion, claiming that he had no access to his personal legal materials or to the law library, and that he was deathly ill. On October 31, 2001, the District Court granted a twenty (20) day extension for Iseley to respond to the defendants' summary judgment motion. The November 19, 2001 deadline came and went.

On December 3, 2001, Iseley filed a "motion to deny or delay the defendants' motion for summary judgment," attaching a "declaration," claiming that he was unable to file a response to the summary judgment motion because his transfer to the Special Assessment Unit (SAU) on October 30, 2001, severely restricted his access to his personal legal materials and to the law library. By his own admission, however, Iseley was back in his regular unit at SCI-Huntingdon at the time he filed the motion. On December 4, 2001, the District Court granted another twenty (20) day extension to file a brief in opposition to summary judgment but warned Iseley that it would "consider

3

dismissing this case for failure to prosecute and comply with a court order under the authority of Rule 41(b) if plaintiff fails to oppose the motion [for summary judgment] or otherwise communicate with the court within twenty (20) days of the date of this order." The December 26, 2001 deadline passed without Iseley filing a brief in opposition to the summary judgment motion or requesting another extension. Three months later, on March 29, 2002, having received no communication from Iseley, the District Court dismissed the action with prejudice pursuant to Rule 41(b). Iseley timely appealed.

The District Court had jurisdiction over this matter by virtue of 28 U.S.C. §§ 1331. We have jurisdiction to review the District Court's final order pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a District Court's dismissal of an action for failure to prosecute and to comply with its orders. Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). We will affirm.

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), we directed district courts to balance six factors in determining whether a dismissal with prejudice is an appropriate sanction for noncompliance with court orders. Those six factors include: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. Not

4

every factor must weigh in favor of dismissal so long as most do.  See, e.g., Curtis T.

Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988).  The

District Court did not make the requisite Poulis findings on the record.  However, even if

it had done so, the result would be unchanged.

Iseley was responsible for failing to file a response to the defendants' summary

judgment motion pursuant to the December 4, 2001 Order.  Although we find no

prejudice to the defendants arising from Iseley's failure to file a brief in opposition to the

summary judgment motion, we do find that Iseley's conduct was dilatory and willful in

the sense that it was intentional.  On appeal, Iseley claims that he had no access to his

legal material or to the law library concerning this case, and two other federal lawsuits he

filed, Iseley v. Zwierzyna, Civ. No. 00-cv-2186 (M.D. Pa.) and Iseley v. Beard, Civ. No.

02-cv-0180 (M.D. Pa.).  However, during the time period from December 4, 2001

through March 29, 2002, Iseley filed three pleadings accompanied by at least one

supporting brief and exhibits in Iseley v. Zwierzyna, et al.  During that same time period,

he also filed a response to the defendant's motion to dismiss with supporting brief, and

motion for temporary restraining order with supporting brief in Iseley v. Beard.  We can

infer from Iseley's litigation activity in these cases that he had access to his legal papers

and to the law library during the relevant time period.  Iseley's failure to file an

opposition brief in compliance with the District Court's December 4, 2001 order

evidences a clear expression of his intent to cease prosecuting this § 1983 action.  In light

5

of these circumstances, dismissal was an appropriate sanction. For all of these reasons,
we cannot find that the District Court abused its discretion.

Finally, Iseley claims on appeal that after December 4, 2001, he filed another
motion for enlargement of time which he claims the District Court never addressed. We
find no such entry on the District Court docket.

Accordingly, we shall affirm the District Court's judgment.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2089

CHARLES ISELEY,
Appellant

v.

W. CONWAY BUSHEY; JANE DOE; MIKE MOE; ROBERT MEYERS;
TERRY WHITMAN; GREGORY GAERTNER; SAM MAZZOTTA; SARA CRAIG;
CHARLES MITCHELL; TRESSLER; WAKEFIELD; MARTIN HORN;
ROBERT BITNER; CAROL DOTTER; MARTIN DRAGOVICH; K. BREON;
J. KEVIN KANE; NOVOTNEY; K. DENNISON; THOMAS CHESNEY;
MARVA CERULLO; RICHARD SPAIDE; ROBERT YARNELL;
SALLY GENNARINI; JAMES UNELL; JAMES CORBACIO; HORNUNG;
BRENDA WILDENSTEIN; YOURON; EICHENBERG; FRYZEL; GAVIN;
MAHALLY; FRED FOE; BIROSAK; HARRY HOE; PEEK; MACKRETH;
DROPINSKY; ABC CORP.; AAA CORP.; JASON GROW

---

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-CV-00503)
District Judge: Honorable Yvette Kane

---

Submitted Under Third Circuit LAR 34.1(a)
FEBRUARY 18, 2003
Before: NYGAARD, GREENBERG AND COWEN, <u>CIRCUIT JUDGES</u>

JUDGMENT

---

This cause came on to be heard on the record from the United States District Court

for the Middle District of Pennsylvania and was submitted pursuant to Third Circuit LAR

34.1(a). On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the order of the District Court

entered March 29, 2002, be and the same is AFFIRMED. Costs taxed against the

Appellant. All of the above in accordance with the opinion of this Court.

ATTEST:

*Marcia M. Waldron*

Clerk

DATED: March 3, 2003

**Cost taxed in favor of Party as follows:**

**Appellees W. Conway Bushey et al:**

**Appellee's Brief..............$46.80**

**Total................................$46.80**

**Certified as a true copy and issued in lieu**

**of a formal mandate on 3/25/03**

**Teste:** *Marcia M Waldron*

**Clerk, U.S. Court of Appeals for the Third Circuit.**

## OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS

Marcia M. Waldron
Clerk

**FOR THE THIRD CIRCUIT**
**21400 United States Courthouse**
**601 Market Street**
**Philadelphia PA 19106-1790**

Telephone
267-299-4922

**www.ca3.uscourts.gov**

March 25, 2003

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA  17108

**RE: Docket No. 02-2089**
**Iseley  vs. Bushey**
**D. C. CIV. No. 00-cv-00577**

Dear Mrs. D'Andrea:

Enclosed is a certified copy of the judgment in the above-entitled case(s), together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

Kindly acknowledge receipt for same on the enclosed copy of this letter.

Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

Very truly yours,
MARCIA M. WALDRON
Clerk

By:   Lynn M. Lopez
Case Manager

Enclosure

cc:
Mr. Charles Iseley
Maryanne M. Lewis, Esq.